

Kaufman Dolowich & Voluck, LLP
245 Main Street, Suite 330
White Plains, New York 10601
Telephone: 914.672.6566
www.kdvlaw.com

**Alina Nadir**
Email: alina.nadir@kdvlaw.com

August 11, 2023

**The request is GRANTED.  In light of Plaintiff's Second Amended Complaint ("SAC"), discovery is temporarily stayed until Defendants file their response to that pleading.  The parties shall file a joint letter no later than seven (7) days after Defendants respond to the SAC indicating their positions with regard to the stay of discovery.**

<u>VIA ECF</u>
Honorable Jennifer L. Rochon
United States District Court Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Samuel R. Mitchell, Jr. v. Planned Parenthood of Greater New York, et. al*
Case No.: 1:23-cv-01932(JLR)

**Dated:  August 21, 2023
New York, New York**

SO ORDERED
*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

Dear Judge Rochon:

The law firm of Kaufman Dolowich Voluck represents Defendants in the above-referenced matter.  Please accept this letter as Defendants' motion for a stay of discovery until the Motion to Dismiss is decided.

After the parties' July 11, 2023, conference, your Honor issued a thirty-day stay on discovery.  The Court also instructed the parties to discuss whether they agreed on a further stay after the thirty days expired and if so, to advise the court on August 11, 2023.  In the alternative, if the parties did not agree and Defendants wished to extend the stay on discovery, Defendants should submit a letter motion to the Court in support of such a stay.

Defendants have consulted with Plaintiff, and Plaintiff has indicated that he does not agree to a further stay on discovery.  Defendants therefore submit this letter motion in support of their request for a stay on discovery until the Motion to Dismiss is decided.

"District courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss."  *In re Currency Conversion Fee Antitrust Litigation*, No. M21-95 (WHP), 2002 WL 88278, at *1 (S.D.N.Y. Jan 22, 2002); Fed.R.Civ.P. 26(c).  While a pending motion to dismiss alone does not automatically constitute good cause for a stay on discovery, a pending dispositive motion that is meritorious or that does not appear to be without foundation in law can be considered good cause.  *Id.* (internal quotations omitted).  Other factors a court can consider is the "breadth of discovery and the burden of responding to it," and the "risk of unfair prejudice to

the party opposing the stay." *Heredia v. Americare, Inc.*, Civ. No. 17-cv-6219 (WHP), 2018 WL 11579756, at *1 (S.D.N.Y. May 1, 2018) (internal citations omitted).

When considering whether a pending motion to dismiss has made a "strong showing that the plaintiff's claim is unmeritorious," *id.*, a court need not consider whether the motion will be ultimately successful but rather whether the defendants have "substantial arguments for dismissal of many, if not all, of the claims asserted. *Id.* at *2 (internal citations omitted). Here, Defendants have put forth substantive arguments as to each of Plaintiff's causes of action and as to the insufficiency of the allegations. *See, id.* The arguments contained in the Motion to Dismiss are supported by case law.

Should Defendants' Motion to Dismiss be successful in its entirety, Plaintiff's entire case, as it currently stands, would be dismissed. Where a motion to dismiss could dispose of the entire case, this Court has found that a stay of discovery is warranted. *Press v. Primavera*, Civ. No. 21-cv-10971 (JLR), 2022 WL 17736916, at *2 (Dec. 16, 2022).

Considering the extensive scope of the anticipated discovery and the associated burden tied to responding to such expansive discovery requests, it is prudent to advocate for a stay of the discovery process. To date, Plaintiff has asserted five causes of action, citing three statutes, and has named six Defendants. An inquiry into each of the alleged causes of action and assessing the potential liability of each defendant necessitates delving into discrete sets of facts. The potential dismissal of some of Plaintiff's claims could significantly narrow the scope of discovery and minimize the number of depositions needed. If discovery proceeds while the motion is pending, the parties and witnesses may expend valuable time and costs unnecessarily conducting paper discovery and numerous depositions. In addition, as it relates to at least one of Plaintiff's causes of action, Defendants anticipate the possibility of adding a necessary third party if the claim is not dismissed. Without a stay on discovery, Defendants may have to add a third party who may ultimately be unnecessary to the matter.

Moreover, the situation is further complicated by Plaintiff's recent request for leave to file a Second Amended Complaint (*see Doc. No. 27, filed on August 8, 2023*). Should Plaintiff's request to amend the complaint be granted, this lawsuit will involve eleven causes of action alleging the violation of six distinct statutes with varying liability standards. Unlike a matter alleging one cause of action requiring investigation into one set of facts, the instant action is a fact

and witness-intensive lawsuit alleging purported acts of discrimination, harassment, and retaliation based on at least six distinct categories of protected classes.  Given the anticipated breadth of discovery expected and the potential hardship of conducting discovery that could ultimately prove unnecessary, Defendants' advocate that it is in the best interest to grant the motion for a stay on discovery.

Importantly, a temporary pause of discovery will not prejudice or adversely affect Plaintiff in this matter.  Considering that the lawsuit was initiated just a few months ago, Plaintiff has not been subject to waiting an inordinate amount of time for discovery to proceed and has only recently sought to amend his Complaint with the intention of including additional causes of action.

In addition, Defendants are aware of their obligation to preserve documents and other relevant evidence in this matter.  The events at issue occurred quite recently, and all events occurred within the last two years.  The risk that the parties' and witnesses' memories will fade and hinder discovery is low.

The factors to be determined when assessing a request for a stay on discovery weigh in favor of extending the stay until the Motion to Dismiss is decided by this Court, and Defendants respectfully request that their motion for a stay be granted.

Respectfully submitted,

_____
Alina Nadir
John E. Mancebo