UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
SAMUEL RICARLOS MITCHELL, JR.,

                                              1:23-cv-01932(JLR)

                         Plaintiff,

                -against-

PLANNED PARENTHOOD OF GREATER NEW
YORK, INC., WENDY STARK individually, ANDREA
HAGAN individually, GILLIAN DEAN individually,
KEITH CORSO individually, and ANNE DAVIS
individually,

                        Defendants.
-------------------------------------------------------------------X


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS
## THE SECOND AMENDED COMPLAINT


KAUFMAN DOLOWICH LLP
*Attorneys for Defendants*
245 Main Street, Suite 300
White Plains, New York
(914) 470-0001

On the brief:
    John E. Mancebo, Esq.
    Alina Nadir, Esq.

**TABLE OF CONTENTS**

I.    **PRELIMINARY STATEMENT** ............................................................1

II.   **FACTUAL BACKGROUND RELEVANT TO MOTION TO DISMISS** ......................2

       *a) Plaintiff's Allegations of Discrimination*................................3

       *b) Gillian Dean and Anne Davis*................................................4

       *c) Wendy Stark*.........................................................................4

       *d) Andrea Hagan*......................................................................4

       *e) Keith Corso*..........................................................................5

       *f) Plaintiff's Allegations of Retaliation*..................................5

III.  **ARGUMENT**.........................................................................................5

    A. **MOTION TO DISMISS STANDARD** ...................................................5

    B. **EVENTS PRIOR TO JUNE 4, 2022 ARE TIME-BARRED.**. ..................6

    C. **PLAINTIFF HAS FAILED TO STATE A DISCRIMINATION CLAIM AGAINST DEFENDANTS UNDER § 1981, TITLE VII, AND THE NYSHRL.** ...7

       i.     Plaintiff's § 1981 Claim Should be Dismissed as Plaintiff Has Not Alleged Race as the But-For Cause of His Alleged Injury.......................7

       ii.    Plaintiff Has Not Sufficiently Alleged Discrimination in Violation of § 1981, Title VII, or the NYSHRL.................................................. 8

       iii.   Plaintiff Has Not Sufficiently Alleged an Adverse Action...................... 8

       iv.   Plaintiff Has Not Plausibly Alleged Any Adverse Action Motivated by a Discriminatory Reason...............................................................10

    D. **PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DISCRIMINATION OR HOSTILE WORK ENVIRONMENT UNDER THE NYCHRL.**....................11

    E. **PLAINTIFF HAS FAILED TO STATE A HOSTILE WORK ENVIRONMENT CLAIM UNDER THE NYSHRL.**.......................................................13

    F. **PLAINTIFF HAS FAILED TO STATE A RETALIATION CLAIM UNDER §1981, TITLE VII, AND THE NYSHRL.**.................................................14

       *Plaintiff's Alleged Internal Complaints of Discrimination*......................15

       *Plaintiff's March 7, 2023 Filing of the Instant Lawsuit*..........................15

*Plaintiff Forwarded an Email Containing a Complaint from Other Employees.*16

G. **PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RETALIATION UNDER THE NYCHRL**....................................................................16

H. **PLAINTIFF FAILS TO STATE AN ADEA DISCRIMINATION CLAIM**.... ......17

I. **PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ADA**..........................18

    i.  Plaintiff Has Not Sufficiently Plead an ADA Failure to Accommodate Claim....................................................................18

    ii.  Plaintiff Has Not Stated an ADA Discrimination Claim....................................................................19

    iii.  Plaintiff Has Not Stated an ADA Hostile Work Environment Claim....................................................................19

    iv.  Plaintiff Has Not Stated an ADA Retaliation Claim....................................................................20

J. **PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO MAINTAIN HIS CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.**20, 21

    *Keith Corso*.................... ........................................................21

    *Gillian Dean*....................................................................22

    *Anne Davis*....................................................................23

    *Andrea Hagan*....................................................................24

    *Wendy Stark*....................................................................25

IV.    **CONCLUSION** ....................................................................26

.

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page #**

*Adams v. Equinox Holdings, Inc.*, No. 19-CV-8461 (AJN), 2020 WL 5768921, at *2 (S.D.N.Y.
    Sept. 28, 2020) ..................................................................................................... 6

*Ahmad v. N.Y. City Health and Hosp. Corp.*, 2021 WL 1225875, at *11 (S.D.N.Y. Mar. 31,
    2021)..................................................................................................................18

*Alfano v. Costello*, 294 F.3d 365 (2d Cir. 2002)................................................................. 23

*Alvarado v. United Hospice, Inc.*, No. 20-cv-10790(KMK), 2022 WL 4485379, at *14 (S.D.N.Y.
    Sept. 27, 2022) ..................................................................................................... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)............................................................................ 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 5

*Belton v. Borg & Ide Imaging, Inc.*, 512 F.Supp.3d 433 (W.D.N.Y. 2021) ....................................... 14

*Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist.*, 750 F.Appx. 41, 48 (2d Cir. 2018)
    ........................................................................................................................ 14

*Cardwell v. Davis Polk & Wardwell LLP*, No. 19-cv-10256(GHW), 2020 WL 6274826, at *16
    (S.D.N.Y. Oct. 24, 2020) ........... 8, 9, 12*Chamberlain v. Principi*, 247 F. Appx. 251 (2d Cir.2007)
    ................................................................................................. 8, 9, 12, 15

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, --- U.S. ---, 140 S. Ct. 1009(2020)...........7

*Davis-Bell v. Columbia University*, 851 F.Supp.2d 650 (S.D.N.Y. 2012) ........................................ 12

*Deveaux v. Skechers USA, Inc.*, No. 19-cv-9734(DLC), 2020 WL 1812741, at *5 (S.D.N.Y. Apr. 9,
    2020) ................................................................................................................ 11

*Fattoruso v. Hilton Grand Vacations Co., LLC*, 873 F.Supp.2d 569 (S.D.N.Y. 2012) .................... 17

*Feingold v. New York*, 366 F.3d 138 (2d Cir. 2004) ........................................................... 21

*Fellah v. City University of New York*, No. 20-cv-6423(JPC), 2022 WL 4619902, at *8 (S.D.N.Y.
    Sept. 30, 2022) ..................................................................................................... 21

*Fenner v. News Corp.*, No. 09-cv-09832(LGS), 2013 WL 6244156, at *6 (S.D.N.Y. Dec. 2,
    2013)…………………………………………………………………………………………………...16

*Foster v. Consol. Edison Co. of New York, Inc.*, No. 21-cv-3570(DLC), 2021 WL 4461163, at *1
(S.D.N.Y. Sept. 29, 2021) .................................................................................................... 21

*Gatling v. West*, 850 Fed.Appx. 91 (2d Cir. 2021) ............................................................... 8

*Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 177
(2009) ......................................................................................................................................17

*Henderson v. Physician Affiliate Group of New York P.C.*, No. 18-cv-3430(JMF), 2019 WL
3778504, at *4 (S.D.N.Y. Aug. 12, 2019) ........................................................................ 11

*Hollington v. CDM Fed. Programs Corp.*, 22-cv-4940(ER), 2023 WL 2457057, at *8 (S.D.N.Y.
Mar. 10, 2023).......................................................................................................................... 14

*Katz v. Beth Isr. Med. Ctr.*, No. 95-cv-7183(AGS), 2001 WL 11064, at *14 (S.D.N.Y. Jan. 4, 2001)
......................................................................................................................................................... 9

*Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258 (2d Cir. 2000) ........................................ 7

*LeeHim v. New York City Dep't of Educ.*, No. 17-cv-3838(PAE), 2017 WL 5634128, at *4
(S.D.N.Y. Nov. 21, 2017) ...................................................................................................... 9

*Lively v. WAFRA Investment Advisory Group, Inc.*, 6 F.4th. 293, 303 (2d Cir. 2021)......................17

*Lizardo v. Denny's, Inc.*, 270 F.3d 94 (2d Cir. 2001)................................................... 8, 11

*Marseille v. Mount Sinai Hosp.*, 2022 WL 14700981, at *2 (2d Cir. 2022) ...................................... 13

*Milner v. HRA Police Dep't Agency*, Civ. No. 15-cv-6320(VSB), 2018 WL 1583675, at *3
(S.D.N.Y. Mar. 28, 2018)............................................................................................................6

*Ndongo v. Bank of China Ltd.*, No. 22-CV-05896(RA), 2023 WL 2215261, at *5 (S.D.N.Y. Feb. 24,
2023) .............................................................................................................................. 12, 13, 23

*Ninying v. N.Y.City Fire Dept.*, 807 Fed. Appx. 112, 114 (2d Cir. 2020)...........................................17

*Patterson v. County of Oneida, N.Y.*, 375 F.3d 206 (2d Cir. 2004)....................................................... 21

*Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, No. 21-cv-11237(CS), 2023 WL 1109702, at *12
(S.D.N.Y. Jan. 30, 2023)....................................................................................................... 14

*Penberg v. HealthBridge Mgmt.*, 823 F.Supp.2d 166 (E.D.N.Y. 2011)............................................. 15

*Russo v. New York Presbyterian Hosp.*, 972 F.Supp.2d 429 (E.D.N.Y. 2013) ................................. 12

*Sanders v. N. Y. City Human Resources Admin.*, 361 F.3d 749 (2d Cir. 2004) ................................... 8

*Santana v. Mount Vernon City School Dist./Bd. of Educ.*, No. 20-cv-3212(NSR), 2023 WL 2876653, at *13 (S.D.N.Y. Apr. 7, 2023) ........................................................................ 21

*Schiavone v. New York State Office of Rent Administration*, No. 18-cv-130(NSR), 2018 WL 5777029, at *4 (S.D.N.Y. Nov. 2 2018).…...............…...............................................…18,19,20

*Spruill v. NYC Health & Hosp.*, 2007 WL 2456960, at *2 (S.D.N.Y. Aug. 23, 2007)......................6

*Starr v. Sony BMG Music Entertainment*, 592 F.3d 314 (2d Cir. 2010) ............................................. 6

*Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) ................................................................. 14

*Uddin v. City of New York,* 427 F.Supp.2d 414 (S.D.N.Y. 2006) ........................................................ 9

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015..........................…...11,17

*Wanamaker v. Columbian Rope Co.,* 108 F.3d 462 (2d Cir. 1997)...................................................... 9

*Ward v. Cohen Media Publications LLC*, Civ. No. 22-cv-06431(JLR), 2023 WL 5353342, at *14 (S.D.N.Y. Aug. 21, 2023)…………………………………………………. .................…14, 16, 17

*Washington v. City of New York*, No. 05-cv-8884(LAP), 2009 WL 1585947, at *8 (S.D.N.Y. June 5, 2009) ..................................................................................................................................... 15

*White v. Pacifica Foundation*, 973 F.Supp.2d 363 (S.D.N.Y. 2013) ................................................. 24

*Witcher v. New York City Dep't of Educ.*, No. 21-cv-7750(PGG), 2023 WL 2609342, at *7 (S.D.N.Y. Mar. 23, 2023) …………………………………………………… .............…..............19

Rules

FRCP Rule 12(b)(6)…………………………………………………………………...1,5

42 U.S.C. § 1981(a) ................................................................................................................................ 2

42 U.S.C. § 2000(e) ................................................................................................................................2

N.Y.S Human Rights Law, N.Y. Exec. Law, § 290…………………………………………...2

N.Y.C. Human Rights Law, Administrative Code of City of New York 8-107.................................2

N.Y. Exec. Law § 296(1)(h)) ............................................................................................................... 13

42 U.S.C. § 12102(2)…………………………………………………………………….19

42 U.S.C. § 12203(a)…………………………………………………………………………...20

## I.     PRELIMINARY STATEMENT

Defendants, Planned Parenthood of Greater New York, Inc. ("PPGNY"), Andrea Hagan, member of the PPGNY Board of Directors ("Hagan" or "Board Member Defendant"), Wendy Stark, current Chief Executive Officer of PPGNY ("Stark" or "CEO"), Keith Corso, current Chief Development Officer at PPGNY ("Corso" or "CDO"), Gillian Dean, current Chief Medical Officer at PPGNY ("Dean" or "CMO"), and Anne Davis, current Associate Chief Medical Officer at PPGNY ("Davis" or "ACMO"), (collectively referred to as the "Defendants"), respectfully submit this memorandum of law in support of Defendants' Motion to Dismiss the Second Amended Complaint filed by Plaintiff Samuel R. Mitchell, Jr. (the "Plaintiff"), on August 22, 2023 (the "Second Amended Complaint" or "SAC")[1] in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants also attach the Attorney Affirmation of John E. Mancebo, Esq., ("JEM Aff.") with attached exhibits, in support of their motion.

The SAC is filled with broad claims of a purportedly discriminatory and retaliatory workplace but upon closer examination, it is clear that the SAC consists predominantly of insufficient legal conclusions rather than factual allegations.  The SAC lacks clarity in explaining the specific actions the Defendants are alleged to have committed and fails to clearly link these actions to a protected category.

Plaintiff held the position of PPGNY's Chief Operating Officer ("COO") from September 2021 until April 2023.  Stark began as CEO for PPGNY in October 2022, just months prior to Plaintiff filing his initial March 7, 2023 Complaint.  JEM Aff. at ¶¶ 10-11.   Hagan is an unpaid volunteer on the 25-member PPGNY Board of Directors. Hagan is not employed by PPGNY, nor can she take any unilateral actions on PPGNY's behalf.  JEM Aff. at ¶¶ 12-13.  As CMO, Dean was Plaintiff's colleague on the Executive Leadership team and was not his superior.  JEM Aff. at ¶¶ 14-15.  Similarly, as CDO on the Executive Leadership team, Corso was Plaintiff's colleague, not his superior.  JEM Aff. at ¶¶ 16-17.

---

[1] Plaintiff's original Complaint was filed with this Court on March 7, 2023 (Dkt. No. 1).  His Amended Complaint was filed April 11, 2023 (Dkt. No. 14).  His Second Amended Complaint, addressed in this motion, was filed on August 22, 2023 (Dkt. No. 34).

Davis holds the position of ACMO and does not have a seat on the Executive Leadership team. As COO, Plaintiff was senior to Davis at PPGNY. JEM Aff. at ¶¶ 18-19.

Plaintiff alleges the following causes of action:

- Discrimination in violation of 42 U.S.C. §1981 ("§ 1981") against all Defendants;
- Discrimination based upon age, race, gender/sex, sexual orientation, and disability in violation of the New York State Human Rights Law, New York Executive Law, § 290, *et seq.* (the "NYSHRL"), and the New York City Human Rights Law, Administrative Code of the City of New York 8-107, *et seq.* (the "NYCHRL"), against all Defendants;
- Harassment based upon age, race, gender/sex, sexual orientation, and disability in violation of the NYSHRL and the NYCHRL against all Defendants;
- Retaliation in violation of Section 1981, NYSHRL, and NYCHRL against all Defendants; and
- Hostile work environment in violation of the NYSHRL and the NYCHRL against all Defendants. (Plaintiff does not specify the protected category(ies) on which this is based);
- Discrimination based upon race, religion, sex, and color and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq ("Title VII");
- Discrimination, hostile work environment, failure to accommodate, and retaliation under the Americans with Disabilities Act of 1990 ("ADA"); and
- Discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA").

## II.    FACTUAL BACKGROUND RELEVANT TO MOTION TO DISMISS

Plaintiff is a "black, African American male" who is a member of "multiple protected classes." JEM Aff., Exhibit C ("SAC") at ¶¶ 10, 13. In September 2021, PPGNY hired Plaintiff as its interim Chief Operating Officer ("COO") with an office in Manhattan. SAC at ¶ 36. In February 2022, PPGNY hired Plaintiff on a permanent basis as its COO. SAC at ¶ 91. Plaintiff alleges that throughout his employment with PPGNY, he was "subjected to a continuing pattern and practice of discrimination and hostile work environment based upon his age, race, color, disability, religion, and gender." SAC at ¶ 45. He also alleges that he was discriminated against due to his sexual orientation. See SAC at p.27. The Complaint is filled with allegations of discrimination without detail. In one instance, Plaintiff alleges that "he was subjected to a humiliating, defamatory, insulting, disrespectful, harassing, and demoralizing campaign of discrimination." SAC at ¶ 59. While those may be all the right "buzzwords" for a discrimination complaint, the SAC contains a series of legal conclusions rather than factual allegations.

### a) *Plaintiff's Allegations of Discrimination*

Plaintiff alleges that he was forced to undergo "a disproportionate number of background checks" due to his age, race, color, disability, and gender. SAC at ¶ 47. He does not provide further details or the names of individuals that did not have to undergo similar background checks.

Plaintiff alleges that unnamed individuals associated with PPGNY found out he was an ordained pastor and subjected him to "comments" insinuating that "Christians and pastors, like Plaintiff, were not welcome to work for PPGNY." SAC at ¶¶ 52, 53. He claims that "Non-African American, non-disabled, non-Christian ministers" were not treated similarly, but provides no specific examples or comparators. SAC at ¶ 55. He further alleges that PPGNY's former Chief Executive Officer ("CEO") questioned Plaintiff's pastor on his church's stance on abortion. SAC at ¶ 57. Plaintiff does not claim any adverse action as a result of this alleged religious discrimination.

In or around August 2022, the CEO position was vacated, and Rosalba Messina was appointed to act as the interim CEO. SAC at ¶ 109. Plaintiff alleges that he should have been the interim CEO that he was qualified for the position. SAC at ¶¶ 110, 112. Plaintiff does not allege that he applied for the position. He further alleges that Messina received a $13,000.00 bonus for the appointment. SAC at ¶¶ 114, 115. He claims PPGNY's decision regarding the position was due to his age, race, color, disabling condition, religion, and gender. SAC at ¶ 116. He does not describe Messina's position, title, or her qualifications, or lack thereof, for the position. Plaintiff alleges that PPGNY required him to relocate his residence from Florida to New York State, but that other female employees in unnamed roles were not so required. SAC at ¶¶ 117-119. Plaintiff does not allege that he was unaware of such a requirement upon accepting the interim or permanent position as PPGNY's COO.

Plaintiff alleges that he was unable to complete a presentation due to a purported disability, and a PPGNY board member expressed that another employee was a better communicator. SAC ¶¶ 130-132. Plaintiff claims the opinion was based upon his disability, but he never alleges that anyone at PPGNY or its board was aware of a disability or that anyone perceived him as disabled.

### b) *Gillian Dean and Anne Davis*

The allegations related to Dean and Davis are unclear as they fail to specify which individual committed certain acts. The Complaint alleges they "both" began referring to Plaintiff as "angry, offensive, out of control, harsh, and aggressive." SAC at ¶ 79. The Complaint does not contain any context for when or why these comments were allegedly made.

The SAC spends several paragraphs complaining that Davis criticized Plaintiff's choice of red text in an email, SAC at ¶¶ 80-83, but it does not describe how this action is allegedly tied to Plaintiff's membership in any protected category. Plaintiff alleges that Dean called an employee a "loud Black woman," SAC at ¶ 85, but he does not allege that Dean used any racial or derogatory comments in reference to himself. Finally, Plaintiff alleges that Dean and Davis disagreed with Plaintiff's plan to engage a certain individual as a consultant for PPGNY. SAC at ¶ 1051.

### c) *Wendy Stark*

Stark became PPGNY'S CEO in the fall of 2022, with an "inaugural tour" in November 2022. SAC at ¶ 142. The SAC alleges that a PPGNY employee referred to another with a derogatory name, and Stark did nothing. SAC at ¶¶ 13842-43. Plaintiff does not allege that he was mentioned in, or was present for, that exchange. Next, Plaintiff complains that Stark disagreed with him during leadership meetings, and he found it belittling. SAC at ¶¶ 146-48. He alleges Stark allowed an employee to wear a shirt that said, "Women Run Shit." SAC at ¶ 150.

### d) *Andrea Hagan*

Plaintiff alleges that Hagan questioned Plaintiff's "character, experience, capabilities, and skillsets." SAC at ¶ 50. He claims Hagan gave him the "cold shoulder" because he is an African American, disabled, Christian minister. SAC at ¶ 56. Plaintiff alleges Hagan engaged in illegal retaliation by monitoring and micromanaging him. SAC at ¶ 67. He claims she singled him out with disparaging comments and attempted sabotage. SAC at ¶¶ 120, 121. He complains that she questioned his partnership with an organization due to his "strong voice of opposition" against the organization. SAC at ¶ 122.

### e) *Keith Corso*

Plaintiff alleges that Corso made fun of Plaintiff's southern accent. SAC at ¶¶ 71-72. He also alleges that Corso asked Plaintiff if he had never worked with gay men before and stated that gay men are "very dramatic." SAC at ¶ 76.

### f) *Plaintiff's Allegations of Retaliation*

Plaintiff claims that in October 2021, he complained to PPGNY's former CEO and a PPGNY board member about the discrimination and a hostile work environment and that they did nothing in response. SAC at ¶¶ 61, 62. Plaintiff claims that he suffered an adverse employment action when a PPGNY board member disagreed with a hiring decision. SAC at ¶ 136. Generally, Plaintiff alleged that he faced retaliatory conduct in the form of continuing discrimination and/or harassment. SAC at ¶¶ 45, 63, 108, 128. Plaintiff alleges that in late March 2023, he forwarded an email with "a complaint" of two unnamed employees he claims corroborated his complaints. Comp. at ¶ 156. Plaintiff offers no specific information as to what was contained within the email.

The only substantive adverse action Plaintiff alleges in his Complaint is his termination in March 2023. SAC at ¶ 158. Plaintiff states the legitimate, non-discriminatory basis for his termination – questions regarding his employment history. He alleges that during his employment, his "employment history had not been questioned," and that [a]ny allegations regarding Plaintiff's employment history did not occur until after Plaintiff initiated the present lawsuit." SAC at ¶ 160.

## III.    ARGUMENT

## A. MOTION TO DISMISS STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While not every detail of a Plaintiff's allegations must be alleged in the complaint, "a plaintiff must nonetheless assert 'more than

labels and conclusions.'" *Adams v. Equinox Holdings, Inc.*, No. 19-CV-8461(AJN), 2020 WL 5768921, at *2 (S.D.N.Y. Sept. 28, 2020) (quoting *Iqbal*, 556 U.S. at 678).

The factual allegations alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Iqbal*, 556 U.S. at 678. And while a court must accept the factual allegations as true for the purposes of a motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, . . . dismissal is appropriate." *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010) (internal citations omitted).

## B.  EVENTS PRIOR TO JUNE 4, 2022 ARE TIME-BARRED.

A plaintiff seeking to file a lawsuit asserting claims under Title VII, the ADA, and the ADEA must first exhaust his administrative remedies with the EEOC or another authorized agency. *Spruill v. NYC Health & Hosp.*, No. 06-cv-11362(WHP), 2007 WL 2456960, at *2 (S.D.N.Y. Aug. 23, 2007). Such claims must be filed within 300 days of the alleged discrimination, and if a plaintiff "fails to file an EEOC charge within the 300-day limitations period, his claims based on that purportedly discriminatory act are time-barred." *Milner v. HRA Police Dep't Agency*, No. 15-cv-6320(VSB), 2018 WL 1583675, at *3 (S.D.N.Y. Mar. 28, 2018). Plaintiff alleges he filed his claims with the EEOC on or about March 31, 2023. SAC at ¶ 5. Accordingly, only events alleged to have occurred on or after June 4, 2022, are actionable under Title VII, the ADA, and the ADEA.

The SAC is sparse on details in all regards, including when it comes to the dates upon which some of the alleged discriminatory acts occurred. For example, Plaintiff complains about discriminatory background checks, but fails to offer the date upon which such background checks occurred. PPGNY hired Plaintiff in September 2021. SAC at ¶ 51. One can presume background checks occurred upon hire, and therefore allegations of purported discriminatory background checks would be time-barred under Title VII, the ADA, and the ADEA. Similarly, other alleged discriminatory events that do not

adequately describe the date upon which the event occurred, should be disregarded when considering Plaintiff's Title VII, ADA, and ADEA claims.

## C. PLAINTIFF HAS FAILED TO STATE A DISCRIMINATION CLAIM AGAINST DEFENDANTS UNDER § 1981, TITLE VII, AND THE NYSHRL.

Plaintiff fails to plausibly allege discrimination under §1981, Title VII, and the NYSHRL. The SAC alleges discrimination based on every protected category Plaintiff could think of to distract from the reality that he has no viable claims. The allegations are a list of grievances based on Plaintiff's displeasure that his job performance was not apparently universally applauded and that his every decision was not met with unbridled support from PPGNY executives and board members.

i.  **Plaintiff's § 1981 Claim Should be Dismissed as Plaintiff Has Not Alleged Race as the But-For Cause of His Alleged Injury.**

§ 1981 provides that all persons within the United States shall have the "full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). This provision is interpreted as also prohibiting employment discrimination on the basis of race. *Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258, 260-61 (2d Cir. 2000).

The United States Supreme Court recently held that to properly state a § 1981 claim, a plaintiff must plead that "race was a but-for cause of its injury." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, --- U.S. ---, 140 S. Ct. 1009, 1014 (2020) (holding that it is insufficient for a plaintiff to allege at the pleading stage that race was a "motivating factor" in an employment decision to avoid dismissal of a §1981 claim). The Supreme Court made clear that while the evidence a plaintiff "can rely on to show causation may change as a lawsuit progresses from filing to judgment, the burden itself remains constant." *Id.* At 1014-15.

A cursory look at the Complaint conclusively demonstrates that Plaintiff cannot meet his burden in stating a § 1981 claim. Plaintiff does not attempt to allege that race was the but-for cause of his alleged injuries. Instead, to obfuscate his lack of substantive allegations of racial discrimination, he attempts to combine race with any other protected category he can mention. And even if Plaintiff had faced

7

mistreatment, the fact that he is a racial minority does not by itself establish a claim of § 1981 discrimination. *See, for example, Gatling v. West*, 850 Fed.Appx. 91, 97 (2d Cir. 2021) ("Although mistreatment by a defendant is not irrelevant in assessing the strength of a plaintiff's circumstantial evidence of race-based animus, it is certainly not sufficient to establish it.") (quoting *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001).

ii.    **Plaintiff Has Not Sufficiently Alleged Discrimination in Violation of § 1981, Title VII, or the NYSHRL.**

"The pleading standards are generally the same for Title VII, [S]ection 1981, and NYSHRL claims." *Cardwell v. Davis Polk & Wardwell LLP*, No. 19-cv-10256(GHW), 2020 WL 6274826, at *16 (S.D.N.Y. Oct. 24, 2020). To defeat a motion to dismiss his Title VII, § 1981, and NYSHRL discrimination causes of action, Plaintiff must "plausibly allege" that: (1) he was in a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See id.*, at *17.

While Plaintiff can sufficiently allege the first two elements described above[2], integral to Plaintiff's discrimination claims are plausible allegations of an adverse action due to his membership in a protected class. Here, Plaintiff has not met his burden, and his claims should be dismissed.

iii.    **Plaintiff Has Not Sufficiently Alleged an Adverse Action.**

A plaintiff alleging a discrimination claim must plausibly allege an adverse action motivated by a discriminatory motive. Not every unpleasant experience or criticism in a workplace is an adverse action. An adverse employment action is defined as a "materially adverse change" to the terms and conditions of a claimant's terms and conditions of employment. *Sanders v. N. Y. City Human Resources Admin.*, 361 F.3d 749, 755 (2d Cir. 2004). While an adverse employment action can be less serious than a termination or reduction in wages, "not every unpleasant matter short of discharge or demotion creates

---

[2] Defendants do not concede that Plaintiff can establish that he was qualified for the position of PPGNY'S COO, but for the purposes of this motion, Defendants do not argue that Plaintiff has failed to allege that he was qualified for the position.

a cause of action." *Katz v. Beth Isr. Med. Ctr.*, No. 95-cv-7183(AGS), 2001 WL 11064, at *14 (S.D.N.Y. Jan. 4, 2001) (quoting *Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 466 (2d Cir. 1997). "The action must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Cardwell*, 2020 WL 6274826, at *17 (internal citations omitted).

In *Alvarado*, this Court analyzed a plaintiff's discrimination claims under § 1981 and the NYSHRL and made clear that to constitute an adverse action, conduct must be "more than trivial, insubstantial, or petty." *Alvarado v. United Hospice, Inc.*, No. 20-cv-10790(KMK), 2022 WL 4485379, at *14 (S.D.N.Y. Sept. 27, 2022) (internal citations omitted).   The plaintiff in *Alvarado* alleged that she "suffered adverse employment action in the form of micromanagement and being written up for matters that comparable White supervisors were not reprimanded for, being left out of important supervisory matters and denied sufficient staff support, being undermined in her daily responsibilities, and being denied additional compensation for an increased workload." *Id.*, at *14 (internal quotations omitted). This Court found the allegations did not constitute "a materially adverse change in the terms and conditions" of her employment and that "[r]eprimands and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results." *Id.*

In *LeeHim v. New York City Dep't of Educ.*, No. 17-cv-3838(PAE), 2017 WL 5634128, at *4 (S.D.N.Y. Nov. 21, 2017), a NYSHRL claim was dismissed when this Court found no adverse action. The plaintiff in *LeeHim* alleged that she was excluded from meetings, ignored, shushed by a peer, criticized as "not a team player" and "too aggressive," and subjected to a tirade after she challenged supervisor for failing to promote equity and diversity. The Court explained that "criticism of an employee is not an adverse action" and that "[e]ven excessively harsh criticism will not suffice"). *Id.* (internal citations omitted).   Much like the instant Complaint, the *LeeHim* complaint "consists largely of generalized allegations that do no more than state legal conclusions . . . [and s]uch statements are not entitled to an assumption of truth and cannot give rise to an entitlement to relief." *Id.; see also Uddin v.*

*City of New York,* 427 F.Supp.2d 414, 429 (S.D.N.Y. 2006) (reprimands, threats of disciplinary action and excessive scrutiny without other negative result not sufficient).

Plaintiff's Complaint is rife with legal conclusions unsupported by factual allegations. *See id.* He fails to allege a materially adverse employment action as required to survive a motion to dismiss on his Title VII, Section 1981, and NYHRL discrimination claims. He does not claim that he was demoted or that his pay was reduced or any other substantive job action in his discrimination claims. At most, he alleges purported micromanagement, excessive scrutiny, and rudeness which cannot be an adverse action for the purposes of anti-discrimination laws.

He alleges "personal attacks" without any examples or evidence that it was tied to a protected category. SAC at ¶ 50. He alleges "religious discrimination in the form of comments" without any explanation of the comments. SAC at ¶ 53. He was subjected to a "campaign of discrimination" without explaining what that campaign consisted of. SAC at ¶ 59.

PPGNY's decision to place Rosalba Messina in the interim CEO position was also not an adverse action. First, Plaintiff does not allege that he applied for the position, only that he was not chosen. He offers no details as to why Ms. Messina was not qualified, other than she is a "white, Caucasian female peer." SAC at ¶ 109. Tellingly, he does not provide any information related to her position, title, or professional background. He only alleges that he felt he was qualified.

While Plaintiff's Complaint was amended to include allegations about his termination from PPGNY, his discrimination causes of action were asserted prior to the filing of his SAC. Plaintiff cannot rely on his termination to save his previously asserted discrimination claims. At the time of Plaintiff's initial filing, he had suffered no materially adverse employment actions. JEM Aff., Exhibit A.

iv.    **Plaintiff Has Not Plausibly Alleged Any Adverse Action Motivated by a Discriminatory Reason**

Assuming *arguendo,* that Plaintiff could allege a materially adverse action related to his discrimination claims, "[t]he ultimate issue in an employment discrimination case is whether the plaintiff has met her burden of proving that the adverse employment decision was motivated at least in part by an

10

impermissible reason, i.e., a discriminatory reason." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). To do so, "a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* A plaintiff must do "more than cite to [his] mistreatment and ask the court to conclude that it must have been related to [his] race." *Lizardo*, 270 F.3d at 104.

In addition, to allege discrimination based on the proposition that Plaintiff was treated less favorably than those employees who did not share his race, age, disability, gender, religion, etc., he "must compare [him]self to employees who *are similarly situated in all material respects.*" *Henderson v. Physician Affiliate Group of New York P.C.*, No. 18-cv-3430(JMF), 2019 WL 3778504, at *4 (S.D.N.Y. Aug. 12, 2019) (emphasis original). That means Plaintiff must show that "the plaintiff and the comparator were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Id.* (internal citations omitted).

The Complaint is devoid of substantive facts or allegations that convincingly link his race or other protected categories to an adverse employment decision. Despite the Plaintiff's allegations, he has failed to substantiate a materially adverse employment action. Furthermore, he has not furnished sufficient facts to correlate his membership in a protected category with the purported adverse employment action. The Plaintiff simply presents conclusions, suggesting that his workplace disagreements were associated with one or more protected categories. Plaintiff merely references the protected categories he belongs to and implores the court to infer a plausible connection to his color, race, gender, sex, sexual orientation, disability, age, religion, and so forth, or a combination thereof. *See Lizardo*, 270 F.3d at 104.

## D. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DISCRIMINATION OR HOSTILE WORK ENVIRONMENT UNDER THE NYCHRL.

NYCHRL discrimination claims are evaluated using the same framework as NYSHRL claims, but more liberally. *Deveaux v. Skechers USA, Inc.*, No. 19-cv-9734(DLC), 2020 WL 1812741, at *5 (S.D.N.Y. Apr. 9, 2020). A plaintiff need not allege an adverse employment action, but the plaintiff must

show "differential treatment – that []he is treated less well – because of a discriminatory intent." *Id.* The Complaint states separate causes of action for discrimination and hostile work environment under the NYCHRL, but these claims are analyzed using the same factors. *Russo v. New York Presbyterian Hosp.*, 972 F.Supp.2d 429, 450 (E.D.N.Y. 2013). The NYCHRL, like the NYSHRL, "is still not a general civility code, and petty slights and trivial inconveniences are not actionable." *Davis-Bell v. Columbia University*, 851 F.Supp.2d 650, 671 (S.D.N.Y. 2012).

A plaintiff alleging that he was treated less favorably than a similarly situated employee outside of his protected group "must allege that []he was similarly situated in all material respects to the individuals with whom []he seeks to compare [him]self. *Cardwell*, 2020 WL 62748216, at *21 (internal citations omitted). Further, the "alleged comparator must be similar enough to support at least a minimal inference that the difference of treatment may be attributable to discrimination. *Id.* (internal citations omitted). In *Cardwell*, a Black associate attorney argued that race was the motivating factor in his termination and other unequal treatment because White associate attorneys did not face the same treatment. *Id.* at 22. The plaintiff's theory of the case in *Cardwell* "rest[ed] on two allegations: 1) he is Black and 2) he suffered adverse treatment . . . and white associates did not." *Id.* This Court dismissed the NYCHRL claim as the plaintiff did not "plausibly allege[] that there were white associates whose work performance was similar to his who were treated more favorably than he was." *Id; see also Ndongo v. Bank of China Ltd.*, No. 22-CV-05896(RA), 2023 WL 2215261, at *5 (S.D.N.Y. Feb. 24, 2023) (NYCHRL discrimination claim dismissed where "Plaintiff repeatedly alleges that she was subject to mistreatment not experienced by co-workers who were younger, male, and not African-American or black, but she does so in purely conclusory fashion" and fails to plead "any specific factual matter establishing that her co-workers were 'similarly situated' to her 'in all material respects.'").

In line with the precedents set in *Cardwell* and *Ndongo*, Plaintiff's NYCHRL claims of discrimination and hostile work environment are solely predicated on his affiliation with a protected category (i.e color, race, gender, sex, sexual orientation, disability, age, religion, or a combination

thereof) and alleged unequal treatment.  However, the Plaintiff fails to allege "specific facts supporting both the existence of [protected status] animus and the inference of a link between the adverse treatment and the [protected status] animus, *id.*, and his claims should be dismissed.

## E. PLAINTIFF HAS FAILED TO STATE A HOSTILE WORK ENVIRONMENT CLAIM UNDER THE NYSHRL.

To state a claim for a NYSHRL hostile work environment[3], a plaintiff must allege that he was subjected to "inferior terms, conditions or privileges of employment because of [his] membership in one or more of [the] protected categories." *Ndongo*, 2023 WL 2215261, at *8 (citing N.Y. Exec. Law § 296(1)(h)).  Such a claim will fail "if the offending actions are no more than petty slights or trivial inconveniences." *Id.* (internal citations omitted).

.The *Ndongo* matter contains very similar allegations to this instant Complaint.  In *Ndongo*, a Black woman alleged that harassing and offensive terms were used to reference her in the workplace, including "abnormal," "rude," "too assertive," and "incompetent", which she claimed were "cruel and offensive stereotypes about older, black, African American women." *Id.*, at *6. She claimed "abnormal," for instance, was a "clearly racist code word." *Id.*; *see also Marseille v. Mount Sinai Hosp.*, 2022 WL 14700981, at *2 (2d Cir. 2022) (rejecting argument that "aggressive" was alluding to a racial stereotype where the term is facially neutral and the plaintiff did not offer evidence that the term was used in a racially coded manner).  This Court did not find the plaintiff's allegations sufficient to state a claim of hostile work environment under the NYSHRL as most of her "allegations amount solely to petty slights or trivial inconveniences." *Id.*, at *8.

As with *Ndongo*, Plaintiff alleges that ostensibly racial neutral terms were employed to characterize him, yet fails to provide any supplementary evidence linking these terms to any of his

---

[3] Plaintiff's Fifth Cause of Action alleges hostile work environment "in violation of New York State and City Human Rights Laws," while Plaintiff's Third Cause of Action alleges "age, race, gender/sex, sexual orientation, and disability harassment in violation of state and NYC law."  It is not clear that these causes of action differ in any substantive way as each allege illegal harassment based on a protected category in violation of New York State and New York City Human Rights Laws. Defendants will therefore treat these causes of action as substantively identical.

protected categories. A complaint must contain "some circumstantial or other basis for inferring that incidents race-neutral on their fact were in fact discriminatory." *Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist.*, 750 F.Appx. 41, 48 (2d Cir. 2018) (internal citations omitted). The Plaintiff's allegations fall short in this regard, as he does not present any additional evidence of harassing conduct specifically targeted at him due to his affiliation with a protected category (i.e color, race, gender, sex, sexual orientation, disability, age, religion, or a combination thereof).

### F. PLAINTIFF HAS FAILED TO STATE A RETALIATION CLAIM UNDER § 1981, TITLE VII, AND THE NYSHRL.

"To state a claim for retaliation under § 1981, Title VII, and NYSHRL, [plaintiff] must show that (1) he engaged in a protected activity; (2) [defendant] was aware of this activity; (3) [defendant] took adverse employment actions against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Hollington v. CDM Fed. Programs Corp.*, 22-cv-4940(ER), 2023 WL 2457057, at *8 (S.D.N.Y. Mar. 10, 2023) (quoting *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013). § 1981 retaliation claims require a showing of but-for causation. *Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, No. 21-cv-11237(CS), 2023 WL 1109702, at *12 (S.D.N.Y. Jan. 30, 2023). This causation standard has also been applied to Title VII and NYSHRL retaliation claims. *Ward v. Cohen Media Publications LLC*, No. 22-cv-06431(JLR), 2023 WL 5353342, at *14 (S.D.N.Y. Aug. 21, 2023) (discussing retaliation claims brought under federal, state, or city law and stating, "To adequately plead causation, the plaintiff must plausibly allege that the retaliation was a but-for cause of the employer's adverse action.")(internal quotations omitted).

While informal complaints can be considered protected activity for the purposes of retaliation claims, "such complaints must be 'sufficiently specific so that the employer is put on notice that the plaintiff believes []he is being discriminated against on the basis of [a protected characteristic." *Belton v. Borg & Ide Imaging, Inc.*, 512 F.Supp.3d 433, 445 (W.D.N.Y. 2021). "To the extent that an employee complains about perceived unfair treatment . . . but fails to link the treatment to unlawful discrimination

or his protected status, he fails to establish that he was engaged in protected activity." *Penberg v. HealthBridge Mgmt.*, 823 F.Supp.2d 166, 191 (E.D.N.Y. 2011).

### *Plaintiff's Alleged Internal Complaints of Discrimination*

The Plaintiff alleges that he communicated his concerns to PPGNY management, yet fails to provide any details regarding the content of those alleged complaints. Instead, he persists in using broad and conclusory statements without offering any sufficient factual basis to substantiate his claims. Plaintiff provides no basis to believe that his alleged complaints contained sufficiently detailed information that would have alerted PPGNY to the possibility that he was experiencing discrimination based on his protected status, as opposed to a general perception of unfair treatment.

The SAC repeatedly alleges that after Plaintiff made these generalized, non-specific complaints, the behavior continued. *See, e.g.,* SAC at ¶¶ 75, 102, 108. That is insufficient to support a finding of an adverse action in response to protected activity. "[M]ere continuation of an adverse employment condition initiated long before the protected activity in question does not, without more, logically support an inference that the protected activity prompted retaliation." *Washington v. City of New York,* No. 05-cv-8884(LAP), 2009 WL 1585947, at *8 (S.D.N.Y. June 5, 2009) (citing *Chamberlain v. Principi,* 247 F. Appx. 251, 254 (2d Cir.2007)).

### *Plaintiff's March 7, 2023, Filing of the Instant Lawsuit*

Plaintiff includes in his April 11, 2023, Amended Complaint a reference to the March 7, 2023, filing of his original federal Complaint. He alleges retaliation after his federal lawsuit was filed in the form of continued incivility and exclusion from meetings. SAC at ¶ 155. As described above, the mere continuation of these behaviors does not support the finding of an adverse action.

Plaintiff includes that responsibilities were "covertly" transferred to female employees but provides no context from which one could find retaliatory conduct. He alleges meetings were recorded, again providing no details of the circumstances or context from which one could find a hint of retaliatory intent. And lastly, he alleges that Defendants met with his direct reports without his consent. SAC at ¶

155. Plaintiff again offers no details or explanations regarding why, for example, the CEO must seek his consent to meet with a PPGNY employee.

### *Plaintiff Forwarded an Email Containing a Complaint from Other Employees*

Plaintiff alleges that he was terminated hours after he forwarded a complaint from two employees to Stark and other PPGNY employees. He does not provide any information as to the substance of the internal complaint or whether it contained plausible allegations of discrimination. He does not allege he was a witness to the non-specified conduct or even that he voiced support. According to Plaintiff, he did no more than forward an email. Forwarding an email without more does not constitute protected activity under the applicable statutes.

Even if Plaintiff had sufficiently alleged a protected activity related to his allegation that his termination was retaliatory, he has not sufficiently alleged that the protected activity was the but-for cause of his termination. *See Ward*, 2023 WL 5353342, at *14. Plaintiff's Complaint describes months and months of disagreements with his colleagues. SAC, *generally*. And when he discusses his termination, the reason for his termination is clear – there were questions about his representation of his employment history. SAC at ¶ 160. The allegations in the Complaint, even if taken as true, do not support a finding that but for the forwarding of an email, Plaintiff would not have been terminated. Plaintiff has failed to plausibly allege that but for his alleged protected activity, he would not have been terminated. *See Ward*, 2023 WL 5353342, at *14.

Plaintiff's Title VII, Section 1981, and NYSHRL retaliation claims should be dismissed.

## G. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RETALIATION UNDER THE NYCHRL.

While a plaintiff claiming NYCHRL retaliation need not allege a materially adverse employment action, a plaintiff "must still show that something happened to the employee as a result of her protected activity that would deter other employees from engaging in similar activity. Even under the NYCHRL, a plaintiff must still establish that there was a causal connection between his protected activity and the employer's subsequent action." *Fenner v. News Corp.*, No. 09-cv-09832(LGS), 2013 WL 6244156, at

*6 (S.D.N.Y. Dec. 2, 2013) (internal citations omitted). For an action to constitute a protected activity under the NYCHRL, "the employer must have understood, or could reasonably under[stand], that the plaintiff's opposition was directed at conduct *prohibited by the employment discrimination laws.*" *Fattoruso v. Hilton Grand Vacations Co., LLC*, 873 F.Supp.2d 569, 581 (S.D.N.Y. 2012) (emphasis original) (internal citations omitted).

Plaintiff states throughout his Complaint that he complained of discrimination but provides insufficient information to conclude that PPGNY could have understood that his complaining was regarding conduct prohibited by employment discrimination laws. Further, the only adverse action he suffered was termination after he forwarded an email, and Plaintiff has not alleged sufficient facts for the purposes of a motion to dismiss to find that he was engaged in protected activity when he forwarded an email, nor has he provided sufficient information to plausibly allege that there was any causal connection between the protected activity and his termination. His own Complaint indicates he was terminated due to misrepresentations in his work history. His allegations of retaliation pursuant to the NYCHRL do not meet the requisite pleading standard and should be dismissed.

## H. PLAINTIFF FAILS TO STATE AN ADEA DISCRIMINATION CLAIM.

To plead an ADEA discrimination claim, a plaintiff must plausibly allege that: (1) he is a member of the class protected by the ADEA; (2) he is qualified for his position; (3) he suffered an adverse action; and (4) the circumstances give rise to an inference of discrimination based on his membership in the protected class. *Ninying v. N.Y.City Fire Dept.*, 807 Fed. Appx. 112, 114 (2d Cir. 2020). An ADEA plaintiff must show that age was the "but for" cause of an employer's adverse action against the plaintiff. *Lively v. WAFRA Investment Advisory Group, Inc.*, 6 F.4th. 293, 303 (2d Cir. 2021). It is not sufficient to show that "age was simply a motivating factor." *Id.* (internal citations omitted); *see also Vega,* 801 F.3d at 86 ("[T]he Supreme Court has held that a plaintiff alleging age discrimination under the [ADEA] must allege 'that age was the but for cause of the employer's adverse reaction.'") (citing *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 177 (2009)); *see Ward,* 2023 WL 5353342, at *11.

The SAC fails to include any allegations that would support any inference of discriminatory intent based on Plaintiff's age.    There are no allegations of any age-based comments or similarly situated younger colleagues being treated differently than Plaintiff solely based on age.    He only provides nebulous references to "younger" employees.    He has failed to "raise a reasonable inference that there is a direct link" between his age and any adverse action. *Lively*, 6 F.4th at 306.

The SAC fails to allege a single adverse action attributable solely to Plaintiff's age.    In each allegation in which Plaintiff's age is referenced, multiple protected categories are mentioned. *See Ahmad v. N.Y. City Health and Hosp. Corp.*, No. 20-cv-675(PAE), 2021 WL 1225875, at *11 (S.D.N.Y. Mar. 31, 2021).    In *Ahmad,* the plaintiffs failed to plead "freestanding discrimination claims on age," and alleged discrimination claims based on a variety of bases, including age.    The court found the Complaint failed to "allege any facts on which one can infer that any alleged disparate treatment . . . has been motivated by age, as opposed to plaintiffs' other protected characteristics," and dismissal of ADEA claims was appropriate. *Id.*    Plaintiff's ADEA claim should likewise be dismissed.

## I.    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ADA.

The ADA prohibits employers from discriminating against an employee due to a disability and requires employers to provide reasonable accommodations for otherwise qualified employees so that they may perform the essential function of their jobs so long as the accommodation does not pose an undue burden on the employer.    The ADA also prohibits retaliation against an employee who seeks to enforce his rights under the ADA.    Plaintiff asserts claims for discrimination, hostile work environment, failure to accommodate, and retaliation in the SAC.

### i.    Plaintiff Has Not Sufficiently Plead an ADA Failure to Accommodate Claim.

To state an ADA failure to accommodate claim, a plaintiff must plausibly allege that: (1) he has a disability as defined by the ADA; (2) the employer had notice of the disability; (3) he can perform the essential functions of his job with reasonable accommodation; and (4) the employer refused such accommodation. *Schiavone v. New York State Office of Rent Admin.*, No. 18-cv-130(NSR), 2018 WL

5777029, at *4 (S.D.N.Y. Nov. 2, 2018). The ADA defines disability as a "physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(2).

In *Schiavone*, the plaintiff's failure to accommodate claim was dismissed where he failed to allege that he had a disability as defined by the ADA and failed to allege the impairment of a major life activity. *Schiavone*, 2018 WL 5777029, at *4. Here, while the SAC mentions the word "disability" numerous times, there are no allegations that would support a finding that Plaintiff is disabled as defined by the ADA. Plaintiff alleges that he would stutter or stammer in some situations (SAC at ¶ 12), but he does not allege that he was unable to engage in major life activities. The SAC refers to his alleged disability as perceived in other paragraphs. SAC at ¶¶ 46, 129. If Plaintiff is arguing that PPGNY perceived him as having a disability but that no such disability existed, he would not be entitled to the reasonable accommodation of a perceived disability.

Even if Plaintiff successfully alleged that he is disabled as defined by the ADA, his failure to accommodate claim fails. The SAC is devoid of allegations that anyone at PPGNY had any knowledge of his alleged disability. Also absent is any allegation that he requested a reasonable accommodation for his alleged or perceived disability or that he was denied any such accommodation. Plaintiff's failure to accommodate claim is entirely unsupported by the allegations in the SAC and should be dismissed.

### ii.    Plaintiff Has Not Stated an ADA Discrimination Claim.

The elements of an ADA discrimination claim are that: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [his] employer; (3) []he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) [he] suffered an adverse action; and (5) the adverse action was imposed because of [his] disability." *Witcher v. New York City Dep't of Educ.*, No. 21-cv-7750(PGG), 2023 WL 2609342, at *7 (S.D.N.Y. Mar. 23, 2023).

Plaintiff has not plausibly alleged facts to support an ADA discrimination claim. Again, he has provided no evidence that he is disabled as defined by the ADA. He offers no evidence that he is limited

in a major life activity. He offers no evidence of an adverse action that is connected to his disability or perceived disability.

### iii.    Plaintiff Has Not Stated an ADA Hostile Work Environment Claim.

To sufficiently allege an ADA hostile work environment claim, "a plaintiff must allege that the workplace was so severely permeated with discriminatory intimidation, ridicule and insult that the terms and conditions of [his] employment were thereby altered." *Kelly v. North Shore-Long Island Health System*, No. 13-cv-1284(JS), 2014 WL 2863020, at \*8 (S.D.N.Y. June 22, 2014) (internal citations omitted). As Plaintiff has filed to allege that he is disabled or perceived as disabled under the ADA, he cannot sustain his hostile work environment claim.

Even if Plaintiff had pled that he was disabled under the ADA, he failed to plausibly allege severe or pervasive harassment, intimidation, or ridicule based on his (perceived) disability. He alleges no comments related to disability, and indeed, he cannot, as there is no evidence that PPGNY knew about this alleged disability. Certainly, the lack of any allegations of harassment based upon his alleged or perceived disability necessitates dismissal of his hostile work environment claim.

### iv.    Plaintiff Has Not Stated an ADA Retaliation Claim.

The ADA prohibits employers from retaliating against employees who oppose any practice made unlawful by the ADA. 42 U.S.C. § 12203(a). The elements of an ADA retaliation cause of action are: "(1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action." *Schiavone*, 2018 WL 5777029, at \*5 (internal citations omitted).

Plaintiff fails to allege any of the elements required to state an ADA retaliation claim. He fails to allege any activity protected by the ADA. He fails to allege any facts suggesting that PPGNY was aware of any such activity, and he provides no allegations to connect any alleged adverse action with an ADA protected activity. Plaintiff's ADA retaliation claim should be dismissed.

## J.  PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO MAINTAIN HIS CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.

The Complaint seeks to impose liability for violations of Section 1981, the NYSHRL, and the NYCHRL on the individual defendants but fails to meet the pleading requirements to do so.  Under all three statutes, "when the claim is against an individual defendant, the plaintiff must plausibly allege that the individual defendant 'actually participated in the conduct giving rise to [the] claim of unlawful discrimination' [] to survive a motion to dismiss." *Foster v. Consol. Edison Co. of New York, Inc.*, No. 21-cv-3570(DLC), 2021 WL 4461163, at *1 (S.D.N.Y. Sept. 29, 2021) (citing *Feingold v. New York*, 366 F.3d 138, 157-59 (2d Cir. 2004); *see also Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) ("Personal liability under § 1981 must be predicated on [] personal involvement.").

"The NYSHRL allows for individual liability under two theories: where the individual liability is considered an 'employer' of the plaintiff, or where the individual defendant aided and abetted the unlawful discriminatory acts of others." *Santana v. Mount Vernon City School Dist./Bd. of Educ.*, No. 20-cv-3212(NSR), 2023 WL 2876653, at *13 (S.D.N.Y. Apr. 7, 2023).  To be an "employer," the individual must have an ownership interest in the organization "or the power to do more than carry out personnel decisions made by others." *Id.* (internal citations omitted).  And to be liable as an aider and abettor under the NYSHRL, the plaintiff "must allege that the defendant actually participated in the unlawful conduct such that the aider and abettor share the intent or purpose of the principal actor." *Fellah v. City University of New York*, No. 20-cv-6423(JPC), 2022 WL 4619902, at *8 (S.D.N.Y. Sept. 30, 2022) (internal citations omitted).  The same aider and abettor standard applies for individual liability under the NYCHRL. *Id.*

As Plaintiff has not adequately pled his causes of action for discrimination, hostile work environment, or retaliation, his claims against the individual defendants also fail.  Even assuming Plaintiff can sustain one or all of his causes of action against PPGNY, he fails to plead sufficient allegations to maintain his claims against the individual defendants, and they must be dismissed.

*Keith Corso*

Plaintiff did not allege that Corso has the power to hire and fire or that he has any ownership interest in PPGNY. As CDO, Corso was Plaintiff's colleague on the Executive Leadership team, but he was not Plaintiff's superior. JEM Aff. at ¶¶ 16-17.

Plaintiff failed to allege Corso's personal involvement in any discriminatory conduct. And while the Complaint uses buzzwords to try to overcome the deficiencies in the pleadings, legal conclusions are insufficient to sustain otherwise unsupported claims. SAC at ¶ 28. Plaintiff's allegations regarding Corso are limited to two purported interactions – one related to Plaintiff's southern accent, and the other asking Plaintiff if he had worked with gay men before. These allegations are insufficient to find that Corso had personal involvement in illegal conduct.

The geographical region from which an individual is from within the United States is not a protected category under any statute, nor is an individual's accent by virtue of being from a particular United States geographic region. Corso's alleged comment asking if Plaintiff had worked with gay men before is similarly not actionable conduct. There is no indication that Corso's comment intended to harass Plaintiff based upon Plaintiff's gender or sexual orientation, and indeed, the comment has nothing to do with any of Plaintiff's purported protected categories.

Plaintiff's causes of action against Corso for discrimination and retaliation individually are unsupported by the allegations and must be dismissed.

### Gillian Dean

As with Corso, Plaintiff does not allege Dean, his colleague on the Executive Leadership team, had the power to hire or fire Plaintiff or that she had any ownership interest in PPGNY. He must therefore sufficiently allege her personal involvement in the discriminatory conduct or her aiding and abetting such conduct by others.

While the Complaint frequently mentions Dean, there are scant specific allegations regarding her alleged conduct. He claims he was subjected to offensive terms like "angry," "offensive," and "aggressive," but does not specify if Dean or Davis made the comments. SAC at ¶ 79. He does not

allege any facts to support a finding that the use of these neutral terms was related to his race or other protected category – he provides only his own conclusions. *See Ndongo*, 2023 WL 2215261, at *6; *see also Alfano v. Costello*, 294 F.3d 365, 378 (2d Cir. 2002). In addition, Dean's disagreement with Plaintiff about the engagement of a "thought leader" is not evidence of discrimination. SAC at ¶ 105. Plaintiff offers only his own assumptions to support that contention. It seems that to Plaintiff, if any colleague dared to disagree with him, he considered it discriminatory, but Plaintiff's perception is not evidence sufficient to withstand a motion to dismiss.

The only factually specific allegation regarding Dean is that she purportedly made a comment about another employee, stating "she was a loud black woman." SAC at ¶ 85. One stray comment about another PPGNY employee does not provide Plaintiff with a viable discrimination cause of action under any of the relevant statutes.

Plaintiff has similarly not alleged a viable claim for retaliation against Dean. As discussed above, Plaintiff did not experience any materially adverse actions other than his termination for misrepresentation of his employment history. The Complaint does not allege that Dean's awareness of Plaintiff's alleged complaints of discrimination or her personal involvement in his termination.

### Anne Davis

Davis, unlike the other Defendants, was Plaintiff's subordinate. JEM Aff. at ¶ 19. She had no authority over Plaintiff, nor does she have any ownership interest in PPGNY. Plaintiff must sufficiently allege Davis's personal involvement in discriminatory or retaliatory conduct to proceed on his claims against her, and he has not met his burden. Again, Plaintiff alleges comments made by Dean and/or Davis but fails to specify who he alleges made each specific comment. SAC at ¶ 79. He does not allege sufficient facts to support his contention that Davis used these <u>unspecified neutral terms in any way related</u> to his race or other protected category – he provides only his own conclusions. *See Ndongo*, 2023 WL 2215261, at *6; *see also Alfano*, 294 F.3d at 378.

Plaintiff specifically alleges that Davis criticized his color choice of text in an email. SAC at ¶ 80. This interaction is shockingly trivial and demonstrates Plaintiff's total lack of any substantive allegations against Davis. Criticism of a color choice in email is clearly insufficient to support any claims of discrimination or harassment, nor has Plaintiff alleged there is any connection to a protected category. As with Dean, Davis's disagreement with Plaintiff about the "thought leader" is not evidence of any discrimination. SAC at ¶ 105. Disagreement over business decisions is not evidence of discriminatory intent without more.

Plaintiff has similarly failed to allege a retaliation claim against Davis. He failed to allege her involvement in any materially adverse employment action, and indeed, Davis had no authority to take any such adverse action. The claims against Davis must be dismissed.

### Andrea Hagan

Plaintiff incorrectly alleges that Hagan is a PPGNY employee, SAC at ¶ 21, despite the fact that Hagan is an unpaid volunteer member of the Board of Directors. JEM Aff. at ¶¶ 12-13. Plaintiff does not allege that Hagan had the ability to act without the support of the entire PPGNY board. *See generally, White v. Pacifica Found.*, 973 F.Supp.2d 363, 375-76 (S.D.N.Y. 2013). Indeed, he cannot, as Hagan does not possess the power to make unilateral decisions on behalf of PPGNY. He also does not allege that she had any ownership interest. Plaintiff can therefore only state a claim against Hagan if he alleges her personal involvement in a cognizable discrimination, harassment, or retaliation claim, and he has failed to do so.

Plaintiff alleges that "Hagan forced Plaintiff to constantly defend himself against personal attacks . . . relating to his character, experience, capabilities, and skillsets." SAC at ¶ 50. Plaintiff thereby admits that any criticism Hagan expressed was unrelated to any protected categories. He also alleges that Hagan discovered that he is a pastor, SAC at ¶ 48, and thereafter gave him the "cold shoulder" unlike unnamed "Non-African American, non-disabled, non-Christian ministers." SAC at ¶ 56. A perceived cold shoulder is insufficient to state a discrimination claim.

Plaintiff alleges that Hagan monitored and micromanaged him and that she did not do that to other, yet again, unnamed individuals. SAC at ¶¶ 67, 68. He does not provide any enlightenment into how her alleged actions were tied to any protected category and not her genuine concern regarding his job performance. While Plaintiff alleges he was held to a different standard than other unnamed individuals, he fails to consider that it may have been due to the duties that come alone with the responsibilities of the COO position. He alleges that Hagan, in her role as a volunteer board member, questioned Plaintiff's performance as it relates to another related organization. SAC at ¶¶ 120-122. He concludes, with no objective evidence, that her less than full endorsement of his performance was purportedly tied to his race and gender and again compares himself to unnamed employees. SAC at ¶¶ 123, 126.

Plaintiff has not plausibly alleged that Hagan is an "employer" under the NYSHRL, nor has he sufficiently alleged her personal involvement in any purportedly discriminatory conduct, and the claims against her should be dismissed. Plaintiff has not alleged Hagan's personal involvement in any materially adverse employment action, and the retaliation claims against her should also be dismissed as well.

### *Wendy Stark*

Plaintiff was hired as interim COO in September 2021, more than one year prior to Stark joining PPGNY in October 2022. SAC at ¶¶ 36, 142. Therefore, any factual allegations related to events prior to October 2022 cannot be the basis for alleging Stark's personal involvement in any discriminatory conduct. Plaintiff alleges that Stark did nothing (although he does not allege he was present) when an employee was allegedly called a "bitch" and that she "allowed" an employee to wear a shirt that says "Women Run Shit," (SAC at ¶¶ 143, 150), but provides no explanation of how this hearsay and a colleague's wardrobe has anything to do with his claims. The only other substantive allegation Plaintiff makes regarding Stark is that she said, "I don't care," and "I don't agree with you," during a meeting and that she did not say that to others. SAC at ¶¶ 146, 149.

Plaintiff and Stark held the top two positions at PPGNY and faced difficult decisions every day. It is not discriminatory nor is it retaliatory for Stark to disagree with Plaintiff's professional opinions or decisions. That is a reasonable expectation for the top two executives at any company. Other than Plaintiff's own conclusions about Stark's motivation, he offers no substantive allegations to find any connection between Stark's disagreement and any of his protected categories. Plaintiff has failed to adequately allege Stark's personal involvement in any discriminatory actions or any illegal harassment.

Lastly, Stark cannot be held liable as an employer for Plaintiff's termination. As described above, Plaintiff has failed to adequately allege that his termination was retaliatory. Without an underlying violation of the law, Stark cannot be held liable as an employer. Stark also cannot be held liable as an aider and abettor in relation to Plaintiff's alleged retaliatory termination, as Plaintiff does not allege Stark's personal involvement in the decision. SAC at ¶ 158.

## IV.    CONCLUSION

WHEREFORE, it is respectfully requested that this Court grant Defendants' Motion to Dismiss the Amended Complaint dismissing all claims under § 1981, Title VII, the ADEA, the ADA, the NYSHRL, and the NYCHRL pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that this Court grant Defendants such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
        September 2, 2023

KAUFMAN, DOLOWICH LLP
*Attorneys for Defendants*

By: _____
    John Mancebo, Esq.
    Alina Nadir, Esq.
    245 Main Street, Suite 330
    White Plains, New York 10601
    (914) 470-0001
    jmancebo@kdvlaw.com
    alina.nadir@kdvlaw.com

4857-8040-9982, v. 1