UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
SAMUEL RICARLOS MITCHELL, JR.,

                                                Plaintiff,

                    -against-                              Case No.: 1:23-cv-01932(JLR)

PLANNED PARENTHOOD OF GREATER NEW
YORK, INC., WENDY STARK individually, ANDREA
HAGAN individually, GILLIAN DEAN individually,
KEITH CORSO individually, and ANNE DAVIS
individually,

                                             Defendants.
------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

                                                   KAUFMAN DOLOWICH LLP
                                                   *Attorneys for Defendants*
                                                   245 Main Street, Suite 300
                                                   White Plains, New York
                                                   (914) 470-0001

On the brief:
    John E. Mancebo, Esq.
    Alina Nadir, Esq.

## TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ...................................................................................... 1

II.    PLAINTIFF MERELY REITERATES DEFICIENT ALLEGATIONS. .................... 1

      Age.................................................................................................................... 2

      Sexual Orientation.. ......................................................................................... 3

      Religion............................................................................................................ 3

      Gender and/or Sex.. ......................................................................................... 4

      Disability Claims.... ......................................................................................... 4

      Race and/or Color... ........................................................................................ 5

III.   PLAINTIFF'S ATTEMPT TO OFFER COMPARATORS IS UNSUCCESSFUL. .............. 5

IV.    CONTINUING VIOLATIONS DOCTRINE FAILS TO SAVE UNTIMELY CLAIMS...... 6

V.     PLAINTIFF OFFERS NO CASE LAW DEMONSTRATING THE SUFFICIENCY OF HIS CONCLUSORY ALLEGATIONS. .................................................................................. 7

VI.    PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED AN ADVERSE ACTION RELATED TO HIS DISCRIMINATION CLAIMS. ............................................................. 8

VII.   PLAINTIFF'S RETALIATION CLAIMS MUST BE DISMISSED................................... 8

VIII.  CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED.......... 9

      Defendant Corso..... ......................................................................................... 9

      Defendant Hagan.... ........................................................................................ 9

      Defendant Dean...... ........................................................................................ 9

      Defendant Davis..... ...................................................................................... 10

      Defendant Stark...... ...................................................................................... 10

IX.    CONCLUSION................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                Page(s)

*Annam v. City of New York*,
  No. 22-cv-2945 (LGS), 2023 WL 35053, (S.DN.Y. Jan. 4, 2023) .................................................. 1

*Cardwell v. Davis Polk & Wardwell LLP*,
  No. 19-cv-10256(GHW), 2020 WL 62748216, (S.D.N.Y. Oct. 24, 2020) .............................. 6, 7, 8

*DoubleLine Capital LP v. Odebrecht Finance, Ltd.*,
  323 F. Supp. 3d 393 (S.D.N.Y. 2018) ........................................................................................ 1

*Littlejohn v. City of New York*,
  795 F.3d 297 (2d Cir. 2015) ...................................................................................................... 2

*Malik v. City of New York*,
  841 F. App'x 281 (2d Cir. 2021) ................................................................................................ 1

*Ndongo v. Bank of China Ltd.*,
  No. 22-CV-05896(RA), 2023 WL 2215261, (S.D.N.Y. Feb. 24, 2023) .................................... 8, 9

*Williams v. New York City Dep't of Educ.*,
  No. 19-cv-1353 (CM), 2019 WL 4393546, (S.D.N.Y. Aug. 28, 2019) ........................................ 7

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ..................................................................... 11

**Statutes**

42 U.S.C. §1981 ("§ 1981") ............................................................................................................. 11

Title VII of the Civil Rights Act of 1964 ("Title VII") ............................................................... 8, 11

Americans with Disabilities Act of 1990 ("ADA") ..................................................................... 8, 11

Age Discrimination in Employment Act of 1967 ("ADEA") ..................................................... 8, 11

New York State Human Rights Law ("NYSHRL") .................................................................... 8, 11

New York City Human Rights Law ("NYCHRL" ..................................................................... 8, 11

## I. PRELIMINARY STATEMENT

Defendants Planned Parenthood of Greater New York, Inc. ("PPGNY"), Wendy Stark, Andrea Hagan, Gillian Dean, Keith Corso, and Anne Davis respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the Second Amended Complaint. (Dkt. 34). Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Plaintiff's "Opposition", "Response" or "Resp.") fails to resolve the many deficiencies contained within the Second Amended Complaint, filed on August 22, 2023 (the "Complaint" or "SAC"). The Response repeats and reiterates the same deficient allegations while urging the Court to accept Plaintiff's legal conclusions as factual allegations. Plaintiff's failure to sufficiently allege his many causes of action should not be excused, and his Second Amended Complaint should be dismissed in its entirety.

## II. PLAINTIFF MERELY REITERATES DEFICIENT ALLEGATIONS.

Plaintiff's Opposition falls short in addressing Defendants' arguments, which highlight the myriad of deficiencies in the Complaint. Rather than providing substantive responses, Plaintiff merely reiterates his legally insufficient and conclusory allegations.

Where Plaintiff fails to substantively address an argument in Defendants' memorandum of law, any opposition to that argument should be considered abandoned. "[W]hen a party fails adequately to present arguments in a brief, a court may properly consider those arguments abandoned, especially in the case of a counseled party where a court may infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned[.]" *Annam v. City of New York,* 22-cv-2945 (LGS), 2023 WL 35053, at *1 (S.DN.Y. Jan. 4, 2023) (citing *Malik v. City of New York*, 841 F. App'x 281 (2d Cir. 2021); *see also DoubleLine Capital LP v. Odebrecht Finance, Ltd.*, 323 F. Supp. 3d 393, 449 (S.D.N.Y. 2018) (collecting cases).

The Complaint is essentially a catalogue of Plaintiff's petty grievances and perceived slights accompanied by his assertion that he belongs to a variety of protected categories. However, Plaintiff

1

falls short in providing a sufficient rebuttal to Defendants' argument, notably lacking evidence of a discriminatory motive to support his claims.

The Plaintiff's reliance on *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015), is misplaced, arguing that his allegations are sufficient because at the pleading stage, a plaintiff need only show evidence supporting "a minimal inference of discriminatory motivation." Notably, *Littlejohn* does <u>not</u> stand for the proposition that a plaintiff can show <u>no</u> evidence of discriminatory motivation and still avoid dismissal. The Complaint lacks allegations of comments or acts evidencing discriminatory intent and fails to present comparators to demonstrate differential treatment, Plaintiff has not and cannot meet his initial burden with respect to his claims of alleged discrimination and hostile work environment.

Plaintiff's Opposition, much like the Complaint, fails to clearly delineate which alleged actions correlate to which of Plaintiff's purported protected categories. What is clear, however, is that Plaintiff's allegations fail to state a claim for discrimination or hostile work environment under federal, state, or even the more lenient city anti-discrimination laws for each and every protected category to which he claims to belong.

**Age:** Plaintiff's allegations of age discrimination lack the necessary specificity to warrant further consideration. Plaintiff alleges he underwent more background checks than "younger, Caucasian, and non-disabled prospective employees." Critically, Plaintiff does not identify any similarly situated employees who were treated more favorably. Specifically, he does not name any other applicants for the Chief Operating Officer or other executive-level positions who underwent less stringent background checks. The absence of such comparative evidence significantly undermines the Plaintiff's claim of discriminatory treatment. Furthermore, Plaintiff does not allege any age-based harassment or adverse employment actions that favored a younger, similarly situated employee. The lack of such allegations further weakens his claim of purported age discrimination. Plaintiff merely seeks to present and have the Court accept his own self-serving conclusions without any supporting evidence or detailed explanation. The Opposition does not provide any additional

information or evidence that could bolster his claims of alleged age discrimination and harassment. Instead, Plaintiff appears to rely solely on vague and unsupported assertions, which fail to meet the requisite legal standard. In light of these deficiencies, we respectfully submit that Plaintiff's age discrimination and harassment claims should be dismissed.

**Sexual Orientation:** In addressing the claims alleged by the Plaintiff concerning sexual orientation discrimination and harassment, we draw the Court's attention to the scant evidence provided, which hinges solely on a single alleged interaction with Defendant Corso. The alleged interaction involved a question directed at the Plaintiff regarding his prior experience working with gay men. SAC ¶¶ 76-77. Defendants' position remains that this solitary inquiry, void of derogatory or discriminatory undertones, neither constitutes harassment nor does it bear relevance to the Plaintiff's personal sexual identity or preference. Defendants' argument, as articulated in the motion, is that Plaintiff's allegation lacks the requisite substance to be deemed actionable conduct. The absence of a rebuttal in Plaintiff's Response is telling. The failure to address this fundamental aspect of Defendants' argument signals a tacit acquiescence, if not abandonment, by the Plaintiff. Therefore, we respectfully request the Court to consider this conspicuous lack of opposition and apparent abandonment in its evaluation of the plaintiff's claims.

**Religion:** Plaintiff's claim of religious discrimination remains as nebulous and legally insufficient as originally alleged. The Plaintiff asserts that he was discriminated against due to his status as an "ordained Pastor." SAC at ¶ 52. However, it is crucial to note that being a pastor, in and of itself, is not a protected category under the relevant employment laws. To the extent Plaintiff is alleging discrimination based on his Christian faith, he fails to provide any comparative evidence demonstrating preferential treatment of individuals belonging to other religions. Plaintiff allegations remain founded on vague insinuations. SAC at ¶ 53.

The Plaintiff's sole claim directly related to his religion appears to center around a discussion during his interview process regarding his church's stance on the basic reproductive medical services provided at PPGNY. SAC at ¶ 57. It is inconceivable that a Court would interpret the applicable

3

laws as placing a stronger emphasis on preventing the Plaintiff from any potential offense to his sensitivities, over mitigating the risk to public health by confirming that a candidate for an executive position is not inherently opposed to the basic medical services being provided at the facility. Plaintiff does not allege that other executive-level candidates were not similarly asked regarding relevant health services to be offered at PPGNY. Plaintiff has shown no evidence of disparate treatment based on religion or any adverse employment action or discriminatory motive as a result of the Plaintiff being an ordained pastor or his Christian faith. Additionally, Plaintiff has not alleged any facts sufficient to state a hostile work environment claim. Based on these considerations, Plaintiff's claim of discrimination based on his religion or status as a pastor are lacking and should be dismissed.

**Gender and/or Sex:** Plaintiff claims gender discrimination, but again, his Response has not resolved the deficiencies in his Complaint. Plaintiff uses the terms "gender" and "sex" interchangeably throughout without clarification. The Complaint does not allege he was discriminated against due to his gender identity or expression, and his Response does not address his gender identity or expression. Defendants therefore presume Plaintiff is proceeding only based on his claims of sex discrimination and/or harassment. Throughout his Complaint and Response to the instant motion, he describes no legally actionable conduct based upon his biological sex. He does not allege specific sex-based comments nor does his argument contain any examples of differential treatment as compared to a similarly situated colleague. Plaintiff's claims of discrimination and harassment based on gender and/or sex should be dismissed.

**Disability Claims:** Plaintiff's Response lacks clarity and substance in demonstrating any form of discrimination or harassment based on an alleged disability. Defendants emphasize, as noted in their motion, that there is no allegation in the Complaint to suggest awareness of Plaintiff's claimed disability or perception of the Plaintiff as disabled. Plaintiff does not allege that he sought any disability accommodation or provided any documentation from a medical provider. The Complaint merely states that a female subordinate completed a presentation in his absence, and she

4

was praised by board members (SAC at ¶¶ 130-131), a scant and legally insufficient assertion which the Response failed to expand. Plaintiff, in his Response, for the first time now insinuates a correlation between Mr. Corso's alleged comment about his "southern drawl" (SAC ¶ 71) and an alleged disability, a connection lacking any factual basis. Resp. at 3. The allegations presented fail to sufficiently support a claim of disability discrimination or harassment, failing to meet the threshold required to oppose Defendants' motion to dismiss. Plaintiff's claims of disability discrimination and harassment should be dismissed.

**Race and/or Color:** While race and color are distinct protected categories, the Complaint does not draw a clear distinction between them. The Response also discusses race and color together, leaving the reader unclear as to Plaintiff's exact allegations with respect to each category.

As Defendants previously argued, Plaintiff offers nothing more than his dissatisfaction with his employment at PPGNY and the use of neutral descriptors such as "angry," "harsh," and "aggressive." However, the Plaintiff falls markedly short of providing any tangible evidence establishing a direct link between these trivial workplace disagreements and alleged discrimination based on race and/color. Plaintiff's Response asserts meeting the pleading standard yet offers no insight on how this standard has been purportedly met. Given the notable absence of clear, precise allegations, coupled with a lack of substantive evidence linking the alleged petty slights and trivial workplace grievances to race and/or color discrimination, Plaintiff's race and/or color discrimination and hostile work environment claims should be dismissed.

### III.  PLAINTIFF'S ATTEMPT TO OFFER COMPARATORS IS UNSUCCESSFUL.

Defendants' previously filed Motion to Dismiss the First Amended Complaint (Dkt. 18) pointed out that among the many deficiencies in Plaintiff's allegations was the lack of any examples of similarly situated comparators with which one could find differential treatment or discriminatory intent. In response to this glaring gap in their case, Plaintiff has made a feeble attempt to rectify this deficiency by introducing a handful of names in the Second Amended Complaint, in an attempt to argue it was discriminatory for Plaintiff's position to have a residency requirement. Plaintiff's

attempt to offer comparators regarding his contractual residency obligation is unavailing. He offers only a few names and says they are white women that did not have a residency requirement but does not offer any job titles or duties for two of the three, nor does he describe those individuals' contractual relationship with PPGNY. SAC at ¶ 118. He fails to show these individuals are similarly situated to him. *See Cardwell v. Davis Polk & Wardwell LLP*, No. 19-cv-10256(GHW), 2020 WL 62748216, at *21 (S.D.N.Y. Oct. 24, 2020) (the "alleged comparator must be similar enough to support at least a minimal inference that the difference of treatment may be attributable to discrimination"). For example, perhaps one of the individuals did a purely administrative job that had no in-office requirements. Clearly, no one had the position of Chief Operating Officer other than Plaintiff. Ultimately, Plaintiff does not provide any allegations other than the women appear to have negotiated different terms of employment. That is insufficient to raise an inference of discriminatory intent.

Next, in another attempt to offer comparators, Plaintiff generally claims that several individuals on the PPGNY executive team were treated better because Stark told Plaintiff that she did not agree with him. SAC at ¶¶ 146-47. Again, Plaintiff fails to offer allegations that would support a finding that "the difference of treatment may be attributable to discrimination," *Cardwell*, 2020 WL 62748216, at *21, and not the obvious – Stark disagreed with him.

Plaintiff's attempt to allege comparators ends there. Despite over 150 paragraphs alleging differential treatment, he could only think of comparators for his contractual residency requirement and Stark's disagreement with him. And even in those instances, Plaintiff fails to allege sufficient facts to demonstrate those individuals are similarly situated.

### IV. CONTINUING VIOLATIONS DOCTRINE FAILS TO SAVE UNTIMELY CLAIMS.

Plaintiff argues that events prior to June 4, 2022, are actionable under Title VII, the ADA and the ADEA, despite their untimeliness, pursuant to the continuing violations doctrine. The continuing violations doctrine is "disfavored outside of a hostile work environment situation, and

6

should only be applied in compelling circumstances." *Williams v. New York City Dep't of Educ.*, No. 19-cv-1353 (CM), 2019 WL 4393546, at *9 (S.D.N.Y. Aug. 28, 2019) (internal citations omitted). A court must decide whether timely and untimely acts are "sufficiently related" to invoke the doctrine, and "[i]ncidents that involve different perpetrators, actions, or targets, or are temporally distant from one another, may be insufficiently related. *Id.*

Here, the following events are untimely based on the narrative provided in the Complaint: (1) Plaintiff's pre-employment background checks (SAC ¶ 47); (2) Hagan allegedly discriminating against Plaintiff due to his religion (SAC ¶¶ 52-53); (3) his alleged 10/14/2021 complaint to the former CEO and subsequent alleged retaliation (SAC ¶¶ 61, 67); (4) any actions by Defendant Corso which appear limited to November 2021 (SAC ¶¶ 71-77); (5) comments made by Dean and Davis in December 2021 and February 2022 (SAC ¶ 79, 85); (6) Plaintiff's complaint about the color of font (SAC ¶¶ 80-81); and (7) his alleged 3/28/22 complaint and subsequent alleged retaliation (SAC ¶¶ 100-102).

These untimely allegations include religious discrimination by Hagan, sexual orientation discrimination by Corso, and racial discrimination by Dean and Davis. These discrete acts by different actors are not sufficiently related to apply the continuing violations doctrine. Plaintiff's post-June 4, 2022, allegations do not include allegations referencing substantive actions related to Plaintiff's religion or sexual orientation, nor do they allege any additional comments by Dean and Davis. The continuing violations doctrine is inapplicable to Plaintiff's untimely claims.

V.  **PLAINTIFF OFFERS NO CASE LAW DEMONSTRATING THE SUFFICIENCY OF HIS CONCLUSORY ALLEGATIONS.**

While Plaintiff cites case law to describe legal standards applicable to his various causes of action, he offers no case law in which similar allegations were deemed sufficient to survive a motion to dismiss. The absence of such legal citations is telling.

Even more illustrative of Plaintiff's unsupportable position is his failure to offer any opposition to Defendants' argument as to the applicability of *Cardwell,* 2020 WL 6274826, and

*Ndongo v. Bank of China Ltd.*, No. 22-CV-05896(RA), 2023 WL 2215261 (S.D.N.Y. Feb. 24, 2023). Both cases were decided at the motion to dismiss stage finding the allegations insufficient to state claims for discrimination under the NYCHRL. Like this case, the *Cardwell* and *Ndongo* plaintiffs' claims were based upon their affiliation with a protected category and their unsupported conclusions that alleged mistreatment was due to that protected category. The absence of any compelling case law supporting Plaintiff's conclusory allegations, coupled with his failure to counter the applicability of *Cardwell* and *Ndongo*, casts significant doubt on the merits of Plaintiff's claims. If such allegations are insufficient to survive the lesser NYCHRL standard upon a motion to dismiss, they certainly cannot survive a motion under the NYSHRL, Title VII, the ADA, or the ADEA.

## VI. PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED AN ADVERSE ACTION RELATED TO HIS DISCRIMINATION CLAIMS.

Defendants argued that Plaintiff did not plead any adverse employment actions related to his discrimination claims. In response, Plaintiff fails to cite any case law showing that the alleged actions about which he complains – perceived slights, disapproval of his job performance, micromanagement – have been found to constitute adverse employment actions in this District.

## VII. PLAINTIFF'S RETALIATION CLAIMS MUST BE DISMISSED.

Defendants argued that Plaintiff had failed to describe the content of his purported internal complaints to PPGNY and thus failed to allege a protected activity. The Complaint repeatedly alleges that he complained of "illegal" behavior, but that is a legal conclusion. Plaintiff persisted in this utter lack of detail in his Response, stating in a conclusory manner that Defendants "were undoubtedly aware" of the complaints "which were specific" (Resp. at p. 18), while simultaneously failing to provide any details as to what he purportedly told PPGNY, and in some cases, he fails to specify who received the alleged complaint. For example, if Plaintiff "complained" to an unnamed individual that he was the "sole black male on the PPGNY Executive Leadership Team," (SAC ¶ 133), it is unclear why PPGNY would take that statement as a complaint of discrimination rather than a statement of fact.

8

The point remains that Plaintiff cannot rely on his termination to save his discrimination claims as they were asserted prior to his termination. (Dkt. 41-6 at p. 10) Plaintiff admits the true reason for his termination in his Complaint – serious questions about his representations of his employment history. (Dkt. 41-6 at p.16; SAC at ¶ 160). Understandably, the Complaint did not elaborate on those questions as he knew it would further undermine his insufficient allegations.

## VIII. CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED.

In response to Defendants' argument as to the SAC's failure to assert claims of personal liability against the individual defendants, Plaintiff offers nothing more than generalizations and case law generally related to individual liability. He does not address the insufficiency of his allegations to meet his pleading burden, and the individual defendants should be dismissed.

**Defendant Corso:** Plaintiff offered no meaningful opposition to Defendants' argument that Corso's alleged comment about working with gay men had no relevancy to Plaintiff's own sexual orientation or that making fun of a regional accent is not actionable conduct as it is unrelated to any recognized protected category under federal, state, or city anti-discrimination laws. It certainly is not related to any alleged disability. None of the allegations regarding Corso's conduct are sufficient to allege Corso's personal involvement in any discriminatory or retaliatory conduct, and all claims against Corso should be dismissed.

**Defendant Hagan:** Plaintiff does not dispute that Hagan is a volunteer, unpaid PPGNY board member, not a PPGNY employee, or that she has no power to unilaterally affect the terms and conditions of Plaintiff's employment. She cannot be considered an employer under the applicable laws, and Plaintiff offers no discussion to rebut that fact. All Plaintiff's Response offers in support of individual liability for Hagan are legal conclusions. All claims against Hagan must be dismissed.

**Defendant Dean:** In response to Defendants' argument regarding the insufficiency of Plaintiff's allegations against Dean, Plaintiff offers nothing more than a restatement of his insufficient allegations. It is still unclear what he alleges Dean actually said, and he has not provided any response to Defendants' reference to *Ndongo*, 2023 WL 2215261, at *8, pointing out that his

allegations are insufficient to support an inference that the comments were related to Plaintiff's protected characteristics. Dean's general disagreement with Plaintiff's opinions does not provide a basis for individual liability. Plaintiff also offers no meaningful opposition to Defendants' argument that Dean had no personal involvement in any adverse employment action and cannot be individually liable for retaliation, failing to specifically reference his allegations against her. Plaintiff's claims of individual liability against Dean must be dismissed.

**Defendant Davis:** As with Defendant Dean, Plaintiff offers no substantive opposition to Defendants' argument that Defendant Davis should be dismissed from this lawsuit. He persists in his failure to specify what he alleges Davis actually said. As Plaintiff offers no opposition to Defendants' argument that a claim for retaliation cannot be sustained against Davis, that leaves only one specific allegation about Davis – she disagreed with the use of red font in an email. Such an insignificant allegation is insufficient to sustain a claim of individual liability against Davis, and she must be dismissed from the lawsuit.

**Defendant Stark:** In their motion, Defendants argued that the only comments that Plaintiff claimed that Stark directed at him – "I don't care" and "I don't agree with you" – did not demonstrate, without more, that Stark was personally involved in any actionable discriminatory or retaliatory conduct, especially when the people in the conversation are the top two executives of an organization. Instead of offering a substantive opposition to that argument, Plaintiff responds only legal conclusions as to Stark's lability.

Plaintiff offered no response to Defendants' argument that Stark cannot be held liable for retaliation where there is no underlying violation of the law by the organization, and as Plaintiff's retaliation claim is inadequate, the claims for individual liability against Stark must be dismissed.

## IX. CONCLUSION

In light of the preceding arguments, as well as those contained within the previously submitted Memorandum of Law in support of Defendants' motion, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss the Second Amended Complaint, including the

dismissal of all claims under § 1981, Title VII, the ADA, the ADEA, the NYSHRL, and the NYCHRL, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that this Court grant Defendants such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
      September 29, 2023

KAUFMAN DOLOWICH LLP
*Attorneys for Defendants*

By: _____
John E. Mancebo, Esq.
Alina Nadir, Esq.
245 Main Street, Suite 330
White Plains, New York 10601
(914) 470-0001