UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SAMUEL RICARLOS MITCHELL, JR.,

                    *Plaintiff,*

       -against-

PLANNED PARENTHOOD OF GREATER
NEW YORK, INC., WENDY STARK
individually, ANDREA HAGAN individually,
GILLIAN DEAN individually, KEITH CORSO
individually, and ANNE DAVIS individually,

                    *Defendants*.
-------------------------------------------------------------X

Case No. 1:23-cv-01932

**<u>ORAL ARGUMENT REQUESTED</u>**

## **<u>MEMORANDUM OF LAW IN OPPOSITION TO SAMUEL R. MITCHELL, JR.'S MOTION FOR LEAVE TO FILE ANSWER TO AMENDED COUNTERCLAIMS</u>**

Charles Ben Bergin, Esq.
Melissa C. Cartaya, Esq.
John E. Mancebo, Esq.
Kaufman Dolowich LLP
245 Main Street, Suite 330
White Plains, NY 10601
(914) 470-0001
cbergin@kaufmandolowich.com
mcartaya@kaufmandolowich.com
jmancebo@kaufmandolowich.com

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT................................................................................................ 1

II.   STATEMENT OF FACTS .................................................................................................... 4

III.  ARGUMENT ...................................................................................................................... 5

    A. PLAINTIFF'S MOTION IS PROCEDURALLY DEFECTIVE ....................................... 5

       i.    The Motion Violates The Court's Individual Rules of Practice in Civil Cases ........... 5

       ii.   The Motion Violates The Local Rules For The Southern and Eastern Districts Of New York .................................................................................................................. 6

    B. PLAINTIFF'S MOTION SHOULD BE DENIED ON SUBSTANTIVE GROUDS ........ 7

       i.   Plaintiff Does Not Establish Excusable Neglect ............................................................ 7

          a.    PLAINTIFF DOES NOT PROVIDE ANY REASON FOR HIS NEGLECT ......... 8

          b.    ANY REASON THAT MAY BE READ INTO PLAINTIFF'S PAPERS IS INSUFFICIENT TO ESTABLISH EXCUSABLE NEGLECT. .............................. 9

          c.    PLAINTIFF FAILS TO ESTABLISH THE REMAINING PIONEER FACTORS ..................................................................................................... 12

       ii.  Plaintiff Is Not Entitled To Relief Under Rule 55(C).................................................. 13

          a.    PLAINTIFF'S RULE 55(C) MOTION IS PROCEDURALLY DEFECTIVE ...... 13

          b.    PLAINTIFF FAILS TO ESTABLISH GOOD CAUSE UNDER RULE 55(C)..... 14

          c.    PLAINTIFF FAILS TO ESTABLISH EXTROARDINARY CIRCUMSTANCES................................................................................... 17

    C. PLAINTIFF'S REQUESTED RELIEF DOES NOT APPLY RETROACTIVELY ......... 17

IV.   CONCLUSION.................................................................................................................. 19

# Table of Authorities

**Cases**                                                                                          **Page No.**

*Alexander v. Saul*,
    5 F.4th 139 (2d Cir. 2021) ................................................................................................. 8, 9

*Banks v. Yokemick*,
    214 F. Supp. 2d 401 (S.D.N.Y. 2002) ................................................................................ 19

*Bricklayers and Allied Craftworkers., Albany, N.Y. Pension Fund v. Moulton Masonry & Constr. LLC*,
    779 F.3d 182 (2d Cir. 2015) ........................................................................................... 14, 15

*Canfield v. Van Atta Buick/GMC Trick, Inc.*,
    127 F.3d 248 (2d Cir. 1997) ............................................................................................. 10

*Chira v. Lockheed Aircraft Corp.*,
    634 F.2d 664 (2d Cir. 1980) ........................................................................................... 14, 15

*EMA Fin. LLC v. Chances*,
    80 F.4th 395 (2d Cir. 2023) ............................................................................................... 6

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
    973 F.2d 155 (2d Cir. 1992) ............................................................................................. 18

*Guggenheim Capital, LLC v. Birnbaum*,
    722 F.3d 444 (2d Cir. 2013) ........................................................................................... 15, 16

*Hayes v. New York City Dep't of Corrections*,
    84 F.3d 614 (2d Cir. 1996) ............................................................................................... 18

*Loiacono v. Allied Partners Mgmt LLC*,
    No. 25-cv-07838, 2025 WL 3089176 (S.D.N.Y. Nov 5, 2025) ......................................... 5

*Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.*
    (In re Enron Corp.), 419 F.3d 115 (2d Cir. 2005) ....................................................... 9, 14

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*
    507 U.S. 380, 395 (1993) ............................................................................... 8, 9, 10, 12

*Robaina v. Deva Concepts, LLP*,
    No. 22-1142, 2023 WL 3144038 (2d Cir. April 28, 2023) ........................................... 9, 13

*Santander Consumer USA, Inc. v. City of Yonkers*,
    No. 22-cv-8870, 2024 WL 4817649, at FN2 (S.D.N.Y. Nov 18, 2024) ......................... 17

*Sears Petroleum & Transport Corp. v. Burgess Constr. Services, Inc.*,
    No. 95-cv-0892, 1997 WL 567930 (N.D.N.Y. Sept 11, 1997) ....................................... 14

*SEC v. McNulty*,
    137 F.3d 732 (2d Cir. 1998) ............................................................................................. 14

*Silivanch v. Celebrity Cruises, Inc.*,
    333 F.3d 355 (2d Cir. 2003) ........................................................................ 9, 11

*Tancredi v. Metropolitan Life Ins. Co.*,
    378 F.3d 220 (2d Cir. 2004) .............................................................................. 12

*Travellers Intern., A.G. v. Trans World Airlines, Inc.*,
    41 F.3d 1570 (2d Cir. 1994) ......................................................................... 6, 16

*Triestman v. Peo*,
    No. 93-CV-1397, 1997 WL 216251 (N.D.N.Y. April 15, 1997) .................................. 14

*United States v. Cirami*,
    535 F2d 736 (2d Cir. 1976) ............................................................................... 14

*Weinstock v. Cleary, Gottlieb, Steen & Hamilton*,
    16 F.3d 501 (2d Cir. 1994) .................................................................... 9, 10, 11

## Rules & Statutes              Page No.

Fed. R. Civ. P. Rule 6 ....................................................................................... *passim*

Fed. R. Civ. P. Rule 8 ................................................................. 1, 6, 13, 16, 18, 19

Fed. R. Civ. P. Rule 12 ................................................................................. 1, 4, 10

Fed. R. Civ. P. Rule 15 ................................................................................ 3, 5, 6, 7

Fed. R. Civ. P. Rule 55 ..................................................................................... *passim*

Fed. R. Civ. P. Rule 56 ........................................................................................ 18

S.D.N.Y. Local Rule 7.1 ................................................................................... *passim*

Defendant, Planned Parenthood of Greater New York, Inc. ("PPGNY"), respectfully submits this Opposition to the Motion (the "Motion") for Leave to File Answer to Amended Counterclaims (the "Counterclaims") filed by Plaintiff Samuel R. Mitchell, Jr. ("Plaintiff") on September 15, 2025 (the "Motion") (ECF No. 114).

## I.    PRELIMINARY STATEMENT

By Decision and Order dated January 2, 2026 (Dkt. 96, hereafter the "Jan 2, 2026 Op. & Order"), and pursuant to Fed. R. Civ. P. 12(a)(4), Plaintiff's deadline to file a responsive pleading to PPGNY's Counterclaims was February 16, 2026. As it happened, that deadline fell between PPGNY's Court-ordered deadline to move for summary judgment on its Counterclaims (February 10, 2026), and Plaintiff's deadline to file an opposition thereto (February 24, 2026).

This quirk of scheduling presented Plaintiff with a unique opportunity: he would file his pleading (including any affirmative defenses he chose to assert), fully availed not only of discovery, but of PPGNY's complete summary judgment arguments on the Counterclaims. It also presented Plaintiff with a unique peril: failure to answer would mean that the factual allegations of the Counterclaims were deemed fully admitted at the summary judgment stage, resulting in a liability judgment in PPGNY's favor, and without any mechanism under the Federal Rules for a do-over.

Plaintiff failed to answer. As a result, at the conclusion of summary judgment briefing all factual allegations set forth in the Counterclaims were deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6). Further, the affirmative defenses on which Plaintiff's opposition to summary judgment on the Counterclaims relied (while unavailing on substantive grounds), were also waived as a matter of law.

Now, in convoluted fashion, Plaintiff appears to request the Court to grant what is effectively a do-over; asking that the Court re-write history, and pretend that at summary judgment the factual allegations of the Counterclaims had been denied, when they had not, and that affirmative defenses had been pled, when they were not, offering Plaintiff a second chance at the unique opportunity of which he failed to take advantage.[1]

Although Plaintiff's memorandum of law misappropriates a slew of Federal Rules, none support such a request. ***First,*** he moves for an extension of time to file his answer under Fed. R. Civ. P. 6(b)(1)(B). He provides no excuse at all for his failure to answer, still less the circumstances outside his reasonable control required to succeed on such a motion. Instead, Plaintiff attempts to place responsibility on the Court and Defendants for not ensuring he met the applicable deadline. In any event, Rule 6(b)(1)(B), even if granted, does not provide any retroactive application such as would save Plaintiff at the summary judgment stage. ***Second,*** Plaintiff's memorandum of law purports to move pursuant to Fed. R. Civ. P. 55(c), for a vacation of default. However, his notice of motion does not refer to Rule 55 at all, thus excluding it from the Court's consideration. In any event, Rule 55(c) is no more availing; there is no default judgment in this case to vacate. And, while Rule 55(c) requires a lesser burden than Rule 6(b)(1)(B), it still requires a showing of "good cause", and Plaintiff offers no cause at all for his failure, and no affidavit or supporting documentation upon which the Court might rely in order to assess good cause. ***Third,*** Plaintiff

---

[1] As discussed below, in failing to follow the Court's Individual Part Rules, as well as by failing to follow S.D.N.Y. Local Rule 7.1, and in moving under three different (all inapplicable) statutes, the exact relief sought by Plaintiff is murky at best. Under Local Rule 7.1. Plaintiff's relief is limited to – at the most – the filing of a late answer. However, because his memorandum of law *appears* to be asking the Court to retroactively apply his unapproved answer and counterclaims to summary judgment, PPGNY is forced to proceed as though that is the relief sought, as procedurally improper as such relief would be. Had Plaintiff filed a pre-motion letter (Individual Part Rule 3.H., 1.F.) or attempted to confer with Defendants (1.F.), or complied with Local Rule 7.1., some of this confusion might have been obviated or alleviated and Defendants' briefing streamlined.

asserts that he should be permitted to raise defenses "not previously raised" pursuant to Fed. R. Civ. P. 15(a). However, Rule 15(a) governs the amendment of pleadings, and here there is no initial pleading to amend.

Further, this Court's Individual Part Rules in Civil Cases, holds that where, as here, a party seeking an extension of time to file after the deadline to do so has passed must show "extraordinary circumstances" to support such a request. (Rule 1.F.) Notably, Plaintiff neither meets, nor addresses this standard: his Motion ignores it entirely. Plaintiff's motion also violates Local Rule 7.1, which limits a motion, and the relief sought therein, to that which is set forth in the notice of motion. Here, the notice of motion identifies no rule or statute at all, and the only relief sought is the filing of a late answer. As such, the motion must be construed as seeking only that limited relief.

None of the procedural vehicles that Plaintiff attempts to hijack for his purposes are appropriate, and in any event he fails to meet the applicable standards under each rule. Plaintiff does neither the Court, nor PPGNY, the courtesy of explaining the reason for his failure to answer, a defect that cannot be cured in his reply brief, and which only makes his casual blaming of the Court and Defendants for his failure all the more striking.

Further, none of the Rules under which Plaintiff purports to move offer retroactive application. None of them entitle Plaintiff a second chance to recast summary judgment papers already before the Court. None force the Court to pretend that Plaintiff denied allegations that he had not denied, nor pretend that Plaintiff asserted counterclaims that he failed to assert; that he seeks to do so is all the more vexatious *because* he had the unique opportunity to see PPGNY's arguments on summary judgment and raise his pleading positions accordingly, not in spite of that fact. Respectfully, Plaintiff's Motion should be denied.

## II.    STATEMENT OF FACTS

Defendant PPGNY filed Counterclaims against Plaintiff including, *inter alia*, for fraud and breach of contract on July 14, 2025. Dkt. 64. Plaintiff moved to dismiss (Dkt. 65). Following amendments to both the Counterclaims (Dkt. 69) and Plaintiff's motion to dismiss (Dkt. 83), the Court issued the Jan 2, 2026 Op. & Order denying plaintiff's motion in part, and granting in part. The Jan 2, 2026 Op. & Order provided PPGNY thirty days to amend the Counterclaims (which PPGNY chose not to do). As a result, Plaintiff's deadline to answer the remaining Counterclaims (for fraud and breach of contract) was February 16, 2026. Rule 12(a)(4).

On January 20, 2026, the Court held a virtual conference, and ordered that summary judgment motions be filed by February 10, 2026; oppositions by February 24, 2026; and reply briefs by March 3, 2026. Dkt 103.

Defendants submitted their motion for summary judgment, including on the Counterclaims, on February 10, 2026. Dkt. 106. Plaintiff filed an opposition on February 24-25, 2026 (Dkt. 109-111), a motion to seal on February 24, 2026 (Dkt. 108), and a letter to the Court on February 25, 2026. Dkt. 112.

On March 3, 2026, Defendants filed their reply in support of summary judgment.

Between the Jan 2, 2026 Op. & Order, and Defendants' March 3, 2026 reply, Plaintiff submitted over 25 electronic filings with the Court. Plaintiff did not file any answer, responsive pleading or affirmative defenses. *See,* Dkt. generally.

On March 5, 2026, Plaintiff filed a 'Motion for Leave to File Document'. Dkt. 114. The actual document filed is a notice of motion seeking to extend his time to answer the Counterclaims. It seeks no other relief and identifies no rule or statute under which the motion is brought. Dkt. 114. Concurrently, Plaintiff filed a memorandum of law (without leave of Court), seemingly moving

4

under various statutes including Rule 55(c) (to vacate a default judgment), Rule 15(a) (to amend a previously-filed answer), and Rule 6(b) (to extend his time to answer). Dkt. 115. He also (again without leave of Court) filed his "Answer" with "Affirmative Defenses". Dkt. 116.

Defendants now oppose.

### III.    ARGUMENT

#### A.  PLAINTIFF'S MOTION IS PROCEDURALLY DEFECTIVE

Plaintiff's motion is procedurally improper, facially confounding, and flies in the face of the Court's Individual Rules of Practice in Civil Cases. As such, Defendants respectfully submit it should be denied at the outset.

#### i.    The Motion Violates The Court's Individual Rules of Practice in Civil Cases

The Court's Individual Rules are abundantly clear that "all requests for adjournments, extensions…must be filed as letter motions". (Rule 3.H.) Further, "all requests for adjournments or extension of time must be made in writing and filed on ECF as letter motions…" (Rule 1.F.) A failure to follow a Court's Individual Rules, including a rule requiring a pre-motion letter, warrants denial of the motion. Loiacono v. Allied Partners Mgmt LLC, No. 25-cv-07838, 2025 WL 3089176, at *2 (S.D.N.Y. Nov 5, 2025).

Plaintiff's motion purports to be for an extension of time to file his answer (see, Dkt. 114). However, Plaintiff simply filed his entire motion (and, indeed, the proposed answer itself), without filing a pre-motion letter (never mind actually getting the Court's approval for such a motion or his purported answer). Plaintiff's notice of motion (or 'Motion for Leave to File Document'), contains none of the prescribed items set forth by the Individual Rules. (Rule 1.F. requiring that the pre-motion letter state the original date, the new date requested, the number of previous requests, whether such requests were granted or denied, whether the adversary consents, and, if

5

not, the reason given by the adversary for refusing consent).

      ii.      **The Motion Violates The Local Rules For The Southern and Eastern Districts Of New York**

Confoundingly, although the only relief sought in his notice of motion is leave to file an untimely answer, Plaintiff's Memorandum of Law moves predominantly under Fed. R. Civ. P. 55(c), which is the procedural vehicle for vacating default judgments, even though in this case no default judgment exists. Plaintiff's Memorandum of Law also purports to move pursuant to Rule 15(a), which governs amended pleadings, even though he has not filed any pleading to amend. Further, his proposed Answer – filed not as a 'Proposed Answer', but simply as an 'Answer', as if the Court had already granted the request which Plaintiff did not actually make – also includes affirmative defenses, which are not part of the relief sought in his notice of motion and which are prohibited by law (see, Travellers Intern., A.G. v. Trans World Airlines, Inc., 41 F.3d 1570, 1590 (2d Cir. 1994) (citing to Fed. R. Civ. P. 8(c) for the proposition that failure to assert an affirmative defense "results in a waiver"))[2].

Further, while Plaintiff's notice of motion states that the relief sought is the ability to file a late answer, his memorandum of appears to request that the Court retroactively review PPGNY's summary judgment papers (which have already been fully submitted) *as if* Plaintiff had already filed his answer and purported affirmative defenses when the arguments were submitted, a position for which Plaintiff cites no legal authority at all.

Each of these failings is a violation of S.D.N.Y. Local Rule 7.1. Local Rule 7.1(a)(1) makes

---

[2] Plaintiff asserts that Fed. R. Civ. P.8(e) and EMA Fin. LLC v. Chances, 80 F.4th 395 (2d Cir. 2023) support the retroactive application of unpled affirmative defenses. They do not. Rule 8(e) simply states that pleadings should be construed so as to do justice. Here, there was no pleading at the conclusion of summary judgment. And in EMA Fin., the Court held that defendant Chancis had not waived affirmative defenses that it pled in its initial answer, and then incorporated by reference in an amended answer.

clear that only the statutes or rules set forth in the notice of motion will be considered as basis for the motion itself. Here, the notice of motion contains no reference to any statute at all, and, at most, an oblique reference to the relief available under 6(b)(1)(B). The Court should therefore disregard Plaintiff's arguments under Rule 55(c), and the other rules he invokes, insofar as those arguments fall outside the motion actually noticed. Separately, Local Rule 7.1(a)(3) demands exhibits and affidavits in support of any factual information. Plaintiff's Motion contains none, despite the fact each of the statutes Plaintiff purports to move under require a factual explanation for his reason for failing to file, a problem that, as set forth below, Plaintiff attempts to skirt by providing no explanation at all.

To the extent that Plaintiff's motion is confined to the relief sought in his notice of motion, as set forth below he nonetheless fails to meet the standard under Rule 6(b)(1)(B). However, given the confused posture of the motion, the failure to file the required letter motion, and the conflicting reliefs allegedly sought, Defendants are now forced to respond to all possible permutations by way of opposition.

### B.  PLAINTIFF'S MOTION SHOULD BE DENIED ON SUBSTANTIVE GROUDS

#### i.    Plaintiff Does Not Establish Excusable Neglect

Plaintiff moves pursuant to Fed. R. Civ. P. 6(b)(1)(B), which provides for the Court to extend a party's time to meet a deadline that it has missed due to "excusable neglect". As addressed below, Plaintiff does not assert that Rule 6(b)(1)(B) provides any retroactive application. As such, even were the Court to grant Plaintiff's motion, the answer could not be deemed to have been submitted in time to be considered on the already completed summary judgment papers. However, Plaintiff fails to establish excusable neglect. Indeed, while Plaintiff attempts to cast the blame for his failure to answer liberally – the Court, Defendants, the linear nature of time – he does not offer any reason

for his neglect at all, still less a reason beyond his control, and thus falls at the first hurdle.

### a. PLAINTIFF DOES NOT PROVIDE ANY REASON FOR HIS NEGLECT

The Supreme Court provided a four factor tests (the "Pioneer" test) for courts to determine whether a litigant has established "excusable neglect": (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *See,* Alexander v. Saul, 5 F.4th 139, 142 (2d Cir. 2021) citing Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993).

In the Second Circuit, courts "place[] the greatest emphasis on the third factor – 'the reason for the delay, including whether it was within the reasonable control of the movant'." Alexander, at 146. Indeed, in Alexander the Court held that the movant had met the other three factors, but failed to establish excusable neglect due to her failure to satisfy the third.[3]

As addressed in more detail below, Plaintiff criticizes various targets, including the Court and Defendants, for his failure to timely answer the Counterclaims. What Plaintiff does not do, however, is provide the Court with any actual explanation for the purported neglect. At most, Plaintiff describes the failure as "mere inadvertence". Motion, 1. However, as the Supreme Court has long held "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect [under Rule 6(b)]". Pioneer, at 392 (1993). Certainly, the examples provided by the Supreme Court – "incarceration, ill health, and other factors beyond [the movant's] reasonable control" are not represented by Plaintiff. Id, at 393.

Similarly, in the Second Circuit, "counsel's mistake presented an insufficient basis to grant

---

[3] Despite moving under Rule 6(b), Plaintiff essentially ignores the Pioneer standard. Plaintiff cites to Pioneer only once, provides no legal analysis of the four factors, and, notably, his summary of the Pioneer test omits the third – and most important – factor entirely. Motion, at 4.

relief" under Rule 6(b) on the basis of "excusable neglect", even where "the other three Pioneer factors were nominally more favorable" to the movant. Robaina v. Deva Concepts, LLP, No. 22-1142, 2023 WL 3144038, at *2 (2d Cir. April 28, 2023). Indeed, "the district court did not err when it considered the third Pioneer factor dispositive of its conclusion that the honest mistake of Robaina's attorney did not excuse" missing the relevant deadline. Id.

As the Second Circuit has repeatedly held, "we have taken a hard line in applying the Pioneer test", and "we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." Alexander, at 142, citing Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 122 (2d Cir. 2005).

That would be true in any case, but here, Plaintiff does not even attempt to meet the third (and most important) Pioneer factor. To the extent that Plaintiff's papers suggest counsel's inadvertent error, or a misreading of the rules, or "mere inadvertence", the Second Circuit has repeatedly and with great clarity, held that these are insufficient to establish excusable neglect. Accordingly, Plaintiff's Motion should be denied.

### b. ANY REASON THAT MAY BE READ INTO PLAINTIFF'S PAPERS IS INSUFFICIENT TO ESTABLISH EXCUSABLE NEGLECT.

Although Plaintiff fails to provide a given reason for his neglect, he does blame two primary targets for his failure to follow the rules: the Court, and Defendants. Although as set forth above, the Court need not reach these efforts to deflect from, if not entirely avoid, the reason for, the alleged neglect, we address them briefly herein.

As an initial matter "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and…where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003); see, e.g. Weinstock v.

9

Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 504 (2d Cir. 1994) (holding that even where a rule was so confusing as to be amended on the basis that it formed 'a trap for the unsuspecting litigant', a misunderstanding of the rules was insufficient to establish excusable neglect).

Here, the time to file responsive pleadings to a counterclaim is set plainly by the Federal Rules of Civil Procedure, in this case Fed. R. Civ. P. 12(a)(4). The deadline for responsive pleadings is an elementary part of practice, and Fed. R. Civ. P. 12(a)(4) makes the deadline in this case clear and calculable.

Despite this, Plaintiff faults the Court and Defendants for not advising him of the deadline imposed by the applicable rules. (Motion at 1, "the Court and the parties did not set a schedule for the filing of such an answer…"; Motion at 2, "[o]n January 20, 2026, the parties had a pre-summary judgment virtual/telephonic conference and discussed several substantive and procedural issues but did not discuss a date for the filing of Plaintiff's answer to the still disputed Counterclaims..." etc.)

Plaintiff does not dispute receiving the Court's January 2, 2026, Dec. & Order, and provides no authority for his proposition that the Court should have provided any extra guidance; still less a Court order-directing him precisely when to file his responsive pleading. Indeed, the Court's January 2, 2026, Dec. & Order explicitly provided the deadline for amendment, thus triggering the outside possible date for Plaintiff's answer under Fed. R. Civ. P. 12(a)(4). The law in the Second Circuit is clear: "the failure to follow the clear dictates of a court rule will generally not constitute [] excusable neglect", absent circumstances not present here, such as where "a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules." Canfield v. Van Atta Buick/GMC Trick, Inc., 127 F.3d 248, 250 (2d Cir. 1997). In sum, that the Court did not offer Plaintiff further guidance does not excuse Plaintiff's failure to consult and

10

follow the Federal Rules and act accordingly.

Having attempted to blame the Court for not providing him with supplemental calendaring instructions, Plaintiff also blames Defendants because "[o]n February 10, 2026, Defendants filed their motion and did not raise as an argument that Plaintiff had not filed an answer to the remaining Counterclaims…on March 3, 2026, Defendants filed their summary judgment reply and for the first time raised that Plaintiff had not yet filed an answer to the remaining counterclaims." Motion, 2.

Of course, the reason that Defendants "did not raise" Plaintiff's failure to answer in their February 10, 2026, motion, and instead addressed it "for the first time" in their March 3, 2026, reply, is straightforward: Plaintiff's deadline to answer fell in the interim. As explained in Defendants' summary judgment reply (and as conceded in Plaintiff's Motion), Plaintiff's deadline to file its answer was February 16, 2026 – *i.e. after* Defendants filed their February 10, 2026, motion, but *prior to* Defendants' March 3, 2026, reply. Defendants "did not raise" make the argument on February 10, 2026, because it did not yet exist. Defendants made the argument on March 3, 2026 "for the first time" due to the linear nature of time.[4]

Simply, in the Second Circuit, "the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules". Silivanch, at 368, citing Weinstock, at 503. As such, Plaintiff's motion pursuant to Ref. R. Civ. P. 6(b) should

---

[4] As noted above, this timing provided Plaintiff with a unique peril (if he failed to answer then the summary judgment stage would conclude without his having disputed the factual allegations of the Counterclaims and having waived any possible affirmative defenses) but also a unique opportunity (he was presented with the chance to file his responsive pleading, and craft any affirmative defenses, after the completion of discovery and fully aware of all of PPGNY's legal arguments on summary judgment). All he needed to do in order to avail himself of the latter, and to avoid the former, was to file his answer prior to his summary judgment opposition.

be denied for failure to establish excusable neglect.

### c. PLAINTIFF FAILS TO ESTABLISH THE REMAINING <u>PIONEER</u> FACTORS

As noted above, although Plaintiff's failure to satisfy the third Pioneer factor is dispositive, Plaintiff nevertheless to satisfy the other factors, *i.e.* (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; and (4) whether the movant acted in good faith.

Plaintiff does not argue that Defendants were not prejudiced in the context of a Rule 6(b) motion, but only (and addressed in more detail below) "in the context of a Rule 55 motion". Plaintiff notes that the delay was limited (here, 16 days), but omits the latter portion of the second factor, the "potential impact on judicial proceedings". This crucial element weighs against Plaintiff. This case was filed three years ago. Plaintiff has been aware of PPGNY's Counterclaims for over eight months. The relief sought by Plaintiff is, at best, unclear. Summary judgment briefing is complete. Plaintiff appears to indirectly be asking the Court to force the parties into an initial round of briefing (the instant motion), to be followed by a supplemental do-over on the completed summary judgment motions. The impact on judicial proceedings would be significant. In any event, Rule 6(b) motions have been denied for shorter delays than the 16 days here were, for example, "the reason for the delay is entirely unclear", or where "the reason for the late filing was that the movant merely overlooked or forgot". <u>Tancredi v. Metropolitan Life Ins. Co.</u>, 378 F.3d 220, 228 (2d Cir. 2004) (seven-day delay was not excusable neglect). Plaintiff's Motion does not address bad faith at all. As such, the three lesser Pioneer factors also weigh in favor of denying Plaintiff's motion. That being said, and as set forth above, to the extent that the Court determines that Plaintiff somehow met factors 1, 2 and 4, Plaintiff's failure to satisfy the third factor would in

any event be dispositive. <u>Robaina,</u> at *2.

    **ii.**        **Plaintiff Is Not Entitled To Relief Under Rule 55(C)**

        **a.**  **PLAINTIFF'S RULE 55(C) MOTION IS PROCEDURALLY DEFECTIVE**

Plaintiff's memorandum of law purports to move pursuant to Fed. R. Civ. P. 55(c) (as Plaintiff acknowledges, the mechanism by which "the court may set aside an entry of default for good cause") on the basis that "if [sic] filing of Plaintiff's answer to the Amended Counterclaims is not permitted at this time and the Court entertains a default by Plaintiff by failing to answer the counterclaims, Plaintiff would then move to vacate any default…" (Motion, 1).

However, PPGNY has not entered any default, nor sought a default judgment. As such Rule 55(c) is entirely inapplicable. There is no default to vacate. Rather, at the summary judgment stage, Plaintiff had not answered the Counterclaims. As such, at the time of summary judgment, the factual assertions set forth in the counterclaims by PPGNY were deemed admitted as a matter of law under rule 8(b)(6). Accordingly, PPGNY was entitled to summary judgment on the counterclaims - not a default judgment.

That Plaintiff's deadline to answer the Counterclaims fell during the summary judgment stage of litigation may have left him without an obvious vehicle to undo his error; but that alone does not allow him to misappropriate an inapplicable federal rule to remake history.

Moreover, Plaintiff's notice of motion contains no reference to Rule 55 at all. Accordingly, Plaintiff has not properly moved under Rule 55(c), given the well-settled rule in the Second Circuit that a party may not seek relief in a via memorandum of law where it is absent from the notice of motion. S.D.N.Y. Local Rule 7.1(a)(1) ("[a]ll motions must include…a notice of motion…which must specify the applicable rules or statues pursuant to which the motion is brought, and must

specify the relief sought by the motion")[5]. *See, e.g.,* <u>Triestman v. Peo</u>, No. 93-CV-1397, 1997 WL 216251, \*2 (N.D.N.Y. April 15, 1997). Similarly, Local Rule 7.1(a)(1) limits a movant's relief to that which is specified in the movant's notice of motion. Here, the only relief sought in the notice of motion is leave to file a late answer. No vacation of default is sought in the notice of motion, and thus the relief cannot be sought via memorandum of law.

### b.   PLAINTIFF FAILS TO ESTABLISH GOOD CAUSE UNDER RULE 55(C)

Even if the Court considers the motion, Plaintiff fails to satisfy the three-factor test for a Rule 55(c) motion in the Second Circuit. The "first factor in the Second Circuit test is whether the default on the part of the movant was willful." <u>In re Enron, Inc.,</u> 325 B.R.114, 118 (S.D.N.Y. 2005), citing <u>American Alliance,</u> 92 F.3d at 59. "[w]here a party deliberately defaults and intentionally fails to respond to a pleading or motion the party knew was pending, the willful factor is satisfied, regardless of whether the parties acted in good or bad faith." <u>Id.</u>

A movant fails to meet the standard for the first test where his conduct is "not satisfactorily explained". <u>Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr. LLC,</u> 779 F.3d 182, 186 (2d Cir. 2015), citing <u>SEC v. McNulty,</u> 137 F.3d 732, 738 (2d Cir. 1998). By way of example, the first test is not satisfied where the moving party "submitted no affidavits or evidence from [movant] himself or [his] law firm", as such failure renders willfulness "unclear". <u>Sears Petroleum & Transport Corp. v. Burgess Constr. Services, Inc.,</u> No. 95-cv-0892, 1997 WL 567930, at \*6 (N.D.N.Y. Sept 11, 1997); *see*, e.g. <u>United States v. Cirami,</u> 535 F2d 736, 739 (2d Cir. 1976) (willfulness standard not met where attorney failed for unexplained reasons to respond to a motion for summary judgment, noting that "we have been provided with no affidavit which would cast light on the circumstances of his failure"); <u>Chira v.</u>

---

[5] Rule 7.1(a)(1) excludes "letter-motions", however, Plaintiff did not file a letter motion.

Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (willfulness standard not met where movant failed, for flimsy reasons, to comply with a scheduling order).

As set forth above, Plaintiff does not offer any reason at all for his failure, beyond describing it as "mere inadvertence" (Motion, 1), which is a description, not a reason. Plaintiff's Motion is accompanied by no affidavit (from either party or counsel), nor does Plaintiff cite to any evidentiary record in connection with any purported reason for his failure to answer, in violation of the plain dictates of Local Rule 7.1(a)(3).

Here, Plaintiff does not dispute that the applicable Federal Rule is clear; does not dispute receiving the Court's January 2, 2026, Dec. & Order setting forth his deadline; and does not "contend that his non-compliance was due to circumstances beyond his control"; as such "an inference of willful default is justified." Bricklayers, at 187; Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (holding that when the (55)(c) movant "does not deny that he received the complaint, the court's orders, or the notice of default judgment, or that he never answered the complaint. Likewise, he does not contend that his non-compliance was due to circumstances beyond his control. These and other circumstances support of inference of willful default.")

Second, PPGNY would be prejudiced by the granting of Plaintiff's Motion (to the extent that the Court offers Plaintiff the added benefit of some sort of retroactive application). Plaintiff's summary judgment opposition to PPGNY's Counterclaims relied on arguments such as failure to mitigate damages and waiver (on the breach of contract Counterclaim) and assumption of risk (on the fraud Counterclaim), which, as a matter of law, are waived if not pled as affirmative defenses. (See, Dkt. 113, Defendants' Summary Judgment Reply, 7, 8, 10). PPGNY accordingly argued in its reply that these affirmative defense-based arguments had been waived by Plaintiff as they had

15

not been pled. Id. To the extent that Plaintiff seeks only to file an answer that would apply as to any claims surviving summary judgment, there may arguably be no prejudice to PPGNY. However, to the extent that Plaintiff is asking the Court to go back in time and apply affirmative defenses that Plaintiff had waived at the summary judgment stage, that would be prejudicial. Indeed, if Rule 55(c) could be used to avoid the consequences of waiving affirmative defenses, it would render Rule 8(c) (and the associated long-standing Second Circuit case law, e.g. Travellers Intern.), a nullity.[6]

Rule 55(c) is simply not an appropriate vehicle for the relief Plaintiff seeks. Plaintiff notes that "the filing of a late answer is analogous to a motion to vacate a default" (Motion, 5)[7], but provides no authority for the proposition for which Plaintiff appears to wish it to be applied in this case, *i.e.* that a party, having appeared and fully litigated a matter, but having failed to dispute factual allegations or raise affirmative defenses at the summary judgment stage, may use Rule 55(c) to undo the consequences of that failing. A plain reading of the Rule offers no such support; Plaintiff's brief cites to no such authority; and Defendants respectfully submit Plaintiff's Motion should be

---

[6] Finally, Plaintiff does not have meritorious defenses. For all the reasons set forth in PPGNY's Motion for Summary Judgment (Dkt. 106, 107, 113), Plaintiff lacks substantive defenses to PPGNY's Counterclaims. However, Plaintiff also lacks merit defenses because, as set forth above, he had conceded the factual allegations and waived affirmative defenses thereto. As Plaintiff's relief is procedurally improper; because he does not provide any reason for his failure to answer, never mind 'good cause'; and because the relief sought would prejudice PPGNY, the Court need not reach the substantive merit of Plaintiff's defenses: to the extent that the Court were to grant Plaintiff's Motion, that merit would be addressed by the Court on PPGNY's Motion for Summary Judgment.

[7] For the obvious reason that when a party in default as a result of non-appearance attempts to file an answer it may be presumed that the party wishes to vacate the preceding default.

16

denied.

### c. PLAINTIFF FAILS TO ESTABLISH EXTRAORDINARY CIRCUMSTANCES

Notably, beyond the Federal Rules, the Court's Individual Rules mandate that "[a]bsent extraordinary circumstances, requests for extensions will be denied if not made before the expiration of the original deadline." Rule 1.F.

As set forth above, Plaintiff had broadly ignored the Court's Individual Rules entirely in his filing and execution of the instant Motion, and he does not make even a passing acknowledgement of the Court's Individual standard for the relief sought. Just as Plaintiff fails to provide the Court with good cause, or excusable neglect, Plaintiff offers no "extraordinary circumstances" that would support his request for an extension of time to answer being granted after the original February 16, 2026, deadline as the Court's Individual Rules required. It is well-accepted that in the Southern District – indeed, in all courts - "compliance with local rules and individual rules of practice is not a matter to be taken lightly or ignored…" Santander Consumer USA, Inc. v. City of Yonkers, No. 22-cv-8870, 2024 WL 4817649, at FN2 (S.D.N.Y. Nov 18, 2024). Plaintiff's decision to ignore the Court's Individual Rules, and refusal to provide any explanation, any supporting evidence in support of an explanation, or even acknowledge the "extraordinary circumstances" standard set by the Court warrants at a minimum denial of his motion.

### C. PLAINTIFF'S REQUESTED RELIEF DOES NOT APPLY RETROACTIVELY

In any event, the relief sought by Plaintiff, even if granted, would have no bearing on Defendants' fully completed summary judgment motion. Local Rule 7.1.(a)(1) makes clear that a movant is limited to the relief sought in his notice of motion, regardless of the contents of his memorandum of law. Here, the relief sought is solely "leave to file a late answer". Dkt. 114.

Plaintiff does not contest that even were the Court to permit him to file an answer at this

17

late stage, that such an answer could retroactively be read as having been filed prior to summary judgment. Plaintiff appears to argue that its "detailed responses to the factual allegations in Defendants' Rule 56.1 Statement" should be read as a denial of the factual allegations of the Counterclaims, but provides no authority in support of this claim. Motion, 3-4.

"An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." FRCP 8(b)(6). The failure to file an answer constitutes an admission of the well-pleaded allegations, and "foreclose[s the party] from raising [what they would have said in the answer] in any subsequent proceeding." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Further, the Second Circuit has held that a party cannot create a genuine dispute of material fact at the summary judgment phase by contradicting what they have previously asserted. *See, e.g.*, Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 619 (2d Cir. 1996) ("a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony").

In other words, a party cannot use a Rule 56.1 response to contradict his pleading position (in this case that the factual allegations of the Counterclaim were "not denied") at the summary judgment stage. Rule 56 is intended to govern disputes over admissible evidence, not provide a workaround for a party's binding judicial admissions.

Plaintiff failed to answer PPGNY's Counterclaims and thereby admitted all well-pleaded factual allegations therein—other than those relating to damages—pursuant to Federal Rule of Civil Procedure 8(b)(6). When Plaintiff defaulted on the counterclaim, the allegations contained therein were deemed admitted and constitute a concession of liability. *See* Greyhound Exhibitgroup, Inc., 973 F.2d at 158 ("[A] party's default is deemed to constitute a

18

concession of all well pleaded allegations of liability." Such admissions are binding within the action and may not be contested absent relief from default. *See* <u>Banks v. Yokemick</u>, 214 F. Supp. 2d 401, 405 (S.D.N.Y. 2002) (judicial admissions are binding formal concessions in the pleadings).

Plaintiff offers no authority to support the proposition that even if the Court were to grant Plaintiff's Motion, the proposed answer would be retroactively applied to the fully-briefed summary judgment motion. Nothing in the text of Rule 55(c) (or the other rules under which Plaintiff purports to move) supports a retroactive application, nor provides authority to retroactively undo Rule 8(b)(6) admissions.

At the completion of the summary judgment stage of this case, Plaintiff had judicially admitted and conceded all factual allegations asserted in the Counterclaims. As set forth in Defendants' summary judgment papers, because: (1) the Court has already ruled following Plaintiff's two Motions to Dismiss that the remaining Counterclaim allegations, if true, render Plaintiff liable; and (2) Plaintiff did not dispute the factual allegations; then (3) *ergo sequitur*, Plaintiff is liable on the Counterclaims.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants' respectfully submit that Plaintiff's Motion should be denied in its entirety.

**WHEREFORE**, it is respectfully requested that this Court deny Plaintiff's Motion, and that this Court grant Defendants such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
         March 19, 2026

                                        **KAUFMAN DOLOWICH LLP**
                                        *Attorneys for Defendants*

                                        By: _____
                                            Charles Ben Bergin, Esq.
                                            Melissa C. Cartaya, Esq.

John E. Mancebo, Esq.
245 Main Street, Suite 330
White Plains, New York 10601
(914) 470-0001

20

**CERTIFICATION**

I hereby certify pursuant to the Court's Individual Rules of Practice 3.C. that the enclosed brief is produced using 12-point Times New Roman type and the total number of words in the foregoing document including footnotes and exclusive of the caption, table of contents, table of authorities, and signature block, is less than 6, 224 words according to the "Word Count" function of Microsoft Word, the word-processing system used to prepare the document, and thus that the document complies with the word count limit set forth in Rule 3.C.