UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

SAMUEL RICARLOS MITCHELL, JR.,

                                *Plaintiff*,               Case No. 23-cv-1932

            -against-

PLANNED PARENTHOOD OF GREATER NEW YORK, INC., WENDY STARK individually, ANDREA HAGAN individually, GILLIAN DEAN individually, KEITH CORSO individually, and ANNE DAVIS individually,

                              *Defendants*.

-----------------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'SMOTION TO FILE AN ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Tracey L. Brown, Esq.
Derek S. Sells, Esq.
The Cochran Firm
55 Broadway, 23rd Floor
New York, NY 10006
T: (212) 553-9215
F: (212) 227-8763
tbrown@cochranfirmny.com
dsells@cochranfirmny.com

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ......................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ......................................................................................................................... 1

    I.     RULE 55(c) APPLIES TO THE INSTANT MOTION ................................................ 1

    II.    AFFIRMATIVE DEFENSES CAN BE MAINTAINED IF UNPLEADED ............... 3

    III.   THE PIONEER FACTORS SUPPORT MR. MITCHELL'S MOTION ..................... 5

    IV.   THE COURT CAN EXCUSE NON-COMPLIANCE WITH LOCAL RULES .......... 8

CONCLUSION ...................................................................................................................... 9

CERTIFICATE OF COMPLIANCE ...................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

Am. Fed. Group, Ltd. v. Rothenberg, 136 F.3d 897 [2d Cir. 1998] ................................................3

Anderson v Beland (In re Am. Express Fin. Advisors Sec. Litig.), 672 F3d 113 [2d Cir 2011]...................5

Cactus Paper, LLC v Prestia, 2014 US Dist LEXIS 141018 [EDNY Oct. 2, 2014] ....................................2

Canfield v Van Atta Buick/GMC Truck, 127 F3d 248 [2d Cir 1997] .....................................................6

Castillo v Snedeker, 2023 US Dist LEXIS 203955 [SDNY Nov. 9, 2023]...................................................8

Enron Oil Corp. v Diakuhara, 10 F3d 90 [2d Cir 1993] ..........................................................................3, 7

Foman v Davis, 371 US 178 [1962] ...........................................................................................................7

Joe Hand Promotions, Inc. v Kessler, 2021 US Dist LEXIS 178296 [NDNY Sep. 20, 2021] .....................2

John v Sotheby's, 141 FRD 29 [SDNY 1992] .......................................................................................1, 2

Liang v Home Reno Concepts, LLC, 803 F App'x 444 [2d Cir 2020].........................................................1

Meehan v Snow, 652 F2d 274 [2d Cir 1981].........................................................................................2, 3

Pension Ben. Guar. Corp. v Canadian Imp. Bank of Comm., 1989 US Dist LEXIS 4982 [SDNY May 8, 1989].........................................................................................................................................2

Phoenix Global Ventures, LLC v Phoenix Hotel Assoc., Ltd., 422 F3d 72 [2d Cir 2005] ..........................8

Pioneer Inv. Servs. v Brunswick Assoc. LP, 507 US 380 [1993]...........................................................5, 8

Robaina v Deva Concepts, LLP, 2023 U.S. App. LEXIS 10399, [2d Cir, Apr. 28, 2023] ..........................7

Rose v AmSouth Bank, 391 F3d 63 [2d Cir 2004] ....................................................................................3

Saks v. Franklin Covey Co., 316 F.3d 337 [2d Cir. 2003] ........................................................................3

Silivanch v Celebrity Cruises, Inc., 333 F3d 355 [2d Cir 2003]................................................................6

Somlyo v J. Lu-Rob Enters., Inc., 932 F2d 1043 [2d Cir 1991]................................................................8

Somlyo v J. Lu-Rob Enters., Inc., 932 F2d 1043, 1048 [2d Cir 1991] ......................................................8

Weinstock v Cleary, Gottlieb, Steen & Hamilton, 16 F3d 501 [2d Cir 1994] ............................................6

Youngjoo Rhee v SHVMS, LLC, 2023 US Dist LEXIS 229071 [SDNY Dec. 26, 2023]............................8

**Statutes**

Fed. R. Civ. P. 6(b)(1)(B)...........................................................................................................................6

**PRELIMINARY STATEMENT**

Plaintiff has consistently and vigorously challenged Defendants' counterclaims for more than seven months. Mr. Mitchell filed his first motion to dismiss Defendants' counterclaims on August 4, 2025, and then again vigorously challenged Defendants' amended counterclaims on September 15, 2025, when he filed his second motion to dismiss. In addition, Mr. Mitchell vigorously opposed those same counterclaims during his deposition testimony, which is cited in Plaintiff's 56.1 Response and Counterstatement (Dkt. 109-1), and in his opposition to Defendants' summary judgment motion.  There is simply no basis for Defendants to argue that they are prejudiced or have not had an opportunity to fully brief and propound arguments related to their counterclaims. As such, Plaintiff's inadvertence in filing an answer 16 days late should be excused by way of granting his motion to file the late answer under both Rule 6(b)(1)(B) which applies retroactively, and Rule 55(c). Any procedural deficiencies in Plaintiff's motion are within the Court's discretion to overlook in the interests of justice, where as here there is no prejudice to Defendants.

Contrary to Defendants' assertions, Plaintiff is not seeking to cast blame on the Court or any other party and maintains that equity requires that the answer be accepted and the counterclaims continue to be litigated on the merits.  Plaintiff submits the following memorandum of law in further support of Plaintiff's Motion for leave to file a late answer and granting such other and further relief as the Court deems to be just and proper.

**ARGUMENT**

**I.    RULE 55(c) APPLIES TO THE INSTANT MOTION**

Despite Defendants' contentions, "(t)he filing of a late answer is analogous to a motion to vacate a default" (Liang v Home Reno Concepts, LLC, 803 F App'x 444, 446 [2d Cir 2020] *quoting* John v Sotheby's, 141 FRD 29, 35 [SDNY 1992] *citing* Meehan v Snow, 652 F2d 274 [2d

1

Cir 1981]). "This is because the party filing the late answer receives the same opportunity to present mitigating circumstances that [he] would have had if a default had been entered and [he] moved under Rule 55(c) to set it aside" (John v Sotheby's, 141 FRD 29, 35 [SDNY 1992] *internal quotations omitted*; *see also* Cactus Paper, LLC v Prestia, 2014 US Dist LEXIS 141018 [EDNY Oct. 2, 2014]; Joe Hand Promotions, Inc. v Kessler, 2021 US Dist LEXIS 178296 [NDNY Sep. 20, 2021, No. 5:20-cv-894] aff'd, 667 F. App'x 18 [2d Cir. 2016]).[1]

"The practical effect of refusing to allow [Mr. Mitchell] to answer is to enter a default against him" (Pension Ben. Guar. Corp. v Canadian Imperial Bank of Commerce, 1989 US Dist LEXIS 4982, at *6 [SDNY May 8, 1989, No. 87 Civ. 1046]).

Accordingly, PPGNY's current position to not seek a clerk's default or move for a default judgment is of no moment as its argument – that Mr. Mitchell's failure to interpose a timely answer constitutes an admission to the counterclaims and a waiver of affirmative defenses and thus summary judgment is appropriate because there are no triable issues of fact – is, as the Courts of this Circuit have long recognized, the identical logic behind the concept of a default judgment.

"In determining whether to grant a motion for leave to serve a late Answer, the relevant factors include whether the failure to answer was willful, whether [Mr. Mitchell] has a meritorious defense, and whether [PPGNY] would be prejudiced by allowing [the defendant] to enter the proceedings at this late date." Id.

As stated in Plaintiff's moving papers, and the accompanying Declaration of Tracey L. Brown, Esq., Mr. Mitchell's filing of a late answer was due to an inadvertent calendaring error. Mr. Mitchell's opposition to Defendants' motion for summary judgment demonstrates that he has numerous meritorious defenses. And as explained *infra*, PPGNY has suffered no prejudice.

---

[1] Defendants' Memorandum of Law in Opposition itself concedes the applicability of Rule 55 in referring to Plaintiff "defaulting on the counterclaim" at pp. 18-19.

2

PPGNY, in its summary judgment Reply Memorandum of Law, made substantive, albeit unpersuasive, arguments in response to each of the affirmative defenses raised by Mr. Mitchell in his opposition to Defendants' Motion for Summary Judgment. These arguments and defenses have been raised since August and September 2025. As such, it is disingenuous for Defendants to argue that its Reply lacks anything it would have contained had Mr. Mitchell timely interposed his answer and affirmative defenses.

Further, in this vein, accepting a late answer has no prejudicial effect on the Court's consideration of the motion for summary judgment as the Court need only ignore PPGNY's arguments about waiver and its request for a *de facto* default judgment and rely solely on PPGNY's substantive responses to Mr. Mitchell's arguments. And "[w]hile courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort" (Meehan v Snow, 652 F2d 274,277 [2d Cir 1981]; *see also* Enron Oil Corp. v Diakuhara, 10 F3d 90, 96 [2d Cir 1993] holding that the "good cause requirement" with respect to vacating defaults or default judgments "should be construed generously").

## II.    AFFIRMATIVE DEFENSES CAN BE MAINTAINED IF UNPLEADED

The Second Circuit has long held that "waiver of an unpleaded defense may not be proper where the defense is raised at the first pragmatically possible time and applying it at that time would not unfairly prejudice the opposing party" (Rose v AmSouth Bank, 391 F3d 63, 65 [2d Cir 2004] *quoting* Am. Fed. Group, Ltd. v. Rothenberg, 136 F.3d 897,910 [2d Cir. 1998]). "[A] district court may ... entertain unpleaded affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings" (Id. *quoting* Saks v. Franklin Covey Co., 316 F.3d 337, 350 [2d Cir. 2003]).

3

In this regard, all of the affirmative defenses to PPGNY's counterclaims that Mr. Mitchell asserted in his Answer and in opposition to Defendants' Motion for Summary Judgment were first asserted in one or both of his motions to dismiss the counterclaims. In Mr. Mitchell's August 4, 2025, Motion to Dismiss the original counterclaims (Dkt. Nos. 65-66), Mr. Mitchell raised *inter alia* the arguments that the Offer Letter was ambiguous as to the residency requirement, that PPGNY waived the residency requirement, and that in any event, PPGNY either has no damages or is not entitled to recover them due to an unreasonable failure to mitigate. As to Defendants' asserted fraud counterclaims, Mr. Mitchell argued that the original counterclaims failed to meet Rule 9's specificity requirement, and Mr. Mitchell was on insufficient notice of PPGNY's claims to substantively respond at that time.

Once PPGNY repleaded its counterclaims, in his September 15, 2025, Motion to Dismiss the amended counterclaims (Dkt. Nos. 83-84), Mr. Mitchell re-asserted all of the affirmative defenses to the breach of contract claims and also asserted substantive affirmative defenses concerning the fraud claims. All of the defenses raised in those motions were reasserted in Mr. Mitchell's summary judgment opposition and subsequent Answer.

In addition, contrary to Defendants' assertion, Mr. Mitchell never "judicially admitted and conceded all factual allegations asserted in the counterclaims." Mr. Mitchell has vigorously denied the counterclaims at every turn, including in his 56.1 Response and Counterstatement (Dkt. 109-1 at ¶¶23, 26-28, 57-59) which cites to his deposition testimony.

Given that PPGNY was on notice of Mr. Mitchell's affirmative defenses since Mr. Mitchell's first opportunity to litigate the counterclaims seven months ago in his August and September 2025 motions to dismiss the counterclaims, and Defendants substantively addressed

4

the affirmative defenses in its Motion for Summary Judgment, there is no prejudice, undue delay, bad faith, or dilatory motive that would justify a finding of waiver.

## III.     THE PIONEER FACTORS SUPPORT MR. MITCHELL'S MOTION

While, as explained *supra*, Rule 55(c) is the appropriate standard on applications such as the instant one, Plaintiff will, without conceding their applicability to the instant motion, address the factors outlined in Pioneer Inv. Servs. v Brunswick Assoc. LP, 507 US 380, 392 [1993] ("Pioneer"). The Supreme Court set forth four factors to be considered in connection with an assertion of excusable neglect as justification for a missed judicial deadline: "(1) the danger of prejudice to the party opposing the extension; (2) "the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control" of the party seeking the extension; and (4) whether the party seeking the extension acted in good faith" (Anderson v Beland (In re Am. Express Fin. Advisors Sec. Litig.), 672 F3d 113, 129 [2d Cir 2011] *internal quotations omitted*). "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' [the Supreme Court concluded] that the determination is at bottom an **equitable one**, taking account of all relevant circumstances surrounding the party's omission" Pioneer at 395 *emphasis supplied*.

In this regard, the Supreme Court noted that "in applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant. Pioneer at 391-392.

With this framework in mind, the totality of the circumstances supports an extension under Rule 6(b) as well as under Rule 55(c). In addition, contrary to Defendants' assertions, Rule

6(b)(1)(B) does in fact apply retroactively. The rule states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time... on motion made after the time has expired if the party failed to act because of excusable neglect." The clear language of the Rule specifically addresses that it can permit an application "after the time has expired" which clearly means retroactively.

With respect to the first two factors, as established above, there is no prejudice to PPGNY, and as Defendants' motion for summary judgment is fully briefed, the brief 16-day delay in filing the Answer causes no delay to judicial proceedings. Moreover, as the delay was due to an inadvertent calendaring error, there was no bad faith. With respect to the final factor, while Plaintiff recognizes that Courts disfavor granting retroactive extensions under Rule 6(b) where law office error was a factor, the broader equitable and public policy considerations override such disfavor in this instance.

On this factor, PPGNY cites to Silivanch v Celebrity Cruises, Inc., 333 F3d 355 [2d Cir 2003] and Weinstock v Cleary, Gottlieb, Steen & Hamilton, 16 F3d 501, 504 [2d Cir 1994], however both are distinguishable. Silivanch concerned an untimely Notice of Appeal pursuant to Fed. R. App. P. 4 in a matter that had already been tried by a jury and reduced to judgment (333 F3d at 359-362). Thus, the denial of leave to file a late Notice of Appeal did not deprive the appellant of his ability to have his claims and/or defenses heard on their merits in the first instance. Weinstock also concerned an untimely Notice of Appeal pursuant to Fed. R. App. P. 4 and the order that the appellant was appealing from therein was an order dismissing his complaint without prejudice pending the resolution of certain related state court litigation. Consequently, the appellant therein, like the appellant in Silivanch, was not denied a resolution on the merits (16 F3d at 502). Canfield v Van Atta Buick/GMC Truck, 127 F3d 248, 250 [2d Cir 1997], also cited by

6

Defendants, is distinguishable in that it concerned an untimely opposition to a motion and involved prejudice to the moving party; vacating the final judgment therein would have required additional briefing by the movant.

In Robaina v Deva Concepts, LLP, 2023 U.S. App. LEXIS 10399, at *5 [2d Cir, Apr. 28, 2023, No. 22-1142], cited by Defendants, the Court noted that the mistake leading to the delay was most persuasive partly because the other three Pioneer factors were only "nominally more favorable" to Plaintiff. Here the other three factors are significantly more favorable to Plaintiff: there has been zero prejudice as Defendants have had a full and fair opportunity to brief and argue all issues related to the challenges to the counterclaims; the delay was a nominal two weeks as opposed to the three-month delay in Robaina; and Plaintiff acted with good faith and consistently challenged the counterclaims throughout the litigation. Further, Robaina concerned the movant's ability to opt out of a class action settlement after she missed the deadline to do so, so her interests were nevertheless represented and litigated in the class action. She was not deprived of due process as result of the denial of the leave/extension.

Those decisions stand in contrast to the instant matter where denial of leave to file a late answer will deprive Mr. Mitchell of his ability to have the claims against them heard on their merits via a *de facto* default judgment. As such, given that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities" (Foman v Davis, 371 US 178, 181 [1962]) and that "defaults are generally disfavored and are reserved for rare occasions" (Enron Oil Corp. v Diakuhara, 10 F3d 90, 96 [2d Cir 1993]) and that "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party" (Id.), the "at bottom" equitable analysis

7

(Pioneer Inv. Servs. v Brunswick Assoc. LP, 507 US 380, 395 [1993]) favors granting Plaintiff's motion.

## IV.    THE COURT CAN EXCUSE NON-COMPLIANCE WITH LOCAL RULES

A "district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked" (Somlyo v J. Lu-Rob Enters., Inc., 932 F2d 1043, 1048 [2d Cir 1991]). The district court's inherent discretion to depart from the letter of the Local Rules extends to every Local Rule regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule. Id. "It is the business of the district court to determine whether fairness demands that noncompliance be excused." (Phoenix Global Ventures, LLC v Phoenix Hotel Assoc., Ltd., 422 F3d 72, 76 [2d Cir 2005] *quoting* Somlyo v J. Lu-Rob Enters., Inc., 932 F2d 1043, 1048 [2d Cir 1991]).

Courts in the SDNY have consistently exercised discretion to overlook such procedural deficiencies when doing so would serve the interests of justice and allow the motion to be resolved on its merits rather than dismissed on technical grounds. Specifically, "the Court has discretion to overlook a failure to comply with Local Civil Rule 7.1" pro (Castillo v Snedeker, 2023 US Dist LEXIS 203955, at *1 [SDNY Nov. 9, 2023, No. 21-CV-11109]). *See also* Youngjoo Rhee v SHVMS, LLC, 2023 US Dist LEXIS 229071, at *1 [SDNY Dec. 26, 2023, No. 21-cv-4283] where the court reiterated its discretion to overlook noncompliance with Local Rule 7.1(a)(1) and proceeded to evaluate the motion on its merits, provided the parties were fairly and adequately apprised of the nature and basis of the application. Here, Defendants have been fairly and adequately apprised of the nature and basis of Plaintiff's challenges to the counterclaims for over several months.

Accordingly, to the extent that any local or individual rules were not complied with, the Court is well within its discretion to excuse such non-compliance if it determines that fairness so

demands, and given the equitable and public policy considerations explained *supra*, fairness indeed demands it in this instance.

## **CONCLUSION**

Wherefore, for the foregoing reasons, Plaintiff respectfully prays for an Order granting Mr. Mitchell leave to file the late Answer which reasserts his challenges to Defendants' counterclaims and granting such other and further relief as the Court deems to be just and proper.

Dated:  March 26, 2026
        New York, NY

Respectfully submitted,


   /s/ Tracey L. Brown
Tracey L. Brown, Esq.


   /s/ Derek S. Sells
Derek S. Sells, Esq.

9

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), the undersigned hereby certifies that exclusive of the exempted portions of this memorandum of law, as provided in L.R. 7.1(c), the brief contains 2,674 words. The memorandum also has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office in 12-point Times New Roman font. As permitted by L.R. 7.1(c), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated:  March 26, 2026
         New York, NY

       /s/ Tracey L. Brown
Tracey L. Brown, Esq.

       /s/ Derek S. Sells
Derek S. Sells, Esq.