THE COCHRAN FIRM

ONE EXCHANGE PLAZA
55 BROADWAY – 23rd FLOOR
NEW YORK, NEW YORK 10006
TELEPHONE: (212) 553-9215
FAX: (212) 227-8763

Writer's direct dial (212) 553-9165

February 24, 2026

**VIA ECF**
**Hon. Jennifer L. Rochon**
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Plaintiff's request is GRANTED. Plaintiff must file the HCE Settlement under seal forthwith and no later than **July 23, 2026**. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 108.

**SO ORDERED.**

Dated: July 21, 2026
New York, New York

Jennifer Rochon
**JENNIFER L. ROCHON**
**United States District Judge**

Re: Samuel R. Mitchell, Jr. v. Planned Parenthood of Greater New York, et al.
Case No. 23-CV-1932

Dear Judge Rochon:

I am counsel of record for Plaintiff Samuel R. Mitchell, Jr. in the above-referenced action. I write to request permission to file one exhibit that Mr. Mitchell intends to use in support of his opposition to Defendants' Motion for Summary Judgment – Mr. Mitchell's Confidential Settlement Agreement between himself and Healthcare Express ("HCE Settlement"), under seal at the Restricted Viewing Level[1] "Selected Parties"[2] with access restricted to only Counsel for Plaintiff, Counsel for Defendants, and the Court and its personnel.[3] The reason for this request is that the HCE Settlement contains confidentiality provisions that prohibit the disclosure of its terms except under limited circumstances. Accordingly, to abide by the confidentiality provisions of the HCE Settlement, we are seeking to seal the agreement from public view.

The common law right of public access to judicial documents is firmly rooted in our nation's history. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public

---

1 *See* Local ECF Rules for the United States District Court for the Southern District of New York ("Local ECF Rules") 6.5, 6.9

2 Local ECF Rule 6.9 defines "Selected Parties" as meaning "[a]ccess is restricted by the filer to attorneys appearing for selected case participants, selected pro se parties with ECF access, and court personnel"

3 To be clear, documents sealed in this manner would be accessible to counsel for Defendant PPGNY. Further, counsel for Defendants received these documents in response to a third-party subpoena which were then produced to Plaintiff during discovery.

to have confidence in the administration of justice. United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Lugosch, *supra* at 119.

In this regard, as the HCE Settlement concerns a transaction between Mr. Mitchell and a non-party to the action who explicitly desired confidentiality with respect to the agreement and its terms and who is not a public figure,[4] sealing is appropriate in order to protect the said non-party's interests. *See* Amodeo, *supra* at 1051 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access. Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure.'").

The HCE Settlement itself has no bearing on the subject of the instant litigation and is only being introduced in relation to Mr. Mitchell's understanding of his confidentiality obligations thereunder. As such, HCE's privacy interests supersede the public's in having largely irrelevant information be made public contrary to its will.

Lastly, the manner in which Mr. Mitchell requests this information be sealed – specifically, filed on the ECF system with access restricted to only Plaintiff's counsel, Defendants' counsel, and the Court and its personnel – does not in any way prejudice Defendants in their ability to reply to Mr. Mitchell's opposition, nor does it restrict the Court in the exercise of its Article III functions including, but not limited to ruling on Defendants Motion for Summary Judgment.

We have conferred with counsel for Defendants regarding this motion and they stated that they were not in a position to either consent or oppose the proposed motion to seal at this stage.

Accordingly, Mr. Mitchell respectfully prays for an order permitting him to file the aforementioned documents under seal at the Restricted Viewing Level" "Selected Parties" as well as for such other and further relief as the Court deems to be just and proper.

Respectfully submitted,

/s/ Tracey L. Brown
Tracey L. Brown, Esq.

[4] HealthCare Express is not so well known or influential so as to be considered a general public figure, nor does it meet the standard to qualify as a limited purpose public figure. *See* N.Y. Times Co. v. Sullivan, 376 U.S. 254 (1964); Biro v. Condé Nast, 963 F. Supp. 2d 255 (S.D.N.Y. 2013).