UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SAMUEL RICARLOS MITCHELL, JR.,

*Plaintiff*,

- against -

Civil Case No.: 1:23-cv-01932-JLR

PLANNED PARENTHOOD OF GREATER NEW YORK, INC., WENDY STARK individually, ANDREA HAGAN individually, GILLIAN DEAN individually, KEITH CORSO individually, and ANNE DAVIS individually,

*Defendants*.
-------------------------------------------------------------X

**PPGNY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**

Kaufman Dolowich, LLP
John E. Mancebo, Esq.
Charles B. Bergin, Esq.
*Attorneys for PPGNY*
245 Main Street, Suite 330
White Plains, New York 10601
jmancebo@kaufmandolowich.com
cbergin@kaufmandolowich.com

**TABLE OF CONTENTS**


PRELIMINARY STATEMENT…………………………………………………………..1

STANDARD OF REVIEW…………………………………………………………..3

ARGUMENT………………………………………………………………………3

POINT I - THE COURT SHOULD PRECLUDE ANY REFERENCE TO MITCHELL'S DISMISSED CLAIMS AND RELATED COMPLAINTS……………………………………………………………………….3

POINT II - THE COURT SHOULD PRECLUDE MITCHELL FROM CALLING PPGNY'S CEO AND OTHER WITNESSES HE HAS NOT SHOWN TO BE RELEVANT TO THE ISSUES FOR THIS TRIAL……………………………………5

POINT III - THE COURT SHOULD TREAT AS ESTABLISHED THE FACTS IT HAS ALREADY DETERMINED ARE NOT GENUINELY IN DISPUTE AND PRECLUDE MITCHELL FROM IMPROPERLY CHALLENGING THEM AT TRIAL………………….8

CONCLUSION……………………………………………………………………..10

# TABLE OF AUTHORITIES

*Gorbea v. Verizon New York, Inc., 11-cv-3758,*
2014 WL 2916964 (E.D.N.Y. June 25, 2014) ....................................................................4

*Hamza v. Saks Fifth Ave., Inc., No. 07-CV-5974*,
2011 WL 6187078 (S.D.N.Y. Dec. 5, 2011) ......................................................................4

*Luce v. United States*,
469 U.S. 38, 40 n.2 (1984)……………………………………………………….................3

*Monroe v. Town of Haverstraw,*
639 F. Supp. 3d 459 (S.D.N.Y. 2022) ................................................................................ 3

*Palmieri v. Defaria,*
88 F.3d 136, 141 (2d Cir. 1996)………………………………………………………….3

*Perry v. Ethan Allen, Inc.*,
115 F.3d 143 (2d Cir. 1997) ...............................................................................................3

*United States v. Corr*,
543 F.2d 1042 (2d Cir. 1976) .............................................................................................3

*United States v. Tokash,*
282 F.3d 962, 968 (7th Cir. 2022)……………………………………………………..3

**Rules & Statutes**

Federal Rules of Civil Procedure 56(g) ...........................................................................2,8,10

Federal Rules of Evidence 401 .......................................................................................4,5,6,7

Federal Rules of Evidence 402 ..............................................................................................4,7

Federal Rules of Evidence 403 ..............................................................................................4,6

Federal Procedure, Lawyers Edition, 27A Fed. Proc., L. Ed. § 62:686...........................................8

Counterclaim Plaintiff Planned Parenthood of Greater New York, Inc. ("PPGNY"), by and through its undersigned counsel, and following PPGNY's unsuccessful efforts to meet-and-confer with Counterclaim Defendant Samuel R. Mitchell Jr. ("Mitchell"), respectfully submits this Memorandum of Law in support of its motion *in limine*.

**PRELIMINARY STATEMENT**

PPGNY respectfully seeks advance ruling to preclude Mitchell from: (1) introducing at trial evidence relating to his already-dismissed claims and related complaints; (2) calling witnesses who have no connection to the issues for trial; and (3) disputing facts that the Court has already determined are not genuinely in dispute.

As set forth in the accompanying affidavit (Bergin Aff.), since the Court's August 14, 2026 Decision and Order (Doc. No. 121), (the "Aug 14. 2026 Dec. & Ord."), PPGNY has repeatedly attempted to resolve these issues with Mitchell's counsel.

On September 29, 2026, three weeks after the agreed-upon exchange date, and only three business days before the extended Court-ordered deadline, Mitchell finally provided his draft submissions and proposed trial information, such as proposed witnesses and exhibits. The reason became apparent: Mitchell's proposed submissions ignore and disregard the Aug 14. 2026 Dec. & Ord., and, for the same reason, Mitchell seeks to present witnesses and exhibits untethered to the issues remaining for trial.

As set forth below, Mitchell should be precluded from re-litigating his already dismissed claims of discrimination and retaliation, as well as his complaints to similar effect, at a trial whose issues have already been narrowed to only: (a) Mitchell's affirmative defenses to

PPGNY's counterclaim for breach of contract; (b) limited elements of PPGNY's counterclaim for fraud; and (c) damages.

Second, having withheld the identities of his proposed witnesses until the very last minute, Mitchell failed to provide the testimony summaries required by the Court's Individual Rules until two days before the Court-ordered deadline. Having finally done so, the subject matter of the purported witness testimony is palpably irrelevant to the issues to be tried. For example, PPGNY Chief Executive Officer Wendy Stark was not even employed by PPGNY until October 2022 – after the operative time period, which occurred between September 2021 (when Mitchell first defrauded PPGNY to secure the Interim COO job)), and March 2022 (when he lied to then-CEO Joy Calloway to secure the full-time position), or by Mitchell's claimed "waiver" deadline on the breach of contract claims (August 2022). Across two days of deposition testimony, Mitchell's counsel did not ask her about these topics, nor was there any reason to. Ms. Stark has nothing to do with the claims at issue for trial. His other proposed witnesses addressed herein fare no better: according to Mitchell, several would testify regarding an unspecified "investigation" into him in March 2023, well after the operative period, and Andrea Hagan, who has already been dismissed from this action. For each proposed witness Mitchell has failed to identify how their testimony could be relevant, and the purported testimony belies their real purpose: Mitchell's efforts to use this trial to relitigate his already dismissed claims relating to his termination in March 2023

Finally, the Court's Aug. 14, 2026, Dec. & Ord. held that numerous material facts were not genuinely in dispute and did not need to be tried by a jury. Those facts should be treated as established under Fed. R. Civ. P. 56(g), and Mitchell should be precluded from challenging them at trial.

Mitchell's broader efforts to challenge the legal holdings of the Aug. 14. 2026 Dec. & Ord. are addressed via separate motion practice.

**STANDARD OF REVIEW**

"The purpose of a motion *in limine* is to allow the trial court to rule in advance on the admissibility and relevance of certain forecasted evidence." Monroe v. Town of Haverstraw, 639 F. Supp. 3d 459, 462 (S.D.N.Y. 2022) (citing to Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Fed. R. Evid. 104. The principle underpinning a motion *in limine* is that it seeks to avoid "lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996), with the stated statutory goal being to "streamline trials and settle evidentiary disputes in advance". United States v. Tokash, 282 F.3d 962, 968 (7th Cir. 2002).

The Court may rely on both its own discretion as well as the Federal Rules of Evidence in determining whether or not to preclude evidence. Perry v. Ethan Allen, Inc., 115 F.3d 143, 150 (2d Cir. 1997); United States v. Corr, 543 F.2d 1042, 1051 (2d Cir. 1976).

**ARGUMENT**

**I. THE COURT SHOULD PRECLUDE ANY REFERENCE TO MITCHELL'S DISMISSED CLAIMS AND RELATED COMPLAINTS**

PPGNY respectfully submits that Mitchell should be precluded from introducing at trial evidence relating to his previously dismissed claims against PPGNY. As the Court is aware, Mitchell brought claims of discrimination (which were dismissed pursuant to this Court's June 30, 2025, Decision & Order, Doc. No. 62) and retaliation (dismissed pursuant to this Court's August 14, 2026, Decision & Order, Doc. No. 121). The only claims remaining for trial are PPGNY's counterclaims.

Fed. R. Evid. 402 provides that "irrelevant evidence is not admissible", and Fed. R. Evid. 401 provides that evidence is only relevant if it has "a tendency to make a fact more or less probably than it would be without the evidence" and thus "the fact is of consequence in determining the action". Courts in the Second Circuit have long held that "previously dismissed claims, and evidence thereof, are not of consequence in determining the action" and thus, absent special circumstances not present here, evidence of such dismiss claims "will be excluded". Gorbea v. Verizon New York, Inc., 11-cv-3758, 2014 WL 2916964, at *2 (E.D.N.Y. June 25, 2014); see, also, Hamza v. Saks Fifth Ave., Inc., No. 07-CV-5974, 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011) (excluding, pursuant to Federal Rules of Evidence 401 and 402, evidence of previously dismissed discrimination claims).

In this case, Fed. R. Evid. 403 independently supports preclusion. Fed. R. Evid. 403 prohibits even relevant evidence where, *inter alia*, the risk of either prejudice or confusion to the jury outweighs the probative value. Here, the Court dismissed Mitchell's claims in part because, contrary to his assertions, Mitchell was not terminated for any discriminatory purpose, but because PPGNY discovered his fraud. Doc. No. 121.

Mitchell's dismissed legal claims, and the complaints he made during his tenure at PPGNY (see, Doc. No. 121, Section I.C.) are irrelevant to the issues to be tried, and PPGNY respectfully submits that evidence relating thereto should be precluded. Permitting Mitchell to relitigate those claims before the jury would not only be confusing, it would create a trial-within-a-trial on claims already dismissed by the Court, and PPGNY respectfully submits he should be precluded from so-doing.

## II. THE COURT SHOULD PRECLUDE MITCHELL FROM CALLING PPGNY'S CEO AND OTHER WITNESSES WHOSE TESTIMONY HE HAS NOT SHOWN TO BE RELEVANT TO THE ISSUES FOR TRIAL

PPGNY also moves to preclude Mitchell from calling irrelevant witnesses, such as PPGNY Chief Executive Officer Wendy Stark. The only claims remaining for trial are PPGNY's counterclaims for breach of contract, and for fraud.

The breach of contract counterclaim concerns Mitchell's failure to secure (or even seek) New York residency as his Employment Agreement required; specifically, Mitchell's defense that PPGNY was aware of his failure to seek residency and thus waived its right to bring a breach of contract claim. Ms. Stark cannot possibly offer testimony as to that defense. Mitchell's contractual obligation to secure New York residence began in March 2022, when he became full-time Chief Operating Officer, and Mitchell ceased even his stay at the Mint House hotel in September 2022. Ms. Stark was not appointed until October 2022, after the relevant time period, and Mitchell has produced no evidence in discovery to suggest that Ms. Stark was even aware, prior to this litigation, that Mitchell had breached his contractual obligations

Similarly, the fraud claims sound in two distinct periods, both of which predate Ms. Stark's tenure at PPGNY: (1) Mitchell's fraud in securing the interim COO position in the fall of 2021 by falsifying his resume and lying during the interview process; and (2) Mitchell's fraud in securing the full time COO position, by lying to interim-CEO Joy Calloway and the PPGNY Board in March 2022.

Because Ms. Stark cannot offer any testimony related to the sole remaining issues at trial, her testimony would not make any fact "or consequence in determining the action" more or less probable. Fed. R. Evid. 401, and thus Mitchell should be precluded from calling her as a witness.

Again, despite having agreed to identify potential witnesses by September 8, 2026, and despite PPGNY having done so, Mitchell withheld the identities of his proposed witnesses until September 29, 2026. Only then did PPGNY learn for the first time that Mitchell intended to call Ms. Stark, along with several other witnesses who similarly cannot offer relevant testimony:

i. Toi Eaton; and Andrea Hagan (each of whom, like Ms. Stark was deposed at length by Mitchell's counsel, but had no testimony to offer relating to PPGNY's counterclaim issues remaining for trial); and

ii. Kelly Krutz; and Rosalba Messina, neither of whom was deposed by Mitchell.

Having withheld the identities of these proposed witnesses until September 29, 2026, Mitchell withheld the purported subject of their testimony (as is required pursuant to the Court's Individual Rules require that the parties provide "a brief summary of the substance of each witness's testimony". Rule 5.A.x.), until October 1, 2026, the day before pre-trial submissions were due. The advised subject matter only serves to confirm that these witnesses cannot offer relevant testimony such as would make any fact "or consequence in determining the action" more or less probable. Fed. R. Evid. 401. Per Mitchell's submissions, Ms. Stark "will testify regarding the investigation into Mr. Mitchell's background in March 2023 and the decision-making surround it"; Ms. Krutz, and Ms. Messina will similarly be called to "testify regarding any directives provided to research Mr. Mitchell's background in March 2023".

March 2023 is more than six months after the operative period for the sole remaining issues in this trial, and the details of how PPGNY finally uncovered Mitchell's lies and misrepresentations are irrelevant to the sole remaining issues: PPGNY's reliance on the purported accuracy of his resume and representations about his employment history between September 2021

and March 2022; Mitchell's intent in misrepresenting his employment history and lying to Joy Calloway between September 2021 and March 2022; and the ensuing damages caused to PPGNY.[1]

As for Ms. Hagan, per Mitchell she "will testify regarding the background investigations carried out into Mr. Mitchell including her own personal inquiries". The Court has already ruled (indeed, Mitchell conceded) that Ms. Hagan was not a decision-maker on either Mitchell's interim or full-time hiring. To the extent that any "investigation" was done by Ms. Hagan, the only relevant facts would be the effect on the decision-maker, Joy Calloway. Ms. Calloway can offer this testimony as it is not hearsay (Ms. Hagan's statements would be admitted purely for the effect on the listener, Ms. Calloway).

Mitchell's attempts to seek testimony regarding March 2023 (*i.e.* the time of his termination, the subject of which is not before the jury), and from Ms. Hagan (who was dismissed as a defendant from this case in the Court's Aug. 14, 2026, Dec. & Ord.) demonstrate the real purpose behind these witness designations, *i.e.* his continued efforts to ignore the Court's rulings and use the trial to improperly relitigate his previously-dismissed claims.

PPGNY respectfully submits that the Court should not countenance these efforts. Because Mitchell has made no showing that any of these witnesses have any knowledge bearing on the issues to be tried, the Court should preclude their testimony pursuant to the Court's broad discretion, as well as Fed. R. Evid. 401, 402, and 403.

[1] Although the phrasing of an "investigation into Mr. Mitchell's background in March 2023" is vague, PPGNY also moves to preclude the subject testimony of any testimony in March 2023 subject to attorney-client privilege. As Mitchell is aware, during depositions his counsel sought to elicit testimony regarding PPGNY's "investigation" into Mitchell in 2023, including conversations between PPGNY CEO Ms. Stark, PPGNY General Counsel, and PPGNY's outside counsel. PPGNY objected, and the parties sought a ruling. Judge Lyman ruled that the subject of any such conversations were barred by attorney-client privilege.

## III. THE COURT SHOULD TREAT AS ESTABLISHED THE FACTS IT HAS ALREADY DETERMINED ARE NOT GENUINELY IN DISPUTE AND PRECLUDE MITCHELL FROM CHALLENGING THEM AT TRIAL

PPGNY respectfully submits that in order to narrow the issues before the jury, and to promote judicial efficiency, the factual determinations made by the Court in its Aug. 14, 2026, Decision & Order, including the entire 'Factual Background' (Section I.C.), as well as the factual findings set forth in the Court's legal Discussion, should be deemed established as facts of the case and not disputable at trial. See, e.g. Fed. R. Civ. P. 56(g), holding that "If the court does not grant all the relief requested by the [summary judgment] motion, it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). The Committee Note confirms the subdivision "applies when the court does not grant all the relief requested by a motion for summary judgment." Fed. R. Civ. P. 56(g) advisory committee's note to 2010 amendment. The function of the subdivision is to salvage constructive results from a motion that does not decide the case, narrowing the issues and avoiding trial of facts over which there is no controversy. 27A Fed. Proc., L. Ed. § 62:686.

Beyond the Factual Background in the Court's Aug. 14, 2026, Dec. & Order, the following facts from the Court's legal Discussion should also be treated as established, and Mitchell should be precluded from challenging or disputing them at trial:

- In [March 2023] PPGNY discovered the article concerning Mitchell's prior employment with HCE, which showed Mitchell had misrepresented his employment history to PPGNY by omitting HCE from his resume when applying to be the interim COO at PPGNY, and

not otherwise disclosing it when asked by the then-Interim CEO about his background" (Doc. No. 121, at 20)

- "Mitchell misrepresented his employment history by omitted HCE from his resume and biography" (Doc. No. 121, at 21)
- "Mitchell also did not simply omit the time period for which he was working at HCE from his materials; he falsely claimed that he was working as the COO of HIA during that time" (Doc. No. 121, at 21)
- "Mitchell lied to Calloway when she asked him directly about his background; specifically, Calloway asked whether there was anything in his background that PPGNY did not know about, that Mitchell did not disclose, or that Mitchell was not fully honest about. Despite his omission of HCE from his resume and misrepresentations regarding GIA, Mitchell responded that there wasn't anything else." (Doc. No. 121, at 21)
- "Neither the existence of the February 23, 2022, Employment Agreement and its residency condition, nor PPGNY's performance under the Agreement, is in dispute" (Doc. No. 121, at 29)
- "There is no genuine issue of material fact that Mitchell breached the residency condition of the Employment Agreement" (Doc. No. 121, at 30)
- "As a condition of Mitchell's employment as permanent COO, he was required to establish residency in New York within 90 days of the Agreement, *i.e.* by May 31, 2022" (Doc. No. 121, at 30)

- "[f]rom June 1, 2022 through September 1, 2022, Mitchell continued to stay at Mint House. Thereafter, from September 2, 2022, until his employment was terminated in March 2023, Mitchell spent eighteen nights in New York" (Doc. No. 121, at 30)
- Mitchell "breach[ed] the Employment Agreement when he failed to establish residency in New York by the required date under his contract" (Doc. No. 121, at 30)
- "[t]he parties agree that Mitchell knowingly omitted HCE from his resume and that his response to Calloway regarding the accuracy and completeness of his background information was false because he had not disclosed the existence of his former employer to PPGNY" (Doc. No. 121, at 36)
- "It is undisputed that Mitchell both omitted HCE from his resume and affirmatively lied to Calloway when she asked whether there was anything about his background that he had not told PPGNY" (Doc. No. 121, at 37).

## CONCLUSION

For the foregoing reasons, PPGNY respectfully requests that the Court: (1) preclude Mitchell from offering evidence of, or making reference to, his dismissed discrimination and retaliation claims and the complaints he made during his tenure at PPGNY; (2) preclude Mitchell from calling Wendy Stark, Dawn McClary, Toi Eaton, Andrea Hagan, Leslie Linedenbaum, Kevin Hardy, Kelly Krutz, Rosalba Messina, Lisa Colarossi, and Ronald Lyman as witnesses; (3) order, pursuant to Fed. R. Civ. P. 56(g), that the facts identified in Point III are established for trial and preclude Mitchell from disputing them; and (4) grant such other and further relief as the Court deems just and proper.

Dated: October 2, 2026
White Plains, New York

**KAUFMAN DOLOWICH, LLP**
*Attorneys for PPGNY*

By: ______________________________

John E. Mancebo, Esq.
Charles B. Bergin, Esq.
245 Main Street, Suite 330
White Plains, New York 10601
(914) 470-0001
jmancebo@kaufmandolowich.com
cbergin@kaufmandolowich.com

**CERTIFICATION**

I hereby certify pursuant to the Court's Individual Rules of Practice 3.C. that the enclosed Memorandum of Law is produced using 12-point Times New Roman type and the total number of words in the foregoing document including footnotes and exclusive of the caption, table of contents, table of authorities, and signature block, is less than 2,832 words according to the "Word Count" function of Microsoft Word, the word-processing system used to prepare the document, and thus that the document complies with the word count limit set forth in Rule 3.C.

Dated: October 2, 2026
White Plains, New York

John E. Mancebo, Esq.