UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SAMUEL RICARLOS MITCHELL, JR.,

*Plaintiffs*,

-against-

PLANNED PARENTHOOD OF GREATER NEW YORK, et al.,

*Defendants*.
-------------------------------------------------------------------X

Case No. 23-CV-1932

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law dated October 2, 2026, the Affirmation of Tracey L. Brown, Esq., dated October 2, 2026 and the exhibits annexed thereto, and upon all the papers and proceedings had herein, Plaintiff will move this Court, at the Courthouse of the U.S. District Court for the Southern District of New York, located at 40 Foley Square, New York, NY 10007, at a date and time to be designated by the Court

1. Precluding PPGNY, its counsel, and its witnesses from mentioning, referring to, eliciting testimony about, introducing documents concerning, or presenting argument regarding Rennova, GIA, or any prior employer or engagement other than HCE;

2. Directing PPGNY to instruct its witnesses not to volunteer excluded prior-employer information and requiring PPGNY to seek leave outside the jury's presence before attempting to introduce any such evidence;

3. Precluding PPGNY from using Rennova, GIA, or any other prior employer as an alternative basis for fraud liability, reliance, causation, damages, or a character or propensity inference;

4. Limiting evidence concerning HCE to Mr. Mitchell's employment there, the alleged omission of HCE, and the settlement provisions relevant to Mr. Mitchell's asserted understanding of his disclosure obligations;

5. Precluding evidence concerning the merits, allegations, negotiations, consideration, or other details of the HCE lawsuit and settlement;

6. Precluding PPGNY from characterizing Mr. Mitchell as a habitual liar, serial fraudster, dishonest person, or person who acted in conformity with an alleged character trait;

7. Precluding PPGNY from presenting any evidence, testimony, documents, computations, demonstratives, or argument concerning damages allegedly resulting from its fraud counterclaim because PPGNY failed to disclose any such damages information in its initial disclosures or during discovery, as well as damages allegedly resulting from its contract counterclaim where the specific information and calculations were not previously disclosed;

8. Precluding PPGNY from requesting a fraud-damages award, submitting fraud damages to the jury, or introducing a damages category, computation, methodology, or supporting material for fraud or breach of contract for the first time in pretrial submissions or at trial;

9. Alternatively, precluding every fraud-damages and breach of contract damages category, computation, methodology, and supporting item that was not timely disclosed during discovery;

10. Requiring PPGNY, before presenting any damages evidence, to identify outside the jury's presence each category and amount sought, its computation and supporting evidence, the alleged act that caused it, the counterclaim to which it pertains, and the disclosure through which the information was timely provided;

11. Excluding speculative contract-damages theories and limiting any contract-damages evidence to amounts tied to the surviving residency claim and timely disclosed during discovery;

12. Excluding evidence concerning dismissed claims and other matters unrelated to PPGNY's surviving counterclaims; and

13. Granting such other and further relief as the Court deems to be just and proper.

**PLEASE TAKE FURTHER NOTICE** that any answering papers must be served upon the undersigned on or before October 9, 2026.

Dated: October 2, 2026
New York, NY

Respectfully submitted,

/s/ Tracey L. Brown

Tracey L. Brown, Esq.
The Cochran Firm
17 State Street, 14th Floor
New York, NY 10004

T: (212) 553-9215
tbrown@cochranfirmny.com