UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
SAMUEL RICARLOS MITCHELL, JR.,

*Plaintiff*,

Case No. 23-CV-1932

-against-

PLANNED PARENTHOOD OF GREATER NEW YORK, et al.,

*Defendants*.

---------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE AND PRE-TRIAL MOTION**

Tracey L. Brown, Esq.
The Cochran Firm
17 State Street, 14th Floor
New York, NY 10004
T: (212) 553-9215
F: (212) 227-8763
tbrown@cochranfirmny.com

**TABLE OF CONTENTS**


TABLE OF CONTENTS ........................................................... i

TABLE OF AUTHORITIES ........................................................ ii

PRELIMINARY STATEMENT ....................................................... 1

II. FACTUAL BACKGROUND ........................................................ 3

III. LEGAL STANDARD ........................................................... 4

IV. ARGUMENT .................................................................. 4

A. PPGNY'S REQUEST TO TREAT THE ENTIRE SUMMARY JUDGMENT NARRATIVE AS ESTABLISHED SHOULD BE DENIED ........................................................ 4

B. THE COURT MAY NOT INSTRUCT THE JURY THAT DISPUTED FACTS HAVE BEEN ESTABLISHED ................................. 6

C. THE PROPOSED WITNESSES SHOULD NOT BE CATEGORICALLY EXCLUDED ...................................... 7

D. A BLANKET PROHIBITION ON ANY REFERENCE TO PROCEDURAL CONTEXT IS OVERBROAD ........................ 10

E. PPGNY'S REQUEST IS PREMATURE WHERE ADMISSIBILITY DEPENDS ON TRIAL CONTEXT ...................................... 12

CONCLUSION ..................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

American Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321 (3d. Cir.1985)............................. 7

Crigger v. Fahnestock & Co., 443 F. 3d 230 (2d. Cir. 2006); ............................................................................ 9

Ellis v. La Vecchia, 567 F. Supp 2d 601 (S.D.N.Y. 2008). .............................................................................. 2

Fairbrother v. Morrison, 412 F.3d 39 (2d. Cir 2005). ....................................................................................... 6

Fed Rules Civ Proc R 56......................................................................................................................................... 4

Fischl v. Armitage, 128 F.3d 50 (2d. Cir. 1997).................................................................................................. 7

Grumman Allied Industries, Inc., v. Rohr Industries, 748 F.2d 729 (2d. Cir. 1984)............................................ 9

Kamco Supply Corp. v. On the Right Track, LLC, 149 A.D.3d 375 (2d Dep't 2017) .......................................... 8

Keeling v. Hars, 809 F.3d 43 (2[d] Cir. 2015)........................................................................................................ 6

Kreg Therapeutics, Inc. v. VitalGo, Inc. 919 F.3d. 405 (7[th] Cir. 2019)............................................................. 4

Murray v. Town of Stratford, 2014 U.S. Dist. LEXIS 101357 (D. Conn. 2014).................................................. 7

My Size, Inc. v. North Empire LLC, 2021 Misc. LEXIS 6796 (Sup. Ct., New York County 2021)..................... 8

Nicewander v. Nicewander (In re Nicewander) 634 B.R. 524 (S.D.WV. 2021). ................................................. 4

Quercia v. United States, 289 U.S. 466 (1933)...................................................................................................... 7

Tolbert v. Queens College, 242 F.3d. 58 (2d.Cir 2001) ........................................................................................ 6

United Staes v. Foley, 735 F.2d, 45 (2d Cir. 1984) ............................................................................................. 6

United States v. Filani, 74 F.3d 378 (2d. Cir. 1996); ........................................................................................... 7

United States v. Van Putten, 2005 U.S. Dist. LEXIS 4009 (S.D.N.Y. 2005)....................................................... 12

United States v. Watts, 934 F. Supp.2d 451 (E.D.N.Y 2013).............................................................................. 2

Walker v. City of Buffalo, 2025 U.S. Dist. LEXIS 47995,5 (W.D.N.Y. 2025)................................................... 12

**PRELIMINARY STATEMENT**

Plaintiff/Counterclaim Defendant Samuel R. Mitchell, Jr. respectfully submits this memorandum in opposition to the motion in limine and related pretrial motion filed by Counterclaim Plaintiff Planned Parenthood of Greater New York, Inc. ("PPGNY").

As an initial matter, PPGNY's Preliminary Statement misrepresents the parties' communications, agreements and process of preparing and submitting the various pretrial documents and completely omits their own belated production of drafts and exhibits to Plaintiff's counsel, including not providing their exhibits or even Bates-stamped numbers for documents that they indeed to use as trial exhibits until the morning that our submissions were due, October 2, 2026. This deprived Plaintiff of having a meaningful review of the documents in order to provide any objections until the 11th hour. In addition, counsel for PPGNY knows very well that a significant intervening event occurred after our initial meet and confer on the pre-trial filing process, undersigned counsel's unanticipated engagement in a trial due to a colleague's bereavement leave. This necessitated seeking and receiving from the Court, and extension of pre-trial deadlines, which PPGNY's counsel consented to. Likewise, PPGNY's counsel left out of their recitation that they did not meet and confer with Plaintiff's counsel regarding their anticipated motion in limine until October 1, the day before it was due to be filed and moments before Mr. Bergin was traveling out of the country and would no longer be available. Later that same day, undersigned counsel communicated in writing with PPGNY counsel, including Mr. Bergin's three colleagues who are litigating this matter with him, seeking to meet and confer on Mr. Mitchell's anticipated motion in limine and received no response. It wasn't until late on October 2nd that counsel finally called to meet and confer.

Similarly, PPGNY's claim that Plaintiff's counsel "withheld the identities of proposed witnesses until the very last minute belies the process of both sides working with diligence to meet the Court's deadlines PPGNY's summaries of their witnesses was not provided until September 30, 2026, one day before Mr. Mitchell's. For PPGNY's counsel to now inundate the Court with silly revisionist and false history is waste of everyone's time, but it could not go unaddressed.

To be clear, Mr. Mitchell does not seek to retry his dismissed employment claims or disregard the Court's prior rulings.[1] But PPGNY seeks substantially broader relief. It asks the Court to exclude relevant evidence and witnesses bearing directly on the remaining issues of waiver, mitigation, materiality, intent, reasonable reliance, and damages. It also asks the Court to convert the entire factual narrative and selected statements in the August 14, 2026 summary-judgment decision into binding facts for trial—even where Mitchell disputed those facts and even where the Court expressly found genuine factual disputes requiring a jury.

That request exceeds the proper function of a motion in limine. A motion in limine addresses the admissibility and relevance of forecasted evidence; evidence should be excluded before trial only when it is clearly inadmissible on all potential grounds United States v. Watts, 934 F. Supp.2d 451, 462 (E.D.N.Y 2013). Where relevance depends on the evidence presented at trial, the Court may reserve decision until the factual context is developed. United States v. Vasquez, 840 F. Supp.2d 564, 566 (E.D.N.Y. 2011).

Nor may a Rule 56(g) order or jury instruction be used to resolve genuinely disputed facts. Rule 56 permits a fact to be treated as established only if it is not genuinely in dispute. USCS Fed Rules Civ Proc R 56. Credibility determinations, the weighing of conflicting evidence, and the drawing of legitimate factual inferences belong to the jury Ellis v. La Vecchia, 567 F. Supp 2d 601, 605 (S.D.N.Y. 2008). An instruction that labels disputed allegations as established would improperly replace the jury's judgment with the Court's and risk misleading the jury on the questions it must decide.

The Court should therefore deny PPGNY's motions. At most, the Court should identify with precision any discrete facts that were actually admitted or expressly determined not to be genuinely disputed, while preserving for the jury every disputed fact and inference material to the surviving counterclaims and defenses.

[1] Mr. Mitchell reserves all rights to appeal any Court decision in this matter when it is ripe to do so.

## II. FACTUAL BACKGROUND

PPGNY seeks to try counterclaims for breach of contract and fraud. On August 14, 2026, the Court denied PPGNY's motion for summary judgment on both counterclaims and directed that they proceed to trial.

On the contract counterclaim, the Court concluded that factual disputes remain concerning waiver, when PPGNY learned of the alleged breach, whether PPGNY manifested an intent to relinquish its contractual rights, mitigation, and the amount of damages, if any. On the fraud counterclaim, the Court held that genuine disputes remain concerning materiality, intent to defraud, reasonable reliance, and damages.

Those rulings make the knowledge and conduct of PPGNY's officers, directors, and employees relevant. PPGNY continued to employ Mitchell after the May 31, 2022 residency deadline, and the Court specifically held that the timing of PPGNY's knowledge and its intent concerning enforcement of the residency provision present factual questions for trial. PPGNY later terminated Mitchell for the stated reason of misrepresentation of his employment history, not for violating the residency provision.

The fraud claim likewise turns on PPGNY's hiring procedures, the information available to PPGNY, concerns raised during the hiring process, and the reasonableness of PPGNY's claimed reliance. The summary-judgment decision recounts that Board members raised concerns about gaps and overlaps in Mitchell's employment history before he was hired permanently, while then-Interim CEO Joy Calloway relied on information supplied by the search firm and defended the hiring decision. The Court expressly held that the reasonableness of PPGNY's reliance must be determined in light of the concerns raised by the Board, the availability of background checks, and information available from the recruiter or other sources.

In March 2023, a PPGNY employee found and circulated an article concerning Mitchell's prior employment with HealthCare Express ("HCE"). PPGNY's own motion seeks to treat the discovery of that article and PPGNY's ensuing actions as established facts, while simultaneously asking the Court to exclude witnesses with knowledge of the discovery and investigation.

PPGNY also asks the Court to deem established the entire "Factual Background" of the summary judgment decision, together with selected statements from its legal analysis. That request is not confined to facts expressly admitted by Mitchell. Mr. Mitchell's Rule 56.1 counterstatement disputed, among other things, PPGNY's characterization that he lied to Calloway, hid his HCE employment, or intended to mislead PPGNY. (See Plaintiff's 56.1 Response and Counterstatement ("Pltf SUF"), Dkt. 109-1 at ¶¶ 38-42). The Court found genuine disputes concerning whether Mitchell acted with fraudulent intent and whether PPGNY reasonably relied on the challenged representations.

## III. LEGAL STANDARD

A motion in limine permits advance resolution of the admissibility and relevance of forecasted evidence. Evidence should be excluded on such a motion only when it is clearly inadmissible on every potential ground United States v. Watts, 934 F. Supp.2d 451, 462 (E.D.N.Y. 2013). Because admissibility often depends on the context developed at trial, the Court may reserve its ruling, and any advance ruling remains subject to reconsideration as the evidence unfolds. United States v. Vasquez at 566.

Rule 56(a) authorizes judgment only where the movant demonstrates that no genuine dispute exists as to a material fact and that the movant is entitled to judgment as a matter of law. Fed Rules Civ Proc R 56. If the Court does not grant all relief requested on summary judgment, Rule 56(g) permits—but does not require—the Court to identify a material fact that is not genuinely disputed and treat that particular fact as established. Kreg Therapeutics, Inc. v. VitalGo, Inc. 919 F.3d. 405 (7th Cir. 2019). Rule 56(g) becomes relevant only after the summary-judgment standard has been applied to the claims, defenses, or portions of claims identified in the motion Nicewander v. Nicewander (In re Nicewander) 634 B.R. 524, 535 (S.D.WV. 2021).

## IV. ARGUMENT

### A. PPGNY'S REQUEST TO TREAT THE ENTIRE SUMMARY-JUDGMENT NARRATIVE AS ESTABLISHED SHOULD BE DENIED

PPGNY does not request a narrow order identifying discrete, genuinely undisputed facts. It asks the Court to deem established the entire factual-background section of the August 14 decision and numerous selected statements from the Court's discussion. Rule 56(g) does not support that wholesale conversion of a summary-judgment narrative into binding trial facts.

Rule 56(g) applies only to a material fact that is not genuinely in dispute. Its discretionary character is significant: even when that standard is satisfied, the Court "may" enter such an order. Kreg Therapeutics, Inc. v. VitalGo, Inc., 919 F. 3d. 405 (7th Cir. 2019) The rule therefore calls for a fact-specific determination, not adoption of every sentence included to provide background or analyze a distinct claim.

That distinction matters here. The Court denied summary judgment on both counterclaims because material factual disputes remain. As to fraud, the Court found that materiality, intent, and reasonable reliance require resolution by the trier of fact. As to contract, the Court found factual disputes concerning waiver, PPGNY's knowledge, its intent to relinquish its rights, mitigation, and damages. PPGNY cannot use Rule 56(g) to erase the disputes that caused the Court to deny summary judgment.

The Court's discussion of Mr. Mitchell's retaliation claims does not alter that conclusion. The Court determined in that distinct context that PPGNY articulated a legitimate, non-retaliatory reason for termination and that Mitchell's articulation of PPGNY's mixed motive did not show sufficient evidence of pretext. That ruling did not establish all of PPGNY's fraud allegations by clear and convincing evidence. To the contrary, when addressing the fraud counterclaim itself, the Court held that Mitchell's intent and the reasonableness of PPGNY's reliance remained genuinely disputed.

PPGNY's proposed treatment of the word "lied" illustrates the problem. Mitchell fully disputed PPGNY's characterization that he lied to Calloway and disputed any intent to deceive. (See Doc. 109-1, Plaintiff's 56.1 Response and Counterstatement at ¶¶38-42). The Court subsequently held that fraudulent intent remained for the trier of fact because Mitchell testified that he believed the HCE settlement agreement imposed confidentiality obligations. Instructing the jury that Mitchell "lied" would communicate an

intentional deception and effectively resolve the disputed intent issue in PPGNY's favor, taking it out of the fact-finding jury's hands.

The same is true of disputed characterizations that Mitchell "hid" his HCE employment or "falsified" his résumé. Mitchell admitted that HCE was omitted but disputed that the omission was intended to conceal information or defraud PPGNY. A neutral instruction may identify an admitted omission. It should not attach a disputed characterization that presupposes fraudulent intent.

If the Court enters any order under Rule 56(g), it should be limited to discrete facts that Mitchell actually admitted. It should not include contested labels, inferences, credibility determinations, or statements made in analyzing claims other than the counterclaims now awaiting trial.

**B.** THE COURT MAY NOT INSTRUCT THE JURY THAT DISPUTED FACTS HAVE BEEN ESTABLISHED

PPGNY's proposed relief also threatens the jury's factfinding role. A court deciding whether a case may be taken from the jury may not weigh conflicting evidence, assess witness credibility, or substitute its judgment for the jury's Tolbert v. Queens College, 242 F.3d. 58 (2d.Cir 2001). Credibility determinations, evidentiary weight, and legitimate factual inferences are jury functions. Ellis v. La Vecchia, 567 F.Supp 2d 601, 605 (S.D.N.Y. 2008). Judgment as a matter of law is proper only when, after credibility assessments and inferences are drawn against the movant, a reasonable juror would be compelled to accept the movant's position. Fairbrother v. Morrison, 412 F.3d 39, 48 (2d. Cir 2005).

Those principles apply with particular force to jury instructions. An instruction is erroneous if it misleads the jury concerning the governing standard or fails adequately to inform the jury of the law necessary to decide the questions presented. Keeling v. Hars, 809 F.3d 43,52 (2$^{d}$ Cir. 2015). Although a federal judge may fairly summarize or comment on evidence, the judge may not impose factual opinions or conclusions on the jury or act as an advocate for particular factual findings. United Staes v. Foley, 735 F.2d, 45, 46 (2d Cir. 1984); See also American Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321

(3d. Cir.1985); United States v. Filani, 74 F.3d 378 (2d. Cir. 1996); Quercia v. United States, 289 U.S. 466 (1933).

An instruction declaring a disputed allegation to be an established fact does more than summarize evidence. It removes that issue from the jury, tells the jury which version of events to accept, and may predetermine the remaining inferences. The danger is especially acute when the proposed "fact" embeds a conclusion about credibility or state of mind, such as whether a person "lied," "hid" information, "falsified" a document, or intended to deceive.

Here, PPGNY asks the Court to tell the jury that Mitchell lied and misrepresented his employment history while the surviving fraud claim requires the jury to determine whether Mitchell acted with intent to defraud. It also seeks binding treatment of factual assertions bearing on PPGNY's knowledge and conduct, even though those matters are central to waiver, mitigation, and reasonable reliance. Such instructions would not merely narrow the trial; they would resolve disputed facts and color the jury's consideration of the issues the Court expressly reserved for it.

The proper distinction is straightforward. The Court may instruct the jury on the governing law and may identify a discrete fact properly established under Rule 56(g). But it should not instruct the jury to accept disputed facts, contested characterizations, or inferences drawn from the summary judgment record. Those matters must be resolved from the evidence admitted at trial. Murray v. Town of Stratford, 2014 U.S. Dist. LEXIS 101357 (D. Conn. 2014) (holding that a court cannot use a summary judgment ruling's factual background to bind a party to facts they actively disputed); Fischl v. Armitage, 128 F.3d 50 (2d. Cir. 1997).

### C. THE PROPOSED WITNESSES SHOULD NOT BE CATEGORICALLY EXCLUDED

PPGNY seeks to preclude several of Mr. Mitchell's identified witnesses, but its motion does not establish that their testimony is clearly inadmissible on every potential ground. The Court should deny that categorical request or reserve witness-specific rulings until the proposed testimony can be evaluated in context. PPGNY identifies Toi Eaton, Kelley Krutz, Rosalba Messina, Dawn McClary, Leslie Lindenbaum,

Kevin Hardy, Lisa Colarossi, and Ronald Lyman for categorical exclusion. As an initial matter, McClary, Lindenbaum, Colarossi, and Lyman are not on Mr. Mitchell's witness list as documented in the JPTO. Further, PPGNY's motion does not demonstrate that every permissible subject of testimony from each witness is clearly inadmissible. The appropriate course is to require a proper foundation at trial and address specific objections to particular testimony, rather than exclude witnesses wholesale based on PPGNY's characterization of their anticipated testimony.

Of the witnesses Mr. Mitchell does list in the JPTO, each has testimony relevant to Mr. Mitchell's defenses.[2]

Wendy Stark, PPGNY's CEO since October 2022, has direct knowledge relevant to the remaining claims and defenses, including the defenses of waiver, lack of mitigation and lack of damages as to the breach of contract counterclaim, and the defenses of unreasonable reliance and the lack of damages as to the fraud counterclaim. Specifically, Ms. Stark was the CEO to whom Mr. Mitchell reported for nearly six months and her testimony is relevant to Mr. Mitchell's waiver defense in that Mr. Mitchell asserts that PPGNY continuously waived any breach of the residency requirement through his termination date. See Kamco Supply Corp. v. On the Right Track, LLC, 149 A.D.3d 375 (2d Dep't 2017) (holding that a party's continuous acceptance of non-compliant performance over several months without objection can result in the waiver of contractual breaches.); See also My Size, Inc. v. North Empire LLC, 2021 Misc. LEXIS 6796 (Sup. Ct., New York County 2021).

In addition, as the CEO, Stark was the decisionmaker in Mr. Mitchell's termination in March 2023 whereby the termination letter specifically stated that he was being terminated "due to your misrepresentation of your employment history" with no mention of his breach of the residency requirement, making her testimony directly probative of PPGNY's intent to waive the alleged breach of the residency requirement. Ms. Stark's testimony also bears on when PPGNY learned of the alleged residency breach, whether PPGNY intended to enforce or relinquish the residency requirement, why PPGNY continued employing Mitchell, how PPGNY

[2] Mr. Mitchell may no longer seek to call Rosalba Messina as a trial witness as her testimony may be duplicative of other witnesses.

evaluated his background, and what harm PPGNY claims resulted. The jury may consider that evidence when evaluating Mr. Mitchell's defenses.

Further, the testimony of personnel involved in human resources, the hiring process, background inquiries, and discovery of the HCE article, including Kelley Krutz, Kevin Hardy, Rosalba Messina, Toi Eaton and Andrea Hagan, also bears directly on Mr. Mitchell's fraud defense of unreasonable reliance. The Court held that reasonable reliance depends on "the concerns and questions previously raised by the Board, the availability of background checks, and other information that PPGNY had from the recruiter or otherwise, is another question for the trier of fact." (Court's Summary Judgment Decision, Dkt. 121 at pp 39-40). Evidence concerning what inquiries PPGNY undertook, what information it possessed, and how readily it could verify Mitchell's employment history falls within those identified factual questions.

Kelly Krutz is alleged to be the employee who, through what appears to be a simple internet search, found and circulated the HCE article in March 2023. The manner in which the article was located bears on the accessibility of the information and the reasonableness of PPGNY's claimed reliance.

Andrea Hagan, a PPGNY Board member, questioned Mr. Mitchell's qualifications throughout his hiring as Interim and Permanent COO and testified at her deposition that she herself searched the internet and social media for details about Mr. Mitchell's background. Hagan's concerns bear directly on what PPGNY knew, what further inquiry it undertook, and whether its claimed reliance was reasonable. (See Plaintiff's 56.1 Response and Counterstatement ("Pltf SUF"), Dkt. 109-1 at ¶15). New York fraud law requires consideration of whether a plaintiff had available means to learn the truth through ordinary intelligence, and the entire transactional context bears on reasonable reliance. Crigger v. Fahnestock & Co., 443 F. 3d 230, 235 (2d. Cir. 2006); See also Grumman Allied Industries, Inc., v. Rohr Industries, 748 F.2d 729 (2d. Cir. 1984). PPGNY cannot rely on the article's discovery as part of its fraud narrative while categorically excluding testimony from the employee who found it and the Board member who searched and questioned his background for months before the article was supposedly discovered.

Toi Eaton, at all times relevant hereto, was PPGNY's head of Human Resources. Due to the nature and core functions of such a position, her testimony is relevant to Mr. Mitchell's affirmative defenses. With respect to the breach of contract claim, Ms. Eaton's testimony is relevant to both his defenses of waiver and failure to mitigate. Her position makes her qualified to testify about PPGNY's efforts, if any, to learn of Mr. Mitchell's residence from the period between June 1, 2022, and August 31, 2022, when PPGNY came to learn of Mr. Mitchell's living situation, and any discussions concerning what actions, if any, to take in response to Mr. Mitchell's residency. With respect to the fraud claims, Ms. Eaton's testimony is relevant to the question of what efforts PPGNY took to further investigate Mr. Mitchell as questions persisted regarding his employment background. Moreover, as is the case with Ms. Stark, Ms. Eaton's testimony concerning the decision to terminate Mr. Mitchell's employment for the stated reason of "misrepresentation of [Mr. Mitchell's] employment" history as opposed to Mr. Mitchell's residence is directly probative of PPGNY's intent to waive the alleged breach of the residency requirement.

Kevin Hardy was the recruiter who presented Mr. Mitchell as a candidate for the COO role. His testimony bears directly on what steps he took to verify Mr. Mitchell's background and what information he provided to PPGNY. His testimony bears directly on whether PPGNY had available means to learn the truth through ordinary intelligence, and the entire transactional context bears on Mr. Mitchell's defense of unreasonable reliance.

### **D.** A BLANKET PROHIBITION ON ANY REFERENCE TO PROCEDURAL CONTEXT IS OVERBROAD

Mitchell does not seek to submit his dismissed discrimination or retaliation claims to the jury. But PPGNY requests a broader order prohibiting any reference to those claims, Mitchell's complaints during employment, or the procedural sequence surrounding PPGNY's investigation and counterclaims. That request should be narrowed. The events of March 2023 form part of the chronology on which PPGNY itself relies. Mitchell filed this action on March 7, 2023; PPGNY discovered the HCE article on March 9; and

PPGNY terminated Mitchell on March 28 for alleged misrepresentation of his employment history. PPGNY asks to establish portions of that chronology while preventing Mitchell from supplying context for it.

Making reference to the procedural history of the entire matter without going into the substance of the now dismissed claims, is vital and necessary to provide the jury with the context necessary to accurately assess the credibility of PPGNY's witnesses, particularly with respect to the "inducement/reliance" element of the fraud claims under which PPGNY is required to demonstrate that it would not have hired Mr. Mitchell if it knew about his employment with HCE.

The matter of whether PPGNY was actually fraudulently induced to hire Mr. Mitchell and not just now using the courts as a weapon to retaliate against Mr. Mitchell is a legitimate line of impeachment inquiry that the jury cannot consider or arrive at without being informed of the procedural history of this case. Mr. Mitchell has not, to date, asserted a cause of action against PPGNY alleging that the instant counterclaims are themselves retaliatory,[3, 4] and thus such a claim has not been heard or dismissed by this Court or any other.

Contrary to PPGNY's contentions, Mr. Mitchell is not seeking to relitigate the question of whether the acts in his complaint were retaliatory, and reference to the case's procedural history would not unduly confuse or distract the jury into thinking that they are to rule on the merits of Mr. Mitchell's now-dismissed retaliation claims. The purpose of the reference is simply to provide the jury with the entire context needed to ascertain the truthfulness of PPGNY's position. Limited procedural evidence is relevant to explain why witnesses acted, when investigations occurred, how PPGNY discovered information, and whether its witnesses' accounts are credible.

The Court can prevent relitigation without stripping the trial of relevant context. It may instruct the parties not to ask the jury to decide the dismissed causes of action and may limit evidence whose only purpose is to prove those claims. But the Court should not prohibit evidence merely because it overlaps

---

[3] "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has … (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter … The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment, … or in a materially adverse change in the terms and conditions of employment …, provided, however, that the retaliatory or discriminatory act or acts complained of **must be reasonably likely to deter a person from engaging in protected activity** (NYC Admin Code § 8-107[7]).

[4] Mr. Mitchell reserves rights to bring such a claim.

factually with dismissed claims when that evidence also bears on waiver, mitigation, intent, reliance, damages, or credibility in the surviving counterclaims.

### E. PPGNY'S REQUEST IS PREMATURE WHERE ADMISSIBILITY DEPENDS ON TRIAL CONTEXT

Many of PPGNY's objections depend on assumptions about how Mitchell will use particular evidence. Advance exclusion is inappropriate where evidence may be admissible for a proper, limited purpose.

Courts may reserve an in limine ruling until trial places the evidence in its proper factual context, and they remain free to revise such rulings as the evidence unfolds. This approach is particularly appropriate where a motion targets broad categories of evidence rather than discrete exhibits or testimony. Walker v. City of Buffalo, 2025 U.S. Dist. LEXIS 47995,5 (W.D.N.Y. 2025), Citing United States v. Van Putten, 2005 U.S. Dist. LEXIS 4009 (S.D.N.Y. 2005).

Here, a ruling made after the question, foundation, and purpose are known will allow the Court to distinguish relevant evidence concerning the counterclaims from any improper effort to retry dismissed claims. It will also permit limiting instructions where appropriate without barring probative evidence in advance.

## CONCLUSION

For these reasons, Mitchell respectfully requests that the Court deny PPGNY's motions in limine and related pretrial motion.

Dated: October 9, 2026
New York, NY

Respectfully submitted,

/s/ Tracey L. Brown
Tracey L. Brown, Esq. (TB-4094)
Counsel for Plaintiff Samuel R. Mitchell