UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL RICARLOS MITCHELL, JR.,
Plaintiff,

-against-

PLANNED PARENTHOOD OF GREATER NEW YORK, INC., et al.,
Defendants.

Case No. 1:23-cv-01932 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

This Court, having held a jury trial from November 16, 2026 to November 19, 2026, IT IS HEREBY ORDERED that the attached Court Exhibits be filed on the docket.

- Court Exhibit 1: Draft Voir Dire Questionnaire.
- Court Exhibit 2: Draft Preliminary Jury Instructions.
- Court Exhibit 3: Final Voir Dire Questionnaire.
- Court Exhibit 4: Final Preliminary Jury Instructions.
- Court Exhibit 5: Final Verdict Form.
- Court Exhibit 6: Draft Jury Instructions.
- Court Exhibit 7: Final Jury Instructions.
- Court Exhibit 8: Jury Note 1.
- Court Exhibit 9: PPGNY Demonstrative.
- Court Exhibit 10: Jury Note 2.
- Court Exhibit 11: Verdict Form Completed by the Jury.

Dated: November 20, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge

**Court Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL RICARLOS MITCHELL, JR.,

Plaintiff/Counterclaim Defendant,

-against-

PLANNED PARENTHOOD OF GREATER NEW YORK, INC.,

Defendant/Counterclaim Plaintiff.

Case No. 1:23-cv-01932 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. Do not write your name or make any other marks on the questionnaire. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

### A. General Questions

1. This trial is expected to last until early next week, before the holiday. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by Monday, November 23, 2026?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet, or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. One of the parties here is an organization and the other is an individual. The law requires that you treat individuals and entities the same, with the same fair consideration. Would you have any difficulty doing that?

**Court Exhibit 1**

6. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

7. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

8. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B. <u>Knowledge of People or Places</u>**

In this case, the only claims to be tried are the counterclaims brought by Defendant Planned Parenthood of Greater New York (or "PPGNY") against Plaintiff Samuel Mitchell. I will therefore be describing PPGNY as the Counterclaim Plaintiff and Mitchell as the Counterclaim Defendant.

9. The Counterclaim Plaintiff in this case is Planned Parenthood of Greater New York or PPGNY. Do you know, or have you had any dealings, directly or indirectly, with PPGNY, Planned Parenthood Federation of America, or any affiliate of Planned Parenthood? Has anyone close to you ever had any dealings with PPGNY, Planned Parenthood Federation of America, or any affiliate of Planned Parenthood?

10. The Counterclaim Plaintiff PPGNY will be represented at trial by attorneys Charles Ben Bergin, John E. Mancebo, Melissa Cartaya, Brianna Pryce, of the law firm Kaufman Dolowich. Do you know any of these attorneys or this law firm? Have you, or has anyone close to you, ever had any dealings with any of these attorneys or this firm?

11. The Counterclaim Defendant in this case is Samuel Ricarlos Mitchell, Jr. Do you know, or have you had any dealings, directly or indirectly, with Mr. Mitchell? Has anyone close to you ever had any dealings with Mr. Mitchell?

12. The Counterclaim Defendant Mr. Mitchell will be represented at trial by attorneys Derek S. Sells, Tracey L. Brown, and J. Sebastian Van Coeverden, of The Cochran Firm. Do you know any of these attorneys or this law firm? Have you, or has anyone close to you, ever had any dealings with any of these attorneys or this firm?

13. The following individuals, places, and entities may be mentioned during the trial, or may be witnesses in this case:

    a. Samuel Mitchell

    b. Joy Calloway

    c. Lori Trzop

    d. Andrea Hagan

e. Dawn McClary

f. Wendy Stark

g. Leslie Lindenbaum

h. Kelly Krutz

i. Kevin Hardy

j. Toi Eaton

k. Rosalba Messina

l. Lisa Colarossi

m. Ronald Lyman

n. Mint House

o. Planned Parenthood of Greater New York

p. Planned Parenthood

q. Planned Parenthood Federation of America

r. Health Care Express ("HCE")

s. HealthTech3

t. Rennova Health Inc.

u. Global Institute on Addictions

v. G.I.A.

w. Health Technology Solutions

x. Nova Southeastern University

Other than what you have disclosed in response to previous questions, do you know any of these individuals, entities, or places? Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or places?

## C. Personal Experiences and Opinions

14. Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

15. Have you ever held a job in the field of human resources?

16. Have you ever been involved in hiring, background checks, or reviewing resumes for a company or organization?

17. Have you ever held a job or board position with a nonprofit organization?

18. Have you ever held an executive of c-suite level job?

19. Do you have any feelings or views about the PPGNY, Planned Parenthood Federation of America, or Planned Parenthood generally that would affect in any way your ability to listen to the evidence in this case with an open mind, treat both parties fairly and impartially, and to follow my instructions on the law?

20. Have you ever been a party to a civil lawsuit?

21. Have you ever served as a member of a grand jury?

22. Have you ever served as a juror in any court?

## D. <u>Difficulties in Understanding or Serving</u>

23. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

24. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

25. Do you have any difficulty in reading or understanding English?

26. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 1**

Questions for Individual Jurors

1. Please state your name, your county of residence, your borough if you live in one, and your neighborhood. Have you lived in this county for more than 5 years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5. Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position? If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work? If any are college students, what is their field of study?

9. Do you belong to any social, union, professional, political, or religious organizations or clubs? If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)? Which papers, shows, or sites in particular?

**Court Exhibit 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL RICARLOS MITCHELL, JR.,

Plaintiff/Counterclaim Defendant,

-against-

PLANNED PARENTHOOD OF GREATER NEW YORK, INC.,

Defendant/Counterclaim Plaintiff.

Case No. 1:23-cv-01932 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## PRELIMINARY JURY INSTRUCTIONS

### 1. Role of Judge and Jury

**A.** Now that you have been sworn, let me give you some instructions about your duties as jurors. In the American system of justice, the judge and the jury have separate roles.

**i.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end. You **must** take your instructions from the Court — that is, from me —and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think the law should be.

**ii.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial. You are the only deciders of the fact issues, and your determination of the facts will control.

**iii.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determination. Those decisions are for you.

**Court Exhibit 2**

**iv.** At the conclusion of the case, your job will be to determine whether the Counterclaim Plaintiff has proven its claims against the Counterclaim Defendant according to my instructions on the law.

## 2. Order of Trial

**A.** Let me explain how the trial will proceed.

**B.** The first/next step in the trial will be opening statements. First, counsel for the Counterclaim Plaintiff will make an opening statement, which is simply an outline to help you understand the evidence as it is presented. Then counsel for the Counterclaim Defendant will make an opening statement. I instruct you, however, that opening statements are not evidence.

**C.** After opening statements, the Counterclaim Plaintiff will present its evidence. That evidence will consist of the testimony of witnesses as well as documents and exhibits. The Counterclaim Plaintiff's lawyers will examine the witnesses and then the Counterclaim Defendant's lawyers may cross-examine them. Following the Counterclaim Plaintiff's case, the Counterclaim Defendant may present a case and may call additional witnesses. The Counterclaim Plaintiff's lawyers will have the opportunity to cross-examine any witnesses testifying for the Counterclaim Defendant.

**D.** For the efficiency of the trial and convenience of the witnesses, witnesses will generally be called just once whether they are called by the Counterclaim Plaintiff or Defendant and both parties will conduct their examination of that witness at that time. Do not concern yourself with order of the witnesses; you may consider the relevant testimony of all witnesses, regardless of who may have called them.

**E.** After the presentation of evidence is completed, counsel for the parties will deliver their closing arguments to summarize and interpret the evidence. Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**F.** Following closing arguments, I will instruct you on the law. Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

**G.** It is important to remember that this is a civil case. You may have heard of the "beyond a reasonable doubt" standard in criminal cases. That requirement does <u>not</u> apply to a civil case and you should put it entirely out of your mind. In civil cases, the burden is different and it is called proof by a "preponderance of the evidence." To establish facts by a preponderance of the evidence means to prove that the facts are

more likely true than not true. I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

## 3. What Is and Isn't Evidence

**A.** What, then, is evidence? Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys. Some of you probably have heard the terms "circumstantial evidence" and "direct evidence." Do not be concerned with these terms. You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you. The following is a list of what is not evidence:

**i.** First, statements and questions by any of the attorneys are not evidence. Nor are statements I make or questions I ask of a witness. And, as I said a moment ago, opening and closing statements by the parties are not evidence.

**ii.** Second, objections to questions are not evidence. Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objections or by my rulings on them. If an objection is sustained, ignore the question and any answer that may have been given. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

**iii.** Third, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

**iv.** Fourth, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case based solely on the evidence presented here in the courtroom.

## 4. Evaluating the Evidence

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses — that is, how truthful and believable they are. There is no formula to evaluate evidence.

**i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives. Do not leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case. You can apply the same tests here in this courtroom that you use in your everyday life when judging whether someone is telling you the truth:

**a.** Did they appear to be telling the truth?

**b.** Did they have a motive to tell you the truth or to lie?

**c.** Did they appear to have a good recollection of the events they're describing?

**ii.** Any test that you apply normally in making assessments of reliability and credibility, you can use here. Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.** The law does not require you to accept all of the evidence admitted at trial. In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event — or even the same person cross-examined with respect to the event — things may seem very different. In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

**Court Exhibit 2**

**5. Rules of Conduct**

**A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

**i.** First, you must not talk to each other about this case until the end of the case when you go to the jury room to decide on your verdict. And why do we have that rule? We have that rule because we know it's human nature, if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other. We don't want you to do that until all the evidence is before you. During deliberations, that's the time to discuss the case. As I have said, keep an open mind until you start your deliberations at the end of the case.

**ii.** Second, do not communicate with anyone else about this case until the trial has ended and you have been discharged as jurors. Anyone else includes members of your family and your friends. And no communicating about the case means no communicating on Facebook, Twitter, blogs, whatever. You may tell your family and friends that you are a juror in a civil case, but please do not tell them anything else about it until you have been discharged by me. Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

**iii.** Third, do not let anyone talk to you about the case. If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else. When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

**a.** To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

**iv.** Fourth, do not do any research or any investigation on your own about the case or about anyone who has anything to do with the case. During the course of the trial, you will receive all the evidence you may properly consider to decide the

case. Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.

**a.** Do not engage in any outside reading on this case.

**b.** Do not attempt to visit any places mentioned in the case.

**c.** Do not use the Internet — Google, Facebook, Instagram, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, witnesses, or me.

**d.** Do not do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

**e.** If there is publicity about this case, you must ignore it. Do not read or listen to anything about this case.

**f.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

**v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

**vi.** This is a public courtroom. People can come and go. It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

**6. Notetaking**

**A.** Finally, each of you will be given a notebook and pen. That is because I permit jurors to take notes. But you do not have to take notes. Notes are just an aid to your own recollection. The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations. If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand. Also, if you do take notes, please begin writing on the second page of your legal pad, and please put your juror number on the first page of the pad, so that we can be sure that only you will be making and reviewing the notes that are written in your pad.

**B.** I want to emphasize that your notes are not to be shared with fellow jurors during deliberations, that the fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations, and that a transcript will be available to all jurors if there is any difficulty remembering the testimony. If you do take notes, all notes must be left each day in the jury room. My Deputy will make sure that they are secure.

## 7. Final Instructions

**A.** From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you. So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense. As I mentioned earlier, they are not being rude — they are simply following my instructions.

**B.** Now we will begin with the initial stage of the case, which, as I said to you, is opening statements, and we are going to begin with the Counterclaim Plaintiff. So at this time I am going to ask all of you to give your undivided attention to the lawyers as they make their opening statements.

**Court Exhibit 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLANNED PARENTHOOD OF GREATER NEW YORK, INC.,

Plaintiff,

-against-

SAMUEL RICARLOS MITCHELL, JR.,

Defendant.

Case No. 1:23-cv-01932 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. Do not write your name or make any other marks on the questionnaire. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

### A. General Questions

1. This trial is expected to last until early next week, before the holiday. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end before November 25, 2026?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet, or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. One of the parties here is an organization and the other is an individual. The law requires that you treat individuals and entities the same, with the same fair consideration. Would you have any difficulty doing that?

**Court Exhibit 3**

6. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

7. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

8. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

## B. Knowledge of People or Places

9. The Plaintiff in this case is Planned Parenthood of Greater New York or PPGNY. Do you know, or have you had any dealings, directly or indirectly, with PPGNY, Planned Parenthood Federation of America, or any affiliate of Planned Parenthood? Has anyone close to you ever had any dealings with PPGNY, Planned Parenthood Federation of America, or any affiliate of Planned Parenthood?

10. PPGNY will be represented at trial by attorneys Charles Ben Bergin, John E. Mancebo, Melissa Cartaya, Brianna Pryce, of the law firm Kaufman Dolowich. Do you know any of these attorneys or this law firm? Have you, or has anyone close to you, ever had any dealings with any of these attorneys or this firm?

11. The Defendant in this case is Samuel Ricarlos Mitchell, Jr. Do you know, or have you had any dealings, directly or indirectly, with Mr. Mitchell? Has anyone close to you ever had any dealings with Mr. Mitchell?

12. Mr. Mitchell will be represented at trial by Tracey L. Brown of The Cochran Firm. Do you know this attorney or this law firm? Have you, or has anyone close to you, ever had any dealings with this attorney or this firm?

13. The following individuals, places, and entities may be mentioned during the trial, or may be witnesses in this case:

    a. Samuel Mitchell

    b. Joy Calloway

    c. Lori Trzop

    d. Andrea Hagan

    e. Dawn McClary

    f. Wendy Stark

    g. Leslie Lindenbaum

    h. Kelly Krutz

**Court Exhibit 3**

i. Kevin Hardy

j. Toi Eaton

k. Rosalba Messina

l. Lisa Colarossi

m. Ronald Lyman

n. Mint House

o. Planned Parenthood of Greater New York

p. Planned Parenthood

q. Planned Parenthood Federation of America

r. Health Care Express ("HCE")

s. HealthTech3

t. Rennova Health Inc.

u. Global Institute on Addictions

v. G.I.A.

w. Health Technology Solutions

x. Nova Southeastern University

Other than what you have disclosed in response to previous questions, do you know any of these individuals, entities, or places? Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or places?

## C. <u>Personal Experiences and Opinions</u>

14. Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

15. Have you ever held a job in the field of human resources?

16. Have you ever been involved in hiring, background checks, or reviewing resumes for a company or organization?

17. Have you ever held a job or board position with a nonprofit organization?

18. Have you ever held an executive of c-suite level job?

19. Do you have any feelings or views about the PPGNY, Planned Parenthood Federation of America, or Planned Parenthood generally that would affect in any way your ability to listen to the evidence in this case with an open mind, treat both parties fairly and impartially, and to follow my instructions on the law?

20. Have you ever been a party to a civil lawsuit?

21. Have you ever served as a member of a grand jury?

22. Have you ever served as a juror in any court?

## D. Difficulties in Understanding or Serving

23. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

24. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

25. Do you have any difficulty in reading or understanding English?

26. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 3**

Questions for Individual Jurors

1. Please state your name, your county of residence, your borough if you live in one, and your neighborhood. Have you lived in this county for more than 5 years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5. Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position? If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work? If any are college students, what is their field of study?

9. Do you belong to any social, union, professional, political, or religious organizations or clubs? If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)? Which papers, shows, or sites in particular?

**Court Exhibit 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLANNED PARENTHOOD OF GREATER NEW YORK, INC.,

Plaintiff,

-against-

SAMUEL RICARLOS MITCHELL, JR.,

Defendant.

Case No. 1:23-cv-01932 (JLR)

JENNIFER L. ROCHON, United States District Judge:

# PRELIMINARY JURY INSTRUCTIONS

## 1. Role of Judge and Jury

**A.** Now that you have been sworn, let me give you some instructions about your duties as jurors. In the American system of justice, the judge and the jury have separate roles.

**i.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end. You **must** take your instructions from the Court — that is, from me —and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think the law should be.

**ii.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial. You are the only deciders of the fact issues, and your determination of the facts will control.

**iii.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determination. Those decisions are for you.

**iv.** At the conclusion of the case, your job will be to determine whether PPGNY has proven its claims against Mr. Mitchell according to my instructions on the law.

**v.** Your job as jurors is to be fair and impartial to both sides, to listen with an open mind, and to reach a just verdict. All parties, whether it be a person like Mr. Mitchell, or an organization like PPGNY, are entitled to the same fair trial by you. They stand equal before the law, and are to be dealt with as equals in this Court.

## 2. Order of Trial

**A.** Let me explain how the trial will proceed.

**B.** The first/next step in the trial will be opening statements. First, counsel for PPGNY will make an opening statement, which is simply an outline to help you understand the evidence as it is presented. Then counsel for the Mr. Mitchell will make an opening statement. I instruct you, however, that opening statements are not evidence.

**C.** After opening statements, PPGNY will present its evidence. That evidence will consist of the testimony of witnesses as well as documents and exhibits. PPGNY lawyers will examine the witnesses and then the Mr. Mitchell's lawyers may cross-examine them. Following PPGNY's case, Mr. Mitchell may present a case and may call additional witnesses. PPGNY's lawyers will have the opportunity to cross-examine any witnesses testifying for Mr. Mitchell.

**D.** For the efficiency of the trial and convenience of the witnesses, witnesses will generally be called just once whether they are called by PPGNY or Mr. Mitchell and both parties will conduct their examination of that witness at that time. Do not concern yourself with order of the witnesses; you may consider the relevant testimony of all witnesses, regardless of who may have called them.

**E.** After the presentation of evidence is completed, counsel for the parties will deliver their closing arguments to summarize and interpret the evidence. Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**F.** Following closing arguments, I will instruct you on the law. Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

**G.** It is important to remember that this is a civil case. You may have heard of the "beyond a reasonable doubt" standard in criminal cases. That requirement does not apply to a civil case and you should put it entirely out of your mind. In civil cases, the burden is different and it is called proof by a "preponderance of the evidence." To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true. I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

## 3. What Is and Isn't Evidence

**A.** What, then, is evidence? Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys. Some of you probably have heard the terms "circumstantial evidence" and "direct evidence." Do not be concerned with these terms. You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you. The following is a list of what is not evidence:

**i.** First, statements and questions by any of the attorneys are not evidence. Nor are statements I make or questions I ask of a witness. And, as I said a moment ago, opening and closing statements by the parties are not evidence.

**ii.** Second, objections to questions are not evidence. Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objections or by my rulings on them. If an objection is sustained, ignore the question and any answer that may have been given. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

**iii.** Third, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

**iv.** Fourth, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case based solely on the evidence presented here in the courtroom.

## 4. Evaluating the Evidence

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses — that is, how truthful and believable they are. There is no formula to evaluate evidence.

**i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives. Do not leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case. You can apply the same tests here in this courtroom that you use in your everyday life when judging whether someone is telling you the truth:

**a.** Did they appear to be telling the truth?

**b.** Did they have a motive to tell you the truth or to lie?

**c.** Did they appear to have a good recollection of the events they're describing?

**ii.** Any test that you apply normally in making assessments of reliability and credibility, you can use here. Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.** The law does not require you to accept all of the evidence admitted at trial. In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event — or even the same person cross-examined with respect to the event — things may seem very different. In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

## 5. Rules of Conduct

**A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

**i.** First, you must not talk to each other about this case until the end of the case when you go to the jury room to decide on your verdict. And why do we have that rule? We have that rule because we know it's human nature, if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other. We don't want you to do that until all the evidence is before you. During deliberations, that's the time to discuss the case. As I have said, keep an open mind until you start your deliberations at the end of the case.

**ii.** Second, do not communicate with anyone else about this case until the trial has ended and you have been discharged as jurors. Anyone else includes members of your family and your friends. And no communicating about the case means no communicating on Facebook, Twitter, blogs, whatever. You may tell your family and friends that you are a juror in a civil case, but please do not tell them anything else about it until you have been discharged by me. Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

**iii.** Third, do not let anyone talk to you about the case. If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else. When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

**a.** To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

**iv.** Fourth, do not do any research or any investigation on your own about the case or about anyone who has anything to do with the case. During the course of the trial, you will receive all the evidence you may properly consider to decide the case. Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.

**a.** Do not engage in any outside reading on this case.

**b.** Do not attempt to visit any places mentioned in the case.

**c.** Do not use the Internet — Google, Facebook, Instagram, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, witnesses, or me.

**d.** Do not do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

**e.** If there is publicity about this case, you must ignore it. Do not read or listen to anything about this case.

**f.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

**v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

**vi.** This is a public courtroom. People can come and go. It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

## 6. Notetaking

**A.** Finally, each of you will be given a notebook and pen. That is because I permit jurors to take notes. But you do not have to take notes. Notes are just an aid to your own recollection. The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations. If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand. Also, if you do take notes,

please begin writing on the second page of your legal pad, and please put your juror number on the first page of the pad, so that we can be sure that only you will be making and reviewing the notes that are written in your pad.

**B.** I want to emphasize that your notes are not to be shared with fellow jurors during deliberations, that the fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations, and that a transcript will be available to all jurors if there is any difficulty remembering the testimony. If you do take notes, all notes must be left each day in the jury room. My Deputy will make sure that they are secure.

## 7. Final Instructions

**A.** From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you. So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense. As I mentioned earlier, they are not being rude — they are simply following my instructions.

**B.** Now we will begin with the initial stage of the case, which, as I said to you, is opening statements, and we are going to begin with PPGNY. So at this time I am going to ask all of you to give your undivided attention to the lawyers as they make their opening statements.

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLANNED PARENTHOOD OF GREATER NEW YORK, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>SAMUEL RICARLOS MITCHELL, JR.,<br><br>Defendant. | Case No. 1:23-cv-01932 (JLR) |

JENNIFER L. ROCHON, United States District Judge:

**VERDICT FORM**

**Court Exhibit 5**

**All Jurors must agree unanimously to the answers to each question.**

**Question 1**: **Mitchell's Affirmative Defense of Waiver to Breach of Contract Claim**

Has Mitchell proven that PPGNY waived its right to enforce the residency requirement in the February 23, 2022 Employment Agreement that was breached by Mitchell?

Yes _____________ No _____________

*If you answered YES to Question 1, proceed directly to Question 3 and do not answer any part of Question 2.*
*If you answered NO to Question 1, proceed to Question 2.*

**Question 2: Damages for PPGNY's Breach of Contract Claim**

2(a) What amount of damages did PPGNY prove that it suffered as a result of Mitchell's breach of the residency requirement in the February 23, 2022 Employment Agreement?

$ ____________________

2(b) Has Mitchell proven both (i) that PPGNY unreasonably failed to take reasonable steps to mitigate its damages and (ii) that reasonable efforts would have reduced those damages?

Yes _____________ No _____________

*If you answered YES to this question, proceed to Question 2(c).*
*If you answered NO to this question, the amount set forth in Question 2(a) is the total amount of contract damages you are awarding, and you should skip Questions 2(c) and 2(d) and proceed directly to Question 3.*

2(c) If you answered YES to Question 2(b), what amount of damages stated in Question 2(a) has Mitchell proven that PPGNY reasonably could have avoided?

$ ____________________

2(d) Subtract the amount in 2(c) from the amount in 2(a) and this is the total amount of contract damages you are awarding:

$ ____________________

**Question 3: PPGNY's Fraud Claim with Respect to Interim Chief Operating Officer Position**

Has PPGNY proved by clear and convincing evidence all elements of its fraud claim against Mitchell with respect to Mitchell's application for the Interim Chief Operating Officer Position?

Yes _____________ No _____________

If YES, state the amount of actual compensatory damages PPGNY sustained as a result of Mitchell's fraud in connection with his application for the Interim Chief Operating Officer Position:

$ ____________________

*If NO, proceed to Question 4.*

**Question 4: PPGNY's Fraud Claim with Respect to Full-Time Chief Operating Officer Position**

Has PPGNY proved by clear and convincing evidence all elements of its fraud claim against Mitchell with respect to Mitchell's application for the Full-Time Chief Operating Officer Position?

Yes _____________ No _____________

If YES, state the amount of actual compensatory damages PPGNY sustained as a result of Mitchell's fraud in connection with his application for the Full-Time Chief Operating Officer Position:

$ ____________________

**ONLY ANSWER QUESTION 5 IF YOU ANSWERED YES AND AWARDED ACTUAL DAMAGES IN QUESTION 3 OR QUESTION 4.**

**Question 5: Punitive Damages**

Has PPGNY proved its entitlement to punitive damages based on either of its fraud claims against Mitchell?

Yes _____________ No _____________

If yes, in what amount? $ ____________________

**You have completed all questions. Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson, please sign and date the verdict sheet if it represents the unanimous verdict of all jurors. Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

____________________________
Foreperson

Dated: ____________________________

**Court Exhibit 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLANNED PARENTHOOD OF GREATER NEW YORK, INC.,

Plaintiff,

-against-

SAMUEL RICARLOS MITCHELL, JR.,

Defendant.

Case No. 1:23-cv-01932 (JLR)

JENNIFER L. ROCHON, United States District Judge:

# JURY INSTRUCTIONS

# TABLE OF CONTENTS


I. GENERAL INSTRUCTIONS ..... 1

A. Introductory Remarks ..... 1

B. Role of the Court ..... 1

C. Role of the Jury ..... 2

D. Role of Counsel ..... 2

E. Sympathy or Bias ..... 3

F. Burden of Proof ..... 4

G. What Is and Is Not Evidence ..... 5

H. Direct and Circumstantial Evidence ..... 6

I. Witness Credibility ..... 8

J. Prior Inconsistent Statement ..... 9

K. Stipulations [DETERMINE IF NECESSARY] ..... 10

L. Available Evidence ..... 10

II. SUBSTANTIVE INSTRUCTIONS ..... 11

A. Summary of the Claims ..... 11

B. Breach of Contract Claim ..... 11

**1. Waiver** ..... 12

**2. Damages** ..... 13

C. Fraud Claims ..... 14

**1. False Representations or Omissions** ..... 15

**2. Materiality** ..... 15

**3. Intent** ..... 15

**4. Actual and Reasonable Reliance** ..... 16

**5. Damages Caused by the Reliance** ..... 16

D. Punitive Damages ..... 17

III. DELIBERATIONS OF THE JURY ..... 18

A. Selection and Duties of Foreperson ..... 18

B. No Electronic Communications ..... 18

C. Right to See Exhibits and Hear Testimony; Communication with the Court ..... 19

D. Notes ..... 19

E. Duty to Deliberate; Unanimous Verdict ..... 19

F. Verdict Form ..... 21

G. Return of Verdict ..... 21

IV. CONCLUSION ........................................................................................................ 21

# I. GENERAL INSTRUCTIONS

## A. Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case. You have been handed a copy of the instructions I will read. You should feel free to read along or to just listen to me. You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive. It is important, however, that you listen carefully and concentrate. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So, when I tell you the law, it's critical that I use exactly the right words. Therefore, I may not be able to engage in as much eye contact as I would otherwise like. But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. Most of these instructions would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedures and deliberations.

## B. Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them. With respect to

legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be. You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

**C. Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You evaluate the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law. Do not speculate on matters not in evidence or outside of the case.

**D. Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case. If I have told you not to consider testimony that has been presented, you may not consider that testimony.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These sidebar conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E. Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence, or the lack of evidence, presented at this trial.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, or disability of any party, witness, or lawyer. It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. All parties, including persons and organizations, are entitled to the same fair trial by you. They stand equal before the law, and are to be dealt with as equals in this Court.

### F. Burden of Proof

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue. As this is a civil case, the standard of proof is a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element

at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proven by a preponderance of the evidence.

As I will instruct you further later, there are some claims in this case that require a higher burden of proof than a preponderance of the evidence. All elements of a fraud claim must be proven by "clear and convincing evidence." "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt." As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

### G. What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection. Some exhibits have redactions on them, or places where the text has been blocked out. You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence. It is the witnesses' answers to those questions or the exhibits themselves that are evidence. Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

**H. Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, that was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence. Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence. Once side asks you to draw one set of inferences. The other side asks you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point: when you are determining issues of fact, you are weighing the evidence. You determine whether evidence should be given no weight, some weight, or a lot of

weight. The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

**I. Witness Credibility**

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful. Often it is not what a person says but how he or she says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony. You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties. Such bias or interest in the outcome creates a motive to testify falsely. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony that you find credible or that you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### J. Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions that counsel argue are inconsistent with their trial testimony. If you find that a witness

made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### K. Stipulations [DETERMINE IF NECESSARY]

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. The parties have provided a written stipulation of facts as one of the exhibits in this case.

### L. Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witness would have said if the witness had been called.

## II. SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

### A. Summary of the Claims

This claims in this case that you are tasked with evaluating are claims that are brought by Planned Parenthood of Greater New York, who I will refer to as PPGNY against its former Chief Operating Officer, Samuel Ricarlos Mitchell, Jr., who I will refer to as Mitchell.

PPGNY brings two claims in this case in connection with Mitchell's employment with PPGNY: a breach of contract claim and a fraud claim. With respect to its breach of contract claim, PPGNY asserts that Mitchell breached his February 23, 2022 employment agreement with PPGNY by failing to establish residency in New York within the time required by that agreement. As for the fraud claim, PPGNY asserts that Mitchell committed fraud by making false statements or omissions concerning his employment history and professional background during the process that resulted in his employment as Interim Chief Operating Officer and, later, Chief Operating Officer. Mitchell disputes liability and damages and asserts defenses to the claims. The fact that PPGNY has brought these claims is not evidence that the claims are true. You must consider each claim separately and return a verdict on each.

### B. Breach of Contract Claim

The first claim is a breach of contract claim by PPGNY against Mitchell. The Court has already found that PPGNY had a contract with Mitchell that required Mitchell to establish residency in New York on or before May 31, 2022 through the lease or purchase of property in New York, and that Mitchell breached that provision of his contract.

### 1. Waiver

The first question that you must determine is whether PPGNY waived enforcement of that contractual requirement. That is an affirmative defense to a breach of contract claim for which Mitchell has the burden of proving by a preponderance of the evidence.

A waiver is the intentional relinquishment of a known right after knowledge of all of the relevant facts. Waiver of a contractual right occurs when the nonbreaching party manifests a clear intention to relinquish the right. In order to find that Mitchell is not liable for breach of contract, you must find that PPGNY clearly intended to give up its rights under the contract and that such a decision was made after PPGNY knew all of the relevant facts. If you conclude that PPGNY agreed to give up or to waive rights without knowing all the relevant facts, that waiver would not be binding on PPGNY, but neither could PPGNY claim any benefits that it might have gained through that waiver. Where a party to an agreement has actual knowledge of another party's breach and continues to perform under and accepts the benefits of the contract, such continuing performance constitutes a waiver of the breach.

If you find that Mitchell has proven by a preponderance of the evidence that PPGNY waived its right to enforce the residency provisions in its contract with Mitchell, then you will not answer any further questions related to the breach of contract claim. If you find that Mitchell has not proven by a preponderance of the evidence that PPGNY waived its right to enforce the residency provision of the contract, then you will proceed to determine PPGNY's contract damages, subject to the mitigation instruction that I will provide to you.

**2. Damages**

If you find that PPGNY did not waive its right to enforce the residency provision of its contract with Mitchell, you must next determine what damages, if any, to award PPGNY for Mitchell's breach.

The purpose of damages for breach of contract is to make the non-breaching party "whole," that is to place it in the same economic position that it would have been in had the other party performed its obligations under the contract. Contract damages are compensatory, not punitive. The nonbreaching party may recover those damages naturally arising from the breach of a contract.

PPGNY must establish by a preponderance of the evidence a stable foundation for a reasonable estimate of the damages incurred as a result of the breach and once it has done so, the burden of any uncertainty as to the amount of damages is on the breaching party. If you find that PPGNY did not prove its damages with reasonable certainty or did not suffer damages, you must award nominal damages in the amount of $1.00.

PPGNY does have a duty to use reasonable efforts to reduce or minimize its damages. This is called mitigating damages. But there's no requirement that PPGNY in doing that accept the risk of additional loss in an effort to reduce the damages. The burden of proof is on Mitchell to prove that any damages or loss to PPGNY attributable to a breach of contract by Mitchell should have been minimized by some reasonable effort on the part of PPGNY. If Mitchell proves by a preponderance of the evidence that PPGNY did not use reasonable efforts to mitigate its damages, you must reduce PPGNY's award by the amount of damages that PPGNY reasonably could have avoided. If Mitchell fails to prove either that reasonable mitigation

measures were available or the amount that those measures would have avoided, you should not reduce PPGNY's damages on this ground.

### C. Fraud Claims

PPGNY next asserts that Mitchell committed fraud in connection with his two employment applications to PPGNY. Specifically, PPGNCY asserts that Mitchell engaged in:

(1) material misrepresentations, omissions of facts, and intentional lies in his application for the Interim Chief Operating Officer position; and

(2) material misrepresentation, omissions, and intentional lies to PPGNY regarding his application for the full-time Chief Operating Officer position.

You must consider the two alleged instances of fraud separately. PPGNY must satisfy its burden as to each alleged instance for which it seeks a verdict.

To prevail, PPGNY must prove each of the following elements by clear and convincing evidence:

(1) Mitchell made a false representation of material fact or omitted a material fact that he had a duty to disclose;

(2) Mitchell knew that the representation was false or the omission made his disclosure materially misleading;

(3) Mitchell made the representation or omission with the intent to induce PPGNY to rely on it;

(4) PPGNY actually and reasonably relied on the representation or omission; and

(5) PPGNY suffered damages as a direct result of that reliance.

If PPGNY fails to prove any one of these elements by clear and convincing evidence, your verdict must be for Mitchell on each of the fraud claims. I will now give you some additional instructions regarding these elements.

**1. False Representations or Omissions**

A fraud claim may be based on a false representation or misrepresentation of a material fact. A representation is false if it states a fact that was untrue when it was made.

An omission may also support a claim of fraud if a person had a duty to disclose the information. A duty to disclose may arise when a person makes a partial or ambiguous statement that would be materially misleading without additional information, or when that person possesses superior knowledge not readily available to the other party and knows the other party is acting on mistaken knowledge.

**2. Materiality**

A factual statement or omitted fact is material if a reasonable person in PPGNY's position would have considered it important in deciding whether to hire Mitchell or give him a particular position, or if Mitchell knew or had reason to know that PPGNY was likely to regard it as important in making that decision.

**3. Intent**

PPGNY must prove by clear and convincing evidence that Mitchell made the representation or omission with the intent to induce PPGNY to rely on it. Intent concerns a person's state of mind and may be proven by circumstantial evidence. Intent may be shown if you find that Mitchell made an intentional or reckless misrepresentations or omission of material fact with the intent that PPGNY rely on that statement or omission. "Recklessly" means wantonly, with indifference to consequences. If a person makes a representation without knowing whether

it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he may be found to have made the representation recklessly.

**4. Actual and Reasonable Reliance**

PPGNY must also prove by clear and convincing evidence that it actually relied on the challenged representations or omissions and that such reliance was reasonable.

Actual reliance means that the representation or omission was a substantial factor in PPGNY's decision to hire Mitchell as Interim Chief Operating Officer, to hire him as permanent Chief Operating Officer, or both. PPGNY itself, acting through the persons who made the relevant hiring decision, must have actually relied on the representation or omission.

In assessing the reasonableness of reliance, you must consider the entire context of the transaction or interaction, including its complexity and magnitude, the sophistication of the parties, the relationship between the parties, the information available to the parties, and the content of any communications or agreements between them.

**5. Damages Caused by the Reliance**

PPGNY must also prove that its reasonable reliance on the alleged fraudulent representations or omissions directly caused it actual pecuniary loss. In other words, you must prove a causal connection between the proven fraud and the particular loss claimed. Unlike other claims, fraud requires proof of an actual injury caused by reasonable reliance. If you find that PPGNY has not proven actual pecuniary loss directly caused by its reasonable reliance on a fraudulent representation or omission, you must find in favor of Mitchell on the fraud claim you are considering.

If you find that PPGNY has proven actual pecuniary loss directly caused by its reasonable reliance on a fraudulent representation or omission, you may award compensatory damages. While

damages need not be proven with mathematical precision, you should not base your damages award, if any, on speculation.

**D. Punitive Damages**

You may also, but are not required to, award punitive damages if you find that Mitchell is liable for fraud. In addition to actual or compensatory damages, a jury may, under certain circumstances, award an injured person punitive and exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find by clear and convincing evidence that PPGNY is entitled to actual or compensatory damages, and you further find that Mitchell's act or omission proximately causing actual injury or damage to PPGNY was maliciously, wantonly, or oppressively done, then you may award punitive damages in such amount as you unanimously agree is proper.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

You should bear in mind, not only the conditions under which and the purposes for which the law permits an award of punitive and exemplary damages to be made, but also the requirement

of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case.

## III. DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. I will now give you a few final instructions on those deliberations.

### A. Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson. Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory. You are free to select any member as your foreperson. The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B. No Electronic Communications

All cellphones or any other personal electronic devices should be turned off while you are engaged in deliberations. You may not use these electronic means to investigate, research, or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate, and your decision may be based only on the evidence, or lack of evidence, presented in Court.

**C. Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you. If you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

**D. Notes**

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**E. Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case. You are not to discuss the case unless and until all jurors are present. A majority of jurors together is only a gathering of individuals. Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until it is presented in open court.

### F. Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed. Remember, all answers must be unanimous.

### G. Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form and sign and date it. Your foreperson will then advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV. CONCLUSION

In conclusion, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here. Thank you for your time and attentiveness.

**Court Exhibit 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLANNED PARENTHOOD OF GREATER NEW YORK, INC.,

Plaintiff,

-against-

SAMUEL RICARLOS MITCHELL, JR.,

Defendant.

Case No. 1:23-cv-01932 (JLR)

JENNIFER L. ROCHON, United States District Judge:

# JURY INSTRUCTIONS

## TABLE OF CONTENTS


I. GENERAL INSTRUCTIONS ........ 1
- A. Introductory Remarks ........ 1
- B. Role of the Court ........ 1
- C. Role of the Jury ........ 2
- D. Role of Counsel ........ 2
- E. Sympathy or Bias ........ 3
- F. Burden of Proof ........ 4
- G. What Is and Is Not Evidence ........ 5
- H. Direct and Circumstantial Evidence ........ 6
- I. Witness Credibility ........ 8
- J. Prior Inconsistent Statement ........ 9
- K. Stipulations ........ 10
- L. Available Evidence ........ 10

II. SUBSTANTIVE INSTRUCTIONS ........ 11
- A. Summary of the Claims ........ 11
- B. Breach of Contract Claim ........ 11
  - 1. Waiver ........ 12
  - 2. Damages ........ 13
- C. Fraud Claims ........ 14
  - 1. False Representations or Omissions ........ 15
  - 2. Materiality ........ 15
  - 3. Intent ........ 15
  - 4. Reasonable Reliance ........ 16
  - 5. Damages Caused by the Reliance ........ 16
- D. Punitive Damages ........ 17

III. DELIBERATIONS OF THE JURY ........ 18
- A. Selection and Duties of Foreperson ........ 18
- B. No Electronic Communications ........ 18
- C. Right to See Exhibits and Hear Testimony; Communication with the Court ........ 19
- D. Notes ........ 19
- E. Duty to Deliberate; Unanimous Verdict ........ 19
- F. Verdict Form ........ 21
- G. Return of Verdict ........ 21

IV. CONCLUSION .......... 21

# I. GENERAL INSTRUCTIONS

## A. Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case. You have been handed a copy of the instructions I will read. You should feel free to read along or to just listen to me. You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive. It is important, however, that you listen carefully and concentrate. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So, when I tell you the law, it's critical that I use exactly the right words. Therefore, I may not be able to engage in as much eye contact as I would otherwise like. But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. Most of these instructions would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedures and deliberations.

## B. Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them. With respect to

legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be. You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

**C. Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You evaluate the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law. Do not speculate on matters not in evidence or outside of the case.

**D. Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case. If I have told you not to consider testimony that has been presented, you may not consider that testimony.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These sidebar conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

**E. Sympathy or Bias**

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence, or the lack of evidence, presented at this trial.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, or disability of any party, witness, or lawyer. It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. All parties, including persons and organizations, are entitled to the same fair trial by you. They stand equal before the law, and are to be dealt with as equals in this Court.

**F. Burden of Proof**

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue. As this is a civil case, the standard of proof is a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element

at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proven by a preponderance of the evidence.

As I will instruct you further later, there are some claims in this case that require a higher burden of proof than a preponderance of the evidence. All elements of a fraud claim must be proven by "clear and convincing evidence." "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt." As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

**G. What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection. Some exhibits have redactions on them, or places where the text has been blocked out. You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence. It is the witnesses' answers to those questions or the exhibits themselves that are evidence. Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

### H. Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, that was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence. Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence. Once side asks you to draw one set of inferences. The other side asks you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point: when you are determining issues of fact, you are weighing the evidence. You determine whether evidence should be given no weight, some weight, or a lot of

weight. The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

**I. Witness Credibility**

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful. Often it is not what a person says but how he or she says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony. You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties. Such bias or interest in the outcome creates a motive to testify falsely. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony that you find credible or that you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

**J. Prior Inconsistent Statement**

You have heard evidence that certain witnesses may have made statements on earlier occasions that counsel argue are inconsistent with their trial testimony. If you find that a witness

made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**K. Stipulations**

A stipulation of facts is an agreement among the parties that a certain fact is true. The parties have provided a written stipulation of facts as one of the exhibits in this case. You must regard such agreed facts as true.

**L. Available Evidence**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witness would have said if the witness had been called.

## II. SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

### A. Summary of the Claims

The claims in this case that you are tasked with evaluating are claims that are brought by Planned Parenthood of Greater New York, who I will refer to as PPGNY against its former Chief Operating Officer, Samuel Ricarlos Mitchell, Jr., who I will refer to as Mitchell.

PPGNY brings two claims in this case in connection with Mitchell's employment with PPGNY: a breach of contract claim and a fraud claim. With respect to its breach of contract claim, PPGNY asserts that Mitchell breached his February 23, 2022 employment agreement with PPGNY by failing to establish residency in New York within the time required by that agreement. As for the fraud claim, PPGNY asserts that Mitchell committed fraud by making false statements or omissions concerning his employment history and professional background during the process that resulted in his employment as Interim Chief Operating Officer and, later, Chief Operating Officer. Mitchell disputes liability and damages and asserts defenses to the claims. The fact that PPGNY has brought these claims is not evidence that the claims are true. You must consider each claim separately and return a verdict on each.

### B. Breach of Contract Claim

The first claim is a breach of contract claim by PPGNY against Mitchell. The Court has already found that PPGNY had a contract with Mitchell that required Mitchell to establish residency in New York on or before May 31, 2022 through the lease or purchase of property in New York, and that Mitchell breached that provision of his contract.

### 1. Waiver

The first question that you must determine is whether PPGNY waived enforcement of that contractual requirement. That is an affirmative defense to a breach of contract claim for which Mitchell has the burden of proving by a preponderance of the evidence.

A waiver is the intentional relinquishment of a known right after knowledge of all of the relevant facts. Waiver of a contractual right occurs when the nonbreaching party manifests a clear intention to relinquish the right. In order to find that Mitchell is not liable for breach of contract, you must find that PPGNY clearly intended to give up its rights under the contract and that such a decision was made after PPGNY knew all of the relevant facts. If you conclude that PPGNY agreed to give up or to waive rights without knowing all the relevant facts, that waiver would not be binding on PPGNY, but neither could PPGNY claim any benefits that it might have gained through that waiver. Where a party to an agreement has actual knowledge of another party's breach and continues to perform under and accepts the benefits of the contract, such continuing performance constitutes a waiver of the breach.

If you find that Mitchell has proven by a preponderance of the evidence that PPGNY waived its right to enforce the residency provisions in its contract with Mitchell, then you will not answer any further questions related to the breach of contract claim. If you find that Mitchell has not proven by a preponderance of the evidence that PPGNY waived its right to enforce the residency provision of the contract, then you will proceed to determine PPGNY's contract damages, subject to the mitigation instruction that I will provide to you.

**2. Damages**

If you find that PPGNY did not waive its right to enforce the residency provision of its contract with Mitchell, you must next determine what damages, if any, to award PPGNY for Mitchell's breach.

The purpose of damages for breach of contract is to make the non-breaching party "whole," that is to place it in the same economic position that it would have been in had the other party performed its obligations under the contract. Contract damages are compensatory, not punitive. The nonbreaching party may recover those damages naturally arising from the breach of a contract.

PPGNY must establish by a preponderance of the evidence a stable foundation for a reasonable estimate of the damages incurred as a result of the breach and once it has done so, the burden of any uncertainty as to the amount of damages is on the breaching party. If you find that PPGNY did not prove its damages with reasonable certainty or did not suffer damages, you must award nominal damages in the amount of $1.00.

PPGNY does have a duty to use reasonable efforts to reduce or minimize its damages. This is called mitigating damages. But there's no requirement that PPGNY in doing that accept the risk of additional loss in an effort to reduce the damages. The burden of proof is on Mitchell to prove that any damages or loss to PPGNY attributable to a breach of contract by Mitchell should have been minimized by some reasonable effort on the part of PPGNY. If Mitchell proves by a preponderance of the evidence that PPGNY did not use reasonable efforts to mitigate its damages, you must reduce PPGNY's award by the amount of damages that PPGNY reasonably could have avoided. If Mitchell fails to prove either that reasonable mitigation

measures were available or the amount that those measures would have avoided, you should not reduce PPGNY's damages on this ground.

**C. Fraud Claims**

PPGNY next asserts that Mitchell committed fraud in connection with his two employment applications to PPGNY. Specifically, PPGNY asserts that Mitchell engaged in:

(1) material misrepresentations, omissions of facts, and intentional lies in his application for the Interim Chief Operating Officer position; and

(2) material misrepresentation, omissions, and intentional lies to PPGNY regarding his application for the full-time Chief Operating Officer position.

You must consider the two alleged instances of fraud separately. PPGNY must satisfy its burden as to each alleged instance for which it seeks a verdict.

To prevail, PPGNY must prove each of the following elements by clear and convincing evidence:

(1) Mitchell made a false representation of material fact or omitted a material fact that he had a duty to disclose;

(2) Mitchell knew that the representation was false or the omission made his disclosure materially misleading;

(3) Mitchell made the representation or omission with the intent to induce PPGNY to rely on it;

(4) PPGNY reasonably relied on the representation or omission; and

(5) PPGNY suffered damages as a direct result of that reliance.

If PPGNY fails to prove any one of these elements by clear and convincing evidence, your verdict must be for Mitchell on each of the fraud claims. I will now give you some additional instructions regarding these elements.

**1. False Representations or Omissions**

A fraud claim may be based on a false representation or misrepresentation of a material fact. A representation is false if it states a fact that was untrue when it was made.

An omission may also support a claim of fraud if a person had a duty to disclose the information. A duty to disclose may arise when a person makes a partial or ambiguous statement that would be materially misleading without additional information, or when that person possesses superior knowledge not readily available to the other party and knows the other party is acting on mistaken knowledge.

**2. Materiality**

A factual statement or omitted fact is material if a reasonable person in PPGNY's position would have considered it important in deciding whether to hire Mitchell or give him a particular position, or if Mitchell knew or had reason to know that PPGNY was likely to regard it as important in making that decision.

**3. Intent**

PPGNY must prove by clear and convincing evidence that Mitchell made the representation or omission with the intent to induce PPGNY to rely on it. Intent concerns a person's state of mind and may be proven by circumstantial evidence. Intent may be shown if you find that Mitchell made an intentional or reckless misrepresentations or omission of material fact with the intent that PPGNY rely on that statement or omission. "Recklessly" means wantonly, with indifference to consequences. If a person makes a representation without knowing whether

it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he may be found to have made the representation recklessly.

**4. Reasonable Reliance**

PPGNY must also prove by clear and convincing evidence that its reliance on the challenged representations or omissions was reasonable.

In assessing the reasonableness of reliance, you must consider the entire context of the transaction or interaction, including its complexity and magnitude, the sophistication of the parties, the relationship between the parties, the information available to the parties, and the content of any communications or agreements between them.

**5. Damages Caused by the Reliance**

PPGNY must also prove that its reasonable reliance on the alleged fraudulent representations or omissions directly caused it actual pecuniary loss. In other words, PPGNY must prove a causal connection between the proven fraud and the particular loss claimed. Unlike other claims, fraud requires proof of an actual injury caused by reasonable reliance. If you find that PPGNY has not proven actual pecuniary loss directly caused by its reasonable reliance on a fraudulent representation or omission, you must find in favor of Mitchell on the fraud claim you are considering.

If you find that PPGNY has proven actual pecuniary loss directly caused by its reasonable reliance on a fraudulent representation or omission, you may award compensatory damages. While damages need not be proven with mathematical precision, you should not base your damages award, if any, on speculation.

**D. Punitive Damages**

You may also, but are not required to, award punitive damages if you find that Mitchell is liable for fraud. In addition to actual or compensatory damages, a jury may, under certain circumstances, award an injured person punitive and exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find by clear and convincing evidence that PPGNY is entitled to actual or compensatory damages, and you further find that Mitchell's act or omission proximately causing actual injury or damage to PPGNY was maliciously, wantonly, or oppressively done, then you may award punitive damages in such amount as you unanimously agree is proper.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

You should bear in mind, not only the conditions under which and the purposes for which the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm

discretion and sound reason, and must never be either awarded, or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case.

## III. DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. I will now give you a few final instructions on those deliberations.

### A. Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson. Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory. You are free to select any member as your foreperson. The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B. No Electronic Communications

All cellphones or any other personal electronic devices should be turned off while you are engaged in deliberations. You may not use these electronic means to investigate, research, or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate, and your decision may be based only on the evidence, or lack of evidence, presented in Court.

**C. Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you. If you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

**D. Notes**

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**E. Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case. You are not to discuss the case unless and until all jurors are present. A majority of jurors together is only a gathering of individuals. Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until it is presented in open court.

### F. Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed. Remember, all answers must be unanimous.

### G. Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form and sign and date it. Your foreperson will then advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV. CONCLUSION

In conclusion, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here. Thank you for your time and attentiveness.

**23-cv-01932-JLR Planned Parenthood of Greater New York, Inc. v. Samuel Ricarlos Mitchell, Jr.**

EXHIBIT
8
11/19/26
PENGAD-Bayonne, N.J.

**Date:** 11/19/2026
**Time:** 12:58pm
**Signature of Foreperson:** [signature]

We need a breakdown of damages given by plaintiff during closing statements.

PENGAD-Bayonne, N. J.
EXHIBIT
9
11/19/26

# PPGNY Damages caused by Samuel Mitchell

DAMAGES ANALYSIS

### Breach of Contract

Mint House stay, 3 months

### Fraud Harm I

Securing the interim COO position

### Fraud Harm II

Securing the full-time COO position

### Total Damages

### PPGNY Resources

Investigation costs

### Punitive Damages

As determined by the jury

PRIVILEGED & CONFIDENTIAL | ATTORNEY WORK PRODUCT

# PPGNY Damages Analysis

**DAMAGES SUMMARY**

### Breach of Contract
Mint House stay, 3 months

### Fraud Harm I
Securing the interim COO position

### Fraud Harm II
Securing the full-time COO position

### Total Damages

### PPGNY Resources
Investigation costs

### Punitive Damages
As determined by the jury

# Breach of Contract

Mint House stay, 3 months

**$16,080.00**

Mint House stay — $16,080.00

$16,080.00 principal

$16,080.00 or a greater amount, as decided by the jury.

PRIVILEGED & CONFIDENTIAL | ATTORNEY WORK PRODUCT

# PPGNY Damages Analysis

## DAMAGES SUMMARY

### Breach of Contract
Mint House stay, 3 months

### Fraud Harm I
Securing the interim COO position

### Fraud Harm II
Securing the full-time COO position

### Total Damages

### PPGNY Resources
Investigation costs

### Punitive Damages
As determined by the jury

# Fraud Harm I

Initial Fraud in Securing the Interim COO Position

**$39,468.04**

| | |
|---|---|
| Car Rental<br>$2,422.57 principal | $2,422.57 |
| Mint House<br>$26,214.32 principal | $26,214.32 |
| Airfare<br>$451.28 principal | $451.28 |
| Uber<br>$379.87 principal | $379.87 |
| Miscellaneous out-of-pocket expenses<br>Flat amount | $10,000.00 |
| **Fraud Harm I subtotal** | **$39,468.04** |

Each item: the amount shown, or a greater amount as decided by the jury.

PRIVILEGED & CONFIDENTIAL | ATTORNEY WORK PRODUCT

# PPGNY Damages Analysis

## DAMAGES SUMMARY

**Breach of Contract**
Mint House stay, 3 months

**Fraud Harm I**
Securing the interim COO position

**Fraud Harm II**
Securing the full-time COO position

**Total Damages**

**PPGNY Resources**
Investigation costs

**Punitive Damages**
As determined by the jury

# Fraud Harm II

Subsequent Fraud in Securing the Full-Time COO Position

**$135,000.00**

| | |
|---|---|
| Signing Bonus<br>$30,000.00 principal | $30,000.00 |
| Salary Increase<br>$95,000.00 principal | $95,000.00 |
| Miscellaneous out-of-pocket expenses<br>Flat amount | $10,000.00 |
| **Fraud Harm II subtotal** | **$135,000.00** |

Each item: the amount shown, or a greater amount as decided by the jury.

# PPGNY Damages Analysis

**DAMAGES SUMMARY**

### Breach of Contract
Mint House stay, 3 months

### Fraud Harm I
Securing the interim COO position

### Fraud Harm II
Securing the full-time COO position

### Total Damages

### PPGNY Resources
Investigation costs

### Punitive Damages
As determined by the jury

# PPGNY Resources

Investigation costs

**$44,750.00**

| | |
|---|---|
| Joy Calloway<br>3 weeks, $420,000/yr, $8,400/week | $25,200.00 |
| Samuel Mitchell<br>3 weeks, 15 days, $1,170/day | $17,550.00 |
| Lisa Williams<br>1 week, $100,000/yr | $2,000.00 |
| **PPGNY Resources subtotal** | **$44,750.00** |

Each item: the amount shown, or a greater amount as decided by the jury.

# PPGNY Damages Analysis

**DAMAGES SUMMARY**

### Breach of Contract
Mint House stay, 3 months

### Fraud Harm I
Securing the interim COO position

### Fraud Harm II
Securing the full-time COO position

### PPGNY Resources
Investigation costs

### Punitive Damages
As determined by the jury

### Total Damages

PRIVILEGED & CONFIDENTIAL | ATTORNEY WORK PRODUCT

# Punitive Damages

As determined by the jury



PRIVILEGED & CONFIDENTIAL | ATTORNEY WORK PRODUCT

# PPGNY Damages Analysis

**DAMAGES SUMMARY**

### Breach of Contract
Mint House stay, 3 months

### Fraud Harm I
Securing the interim COO position

### Fraud Harm II
Securing the full-time COO position

### PPGNY Resources
Investigation costs

### Punitive Damages
As determined by the jury

### Total Damages

PRIVILEGED & CONFIDENTIAL | ATTORNEY WORK PRODUCT

# Total Damages

**$235,298.04**

| | |
|---|---|
| Breach of Contract<br>Mint House stay, 3 months | $16,080.00 |
| Fraud Harm I<br>Initial Fraud in Securing the Interim COO Position | $39,468.04 |
| Fraud Harm II<br>Subsequent Fraud in Securing the Full-Time COO Position | $135,000.00 |
| PPGNY Resources<br>Investigation costs | $44,750.00 |
| Punitive Damages<br>As determined by the jury | |
| **Total** | **$235,298.04 +** |

$235,298.04, or a greater amount as decided by the jury, and exclusive of post-judgment interest, punitive damages, exemplary damages, or other damages as awarded by the jury. Upon a successful verdict, PPGNY will apply for attorney fees.

PRIVILEGED & CONFIDENTIAL | ATTORNEY WORK PRODUCT

**23-cv-01932-JLR Planned Parenthood of Greater New York, Inc. v. Samuel Ricarlos Mitchell, Jr.**

EXHIBIT
10
11/19/26

PENGAD-Bayonne, N. J.

**Date:** 11/19/2026
**Time:** 2:39pm
**Signature of Foreperson:** [signature]

The jury is ready with the verdict

EXHIBIT
PENGAD-Bayonne, NJ
Court Exhibit 5
11
11/19/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLANNED PARENTHOOD OF GREATER NEW YORK, INC.,

Plaintiff,

-against-

SAMUEL RICARLOS MITCHELL, JR.,

Defendant.

Case No. 1:23-cv-01932 (JLR)

JENNIFER L. ROCHON, United States District Judge:

**VERDICT FORM**

**Court Exhibit 5**

**<u>All Jurors must agree unanimously to the answers to each question.</u>**

**Question 1: Mitchell's Affirmative Defense of Waiver to Breach of Contract Claim**

Has Mitchell proven that PPGNY waived its right to enforce the residency requirement in the February 23, 2022 Employment Agreement that was breached by Mitchell?

Yes ______________ No ✓

*If you answered YES to Question 1, proceed directly to Question 3 and do not answer any part of Question 2.*
*If you answered NO to Question 1, proceed to Question 2.*

**Question 2: Damages for PPGNY's Breach of Contract Claim**

2(a) What amount of damages did PPGNY prove that it suffered as a result of Mitchell's breach of the residency requirement in the February 23, 2022 Employment Agreement?

$ 1.00

2(b) Has Mitchell proven both (i) that PPGNY unreasonably failed to take reasonable steps to mitigate its damages and (ii) that reasonable efforts would have reduced those damages?

Yes ______________ No ✓

*If you answered YES to this question, proceed to Question 2(c).*
*If you answered NO to this question, the amount set forth in Question 2(a) is the total amount of contract damages you are awarding, and you should skip Questions 2(c) and 2(d) and proceed directly to Question 3.*

2(c) If you answered YES to Question 2(b), what amount of damages stated in Question 2(a) has Mitchell proven that PPGNY reasonably could have avoided?

$ ______________________

2(d) Subtract the amount in 2(c) from the amount in 2(a) and this is the total amount of contract damages you are awarding:

$ ______________________

**Question 3: PPGNY's Fraud Claim with Respect to Interim Chief Operating Officer Position**

Has PPGNY proved by clear and convincing evidence all elements of its fraud claim against Mitchell with respect to Mitchell's application for the Interim Chief Operating Officer Position?

Yes ✓ No __________

If YES, state the amount of actual compensatory damages PPGNY sustained as a result of Mitchell's fraud in connection with his application for the Interim Chief Operating Officer Position:

$ 29,468.04

*If NO, proceed to Question 4.*

**Question 4: PPGNY's Fraud Claim with Respect to Full-Time Chief Operating Officer Position**

Has PPGNY proved by clear and convincing evidence all elements of its fraud claim against Mitchell with respect to Mitchell's application for the Full-Time Chief Operating Officer Position?

Yes ✓ No __________

If YES, state the amount of actual compensatory damages PPGNY sustained as a result of Mitchell's fraud in connection with his application for the Full-Time Chief Operating Officer Position:

$ 154,831

**ONLY ANSWER QUESTION 5 IF YOU ANSWERED YES AND AWARDED ACTUAL DAMAGES IN QUESTION 3 OR QUESTION 4.**

**Question 5: Punitive Damages**

Has PPGNY proved its entitlement to punitive damages based on either of its fraud claims against Mitchell?

Yes ✓ No __________

If yes, in what amount? $ 65,000

**You have completed all questions. Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson, please sign and date the verdict sheet if it represents the unanimous verdict of all jurors. Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

________________________
Foreperson

Dated: 11/19/2026